IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
IN ADMIRALTY

| | | |
|---|---|---|
| ODYSSEY MARINE EXPLORATION, INC. | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | Case No: 8:07-CV-00614-SDM-MAP |
| | : | |
| THE UNIDENTIFIED, SHIPWRECKED VESSEL, if any, its apparel, tackle, appurtenances and cargo located within a five mile radius of the center point coordinates provided to the Court under seal, | : | |
| Defendant; *in rem* | : | |
| and | : | |
| The Kingdom of Spain, | : | |
| Claimant. | : | |

**Note: This Proposed Order Is Prepared For
Cases 8:07-CV-00614-SDM-MAP, 8:07-CV-00616-SDM-MAP,
and 8:06-CV-1685-SDM-MAP**

**PROTECTIVE ORDER GOVERNING
DISCLOSURE OF CERTAIN INFORMATION**

　　This ORDER is an identical filing being made in cases 8:07-CV-00614-SDM-MAP, 8:07-CV-00616-SDM-MAP, and 8:06-CV-1685-SDM-MAP.

　　WHEREAS, this case involves, inter alia, in rem claims by Plaintiff Odyssey Marine Exploration, Inc. ("Odyssey") against a Defendant Unidentified Shipwrecked

Vessel, if any, ("Defendant Site") in opposition to which Claimant Kingdom of Spain ("Spain") has filed a Verified Claim.

WHEREAS, an Order defining documents for which the parties may claim confidentiality and procedures for such materials may facilitate the conduct of this case;

IT IS HEREBY ORDERED that the following provisions shall govern claims of confidentiality of the documents or objections to production:

1) The exact location(s) of the Defendant Site, in Cases 8:07-CV-00614-SDM-MAP, 8:07-CV-00616-SDM-MAP, and 8:06-CV-1685-SDM-MAP, shall be provided in a separate document for each case filed under seal with the Court and be served on counsel for Claimant Spain within 10 days of this Order. The exact location information contained therein shall be deemed confidential and subject to the provisions governing such information as provided hereafter, except to the extent that such information has been disclosed by Odyssey to any non party without such information being subject to a confidentiality agreement or has become publicly known from other sources. Any information regarding the location of the Defendant Site beyond the location as described in the Amended Complaint or that which has been made public otherwise, must be kept confidential by any party, Claimant or any other individual who has access to the information pursuant to this Order.

2) For Rule 26(a) disclosures and such other disclosures or discovery as may occur from the date of this Order, only documents containing trade secrets, special formulas, proprietary research and/or technology, company security matters, financial data, projected sales data, production data, matters relating to mergers and acquisitions, and data which touch upon the topic of price may be designated as confidential, provided

such documents have not previously been disclosed by the producing party to anyone except persons in its employment or persons retained by it who are subject to a confidentiality agreement with respect to such information. Such documents or the parts thereof that contain the information for which confidentiality is claimed, as provided hereafter, may be so designated after review by counsel for the producing party by stamping the word **<u>confidential</u>** on each page.

3) Review of confidential documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

4) The inadvertent, unintentional or <u>in camera</u> disclosure of a confidential document or confidential information therein shall not generally be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

5) If any party believes a document not described above should nevertheless be considered confidential, it may make application to the court. Such application shall only be granted for reasons shown and for extraordinary grounds.

6) Documents relating to artifacts or other objects recovered from the Defendant Site shall not constitute confidential information except to the extent specific information in a document discloses proprietary research and/or technology of Plaintiff or other confidential information described in Paragraph 2. To the extent practicable, such information shall be redacted from the non-confidential version of the document and provided in a confidential unredacted copy.

7) Documents designated confidential shall be shown only to the attorneys, the parties, parties' experts, actual or proposed witnesses, and other persons whom the

attorneys deem necessary to review the documents for the purpose of claims relating to the Defendant Site that are the subject of Cases 8:07-CV-00614-SDM-MAP, 8:07-CV-00616-SDM-MAP, and 8:06-CV-1685-SDM-MAP, including any claim by or on behalf of any other Claimant who agrees to be bound by the terms of this Order. Each person who is permitted to see confidential documents shall first be shown a copy of this Order (as also rendered into Spanish, in a translation agreed to by the parties) and shall further be advised of the obligation to honor the confidentiality designation. The parties agree that any discovery material produced in this litigation may be used only for purposes of this litigation or on behalf of any other Claimant who agrees to be bound by the terms of this order. (See paragraph 11 below).

8) If a party believes that a document or information designated or sought to be designated confidential by the producing party does not warrant such designation, or should otherwise not be subject to the provisions of this Order, the party shall first make a good-faith effort to resolve such a dispute with opposing counsel. In the event that such a dispute cannot be resolved by the parties, any party may apply to the court for a determination as to whether the designation is appropriate. The burden rests on the party seeking confidentiality to demonstrate that such designation is proper.

9) At the time of any deposition or within 10 days after receipt of the deposition transcript, a party may designate as confidential specific portions of the transcript which it claims contain confidential matters under the standards set forth in this Order. This designation shall be in writing and served upon all counsel. No objection shall be interposed at deposition that an answer would elicit confidential information. Transcripts will be treated as confidential for this 10-day period. Any portions of a transcript

4

designated confidential shall thereafter be treated as confidential in accordance with this Order. In filing materials with the court in pretrial proceedings, counsel shall file under seal only those specific documents and that deposition testimony designated confidential, and only those specific portions of briefs, applications, and other filings that contain verbatim confidential data, or that set forth the substance of such confidential information.

10) In any application to the court permitted by this order, the court may exercise discretion in determining whether the prevailing party in such a dispute may recover the costs incurred by it and, if so, the amount to be awarded as well as such any other relief sanctions if any, as the court may deem determine to be appropriate. including damages and/or dismissal of a claim.

11) For purposes of clarification, Claimant Spain, is the national government of the Kingdom of Spain and the term "parties" as used in Paragraph 7 for purposes of this Order consists of the Spanish Ministry of Justice, the Ministry of Culture, the Ministry of Foreign Affairs and Cooperation, the Navy and the Department of Customs and Special Taxes. It is agreed and acknowledged by the parties that each Ministry or Department which shall have access to confidential information shall be identified by legal office. Furthermore, each **individual** who is granted access to confidential information hereunder shall sign a statement approved by the parties indicating that they have been shown a copy of this order and that they agree to be bound by the terms herein. It shall be the responsibility of Counsel for Spain to keep a record identifying all confidential documents and information which have been disclosed as well as a record identifying persons to whom confidential documents and information have been disclosed, and to

produce to the Court upon request by the Plaintiff or by the Court an updated copy of this record. Such record may be kept under seal by the Court, but in the event of a breach of this Order, may be unsealed and disclosed to the Plaintiff to determine the origin of the breach.

12. Nothing herein shall constitute a waiver of or otherwise impair or affect any claim or defense of any party.

DONE AND ORDERED this ___ day of January, 2008.

_____
UNITED STATES DISTRICT JUDGE