IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
IN ADMIRALTY

| | |
|---|---|
| ODYSSEY MARINE EXPLORATION, INC. : : Plaintiff, : : v. : : THE UNDERWATER SITE AND RELATED : UNIDENTIFIED SHIPWRECK, if any, : its apparel, tackle appurtenances, : and cargo located within a five mile radius : of the center point coordinates provided : to the Court under seal, : : Defendant. : *in rem* : : and : : The Kingdom of Spain, : : Claimant. : _____/ : | CIVIL ACTION Case No: 8:07-CV-00614-SDM-MAP |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF**
**THE MOTION FOR ENTRY OF A PROTECTIVE ORDER**

Plaintiff, Odyssey Marine Exploration, Inc. ("Odyssey"), by its undersigned counsel, respectfully submits this memorandum of law in support of its Motion for Entry of a Protective Order.

I.　BACKGROUND

　　A.　The Parties

1

Odyssey is a Nevada corporation with its principal place of business at 5215 West Laurel St., Tampa, Florida 33607. Odyssey is engaged in the business of deep ocean exploration and the recovery of shipwrecks around the world.

The Defendant Site is at a depth of approximately 1100 meters, beyond the territorial waters or contiguous zone of any sovereign nation, approximately 100 miles west of the Straits of Gibraltar. The center point coordinates of the area in which the site is located have been provided to the Court under seal. Evidence at the site indicates that efforts, if any, by any previous owner to salvage the site and/or its cargo have been long since abandoned.

Claimant and Defendant herein, Spain, filed a Verified Claim on May 31, 2007, (Dkt. 13) stating in part that "the Kingdom of Spain has not abandoned its ownership rights and other rights in sunken vessels of the Kingdom of Spain, in vessels sunk while in the service of the Kingdom of Spain, and in cargo or other property of the Kingdom of Spain on or in sunken vessels."

B. History

On November 26, 2007, this Court held a Preliminary Pretrial Conference which directed the parties to discuss the matter of a Protective Order and try to resolve this issue themselves. (Transcript page 37) This Court also suggested the use of sample form 40.27 Confidentiality Order from the Guide to Complex Litigation in structuring a Protective Order.

C. The General Location of Defendant Site

The factual basis for Odyssey's request for a Protective Order is a concern that any information relative to the location of the Defendant Site could be used to locate, plunder,

and/or destroy the Defendant Site. The security of the wreck sites was even said to be the primary concern by this Court at the November Pretrial Conference. (Transcript page 61) These concerns are also elaborated in the Affidavit of Gregory P. Stemm, the Chief Executive Officer (CEO) and Cofounder of Odyssey (filed herewith under seal). This Affidavit is being filed under seal because of the confidential nature of the information regarding Odyssey's proprietary research methods contained therein.

D. Proprietary Research

The proprietary research of Odyssey reflects the labors of dozens of its employees and consultants as well as substantial research and investigation into the Defendant Site and the artifacts from the Defendant Site. This research also contains very sensitive and proprietary information (handled as trade secrets by Odyssey) about Odyssey's sources and methods in conducting shipwreck exploration, archaeological excavation, as well as artifact curation and conservation. Odyssey's research and expertise used in the process of identifying, recovering, and conserving any wreck or wreck site greatly adds to the value of items ultimately recovered.

E. Artifacts from the Defendant Site

The factual basis for Odyssey's request for a Protective Order is a concern that any information about the artifact recovered or viewed at the Defendant Site could be used to locate, plunder, and/or destroy the Defendant Site. The release of artifact information would give rise to looters and plunderers who would side-step the applications of the law and rob the Defendant Site of the possibility of archaeological and historical preservation by destroying significant items and privately selling salvaged artifacts.

