# COVINGTON & BURLING LLP

| | | |
|---|---|---|
| 1201 PENNSYLVANIA AVENUE NW<br>WASHINGTON, DC 20004-2401<br>TEL 202.662.6000<br>FAX 202.662.6291<br>WWW.COV.COM | WASHINGTON<br>NEW YORK<br>SAN FRANCISCO<br>LONDON<br>BRUSSELS | JAMES A. GOOLD<br>TEL 202.662.5507<br>FAX 202.778.5507<br>JGOOLD@COV.COM |

January 18, 2008

**By Email**

Melinda J. MacConnel, Esq.
General Counsel
Odyssey Marine Exploration, Inc.
5215 West Laurel Street
Tampa, FL 33607

Dear Melinda:

    Thank you for your message of yesterday. To reply on various points:

1) I do not agree that "any and all information regarding the artifacts is confidential" or that all photographs are confidential, or that other conditions or restrictions beyond those contained in the January 10 Protective order may be imposed by Odyssey. I will certainly reserve the right to make an appropriate application to the court regarding such issues; should it be necessary. Paragraph 8 of the Order calls for a good-faith effort to resolve such disputes, so it seems that we should plan on devoting some time to that when we meet next week.

2) You ask that I identify "other documentation or specific information" that I will be expecting to review. The Court's January 10 order defines the information that Odyssey is required to provide, including "any information material to the identification of the vessel or vessels." Odyssey knows what this information may be far better than me. I certainly believe it would include documents in Odyssey's possession identifying the vessels, their history and their contents, for example, not to the exclusion of any other information required by the Order. I also believe it includes information about artifacts recovered or observed at the sites that provides identifying information. With respect to artifacts, I also want to note that the Order requires that I be provided a "listing and description of the artifacts uncovered to date." (I do not know if there is any disagreement about this latter point).

3) As noted above with respect to photographs, the Order applies to "any photographs or videotapes of the site or vessel." Thank you for letting me know that there is a great deal of such material. I have indicated that I will be happy to work with you on how to deal with this. For the moment, I simply want to note that the one hour videotapes and the photomosaics you describe



EXHIBIT 5

are a starting point and we will need to discuss how to proceed from there. (On this, we do not seem to disagree).

4) I have reviewed the non-disclosure agreement you provided. We have discussed an agreement that the location of the storage facility would not be made public and I have indicated that I can agree to this. However, the document you provided is an elaborate and sweeping form relating to the "Certified Collectibles Group" and conflicts with the Protective Order in many respects. I believe a simple letter agreement that the location of the storage facility shall be considered confidential should be enough, but invite any other suggestions you may have.

On a logistics question, I am assuming that copies of the documents produced on the 24th will be provided (if so, I thank you) and acknowledge, with thanks, that you will be providing copies of the one-hour videotapes and (I assume) photomosaics. To the extent that you anticipate that I should arrange for copying of documents, would you please let me know. I welcome any suggestions on a copying service, particularly one that can work rapidly. As to additional photographs and videotapes, we agree that logistics will need to be discussed.

Finally, with regard to scheduling, in view of what we need to accomplish when we meet, the issues regarding confidentiality of the location of the storage facility, and the distance to and from the facility, it does appear over-ambitious try to include a preliminary visit on the 25th to that facility. As of now Jorge Sobredo and I plan to stay over through the end of the day on the 25th. Of course, I may be wrong, but I suspect that we will need to spend some time on confidentiality issues and/or other follow-on items.

Sincerely,

James A. Goold

cc: A. von Spiegelfeld, Esq.