II. **LEGAL ANALYSIS**

The Courts have long understood that, in salvage cases, especially those involving sunken wrecks, secrecy is often of the utmost importance. See *Treasure Salvors, Inc. v. Unidentified Wrecked and Abandoned Sailing*, 546 F.Supp. 919 (S.D. Fla. 1981); *Columbus America Discovery Group v. Atlantic Mutual Insurance Company, et. al.*, 203 F.3d 291, 303 (4th Cir. 2000). This Court should exercise its discretion and grant a protective order guaranteeing the security of the Defendant Site. This Court has already recognized the unique nature of this maritime salvage action and granted Plaintiff's motion for protective order in sealing the exact location of the current unidentified shipwreck (Dkt. 2, 4).

To determine whether the moving party has shown good cause, this Court is required to balance the interests of those requesting the order with other competing rights to the disclosure of the material. See *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304 (11th Cir. 2001). In addition to the good cause shown for sealing the coordinates of the wreck, good cause also exists to protect any information relative to the general location of the Defendant Site due to the relatively short time it would take to locate, plunder, and/or destroy the Defendant Site. As detailed above and in the Affidavit of Gregory P. Stemm (filed herewith under seal), given even a general location of the Defendant Site, with the proper resources, an experienced party could find and destroy the site with relative ease.

The Defendant Site is an active historical site and the protection of the wreck's location for both archaeological and salvage purposes is essential to all parties involved. Other Courts have acknowledged the risks that could come from public disclosure of a Defendant shipwreck's location. See *Great Lakes Exploration Group LLC v. The*

*Unidentified Wrecked and Abandoned Sailing Vessel,* 2006 U.S. Dist. LEXIS 84093 (W.D. Mich., Nov. 20, 2006); *Great Lakes Exploration Group LLC v. The Unidentified Wrecked and Abandoned Sailing Vessel,* 2006 U.S. Dist. LEXIS 58616 (W.D. Mich., Aug. 21, 2006). A protective order eliminates the risks that could come from public disclosure and also protects the interests of all parties involved. *Id. at 19.* This matter is no different. The Court should exercise its discretion and grant a protective order.

For the foregoing reasons, Plaintiff submits that it has demonstrated that good cause exists to grant Odyssey's Motion for Protective Order. Furthermore, Plaintiff submits that Odyssey's interests and the interests of all parties involved in keeping the general location of Defendant Site, the extensive proprietary research conducted by Odyssey, and details regarding artifacts recovered therefrom, outweigh any competing interest in the release of this information about the Defendant Site. Thus, Odyssey's Motion for Protective Order should be granted.

Dated: __January 8, 2008__.

Respectfully submitted,

s/ Allen von Spiegelfeld
Allen von Spiegelfeld – FBN 256803
avonsp@fowlerwhite.com
Eric C. Thiel – FBN 016267
ethiel@fowlerwhite.com
FOWLER WHITE BOGGS BANKER P.A.
P.O. Box 1438
Tampa, Florida 33601
(813) 228-7411

Facsimile: (813) 229-8313

s/ Melinda J. MacConnel
Melinda J. MacConnel – FBN 871151
Odyssey Marine Exploration, Inc.
5215 West Laurel Street
Tampa, FL 33607
(813) 876-1776, ext. 2240
Fax: (813) 830-6609
E-mail: mmacconnel@shipwreck.net
Attorneys for Plaintiff

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 9, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to James A. Goold, Covington & Burling LLP, 1201 Pennsylvania Ave., NW, Washington, DC 20004; and David C. Banker, Bush Ross P.A., 220 S. Franklin Street, P. O. Box 3913, Tampa, FL 33601, *Attorneys for Claimant, Kingdom of Spain.*

s/ Allen von Spiegelfeld
Allen von Spiegelfeld – FBN 256803
avonsp@fowlerwhite.com
Eric C. Thiel – FBN 016267
ethiel@fowlerwhite.com
FOWLER WHITE BOGGS BANKER P.A.
P.O. Box 1438
Tampa, Florida 33601
(813) 228-7411
Facsimile: (813) 229-8313


s/ Melinda J. MacConnel
Melinda J. MacConnel – FBN 871151
Odyssey Marine Exploration, Inc.
5215 West Laurel Street
Tampa, FL 33607
(813) 876-1776, ext. 2240
Fax: (813) 830-6609
E-mail: mmacconnel@shipwreck.net
Attorneys for Plaintiff