**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
IN ADMIRALTY**

ODYSSEY MARINE EXPLORATION, INC.

    Plaintiff,                                                   CIVIL ACTION

vs.

                                                         Case No. 8:07-CV-00614-SDM-MAP

THE UNIDENTIFIED, SHIPWRECKED
VESSEL, its apparel, tackle,
appurtenances and cargo located within
a five mile radius of the center point coordinates
provided to the Court under seal,

    Defendant;
    <u>in rem</u>

and

The Kingdom of Spain,

    Claimant.
_____/

**This motion is an identical filing for Cases 8:07-CV-00614-SDM-MAP, 8:07-CV-00616-SDM-MAP, and 8:06-CV-01685-SDM-MAP**

**Claimant Kingdom of Spain's Motion for an Order
<u>Declaring Certain Materials as Not Confidential</u>**

Claimant Kingdom of Spain ("Spain") hereby moves, pursuant to Paragraph 8 of the Protective Order Governing Disclosure of Certain Information (Dkt. 76) (the "Protective Order"), for an order declaring certain materials disclosed to Spain by Odyssey Marine Exploration, Inc. ("Odyssey") as not confidential.

On January 10, 2008, the Court ordered Odyssey to provide the following information to Spain: (1) the exact location of the vessel or vessels; (2) any information material to the identification of the vessel or vessels; (3) a listing and description of the artifacts uncovered to

date; and (4) any photographs or videotapes of the site or vessel. Order (Dkt. 75). The Court concurrently issued the Protective Order, which sets forth which materials may be treated as confidential. Protective Order (Dkt. 76).

The Protective Order allows Spain to "apply to the court for a determination as to whether [a confidentiality] designation is appropriate" after "a good-faith effort to resolve such a dispute with opposing counsel" fails. Protective Order para. 8. Spain certifies that its counsel conferred with Odyssey's counsel in a good faith effort to resolve the issues raised by this motion, but counsel were unable to reach agreement. See Protective Order para. 8; Local Rule 3.01(g).

## MEMORANDUM OF LAW

### I.     Background

On January 24-25, 2008, Odyssey provided certain information to Spain in response to the Order of January 10, 2008. Odyssey failed, however, to provide all the information that the Order mandated to be provided. Spain has therefore filed a Motion to Compel Disclosure and for Other Relief in cases 8:07-CV-00614-SDM-MAP and 8:06-CV-01685-SDM-MAP. With respect to the information that was produced, Odyssey adopted a blanket approach: each and every document, photograph, and videotape was designated as confidential, regardless of what it shows or contains.

### II.    Discussion

The Protective Order was issued by the Court after extensive argument at pretrial conferences held on November 26, 2007 and January 10, 2007. At the conference held on November 26, 2007, Magistrate Judge Mark A. Pizzo advised that any protective order should be based on the model order in the Guide to Complex Litigation. See Transcript of Preliminary

Pretrial Conference at 37 (Nov. 26, 2007). The Protective Order generally follows this model. It provides that only the following information and materials may properly be designated as confidential under the order: (1) the exact location(s) of the Defendant Site provided to Spain by Odyssey, except to the extent the information has been disclosed by Odyssey to a third party or otherwise made publicly known; and (2) documents containing trade secrets, special formulas, proprietary research and/or technology, company security matters, financial data, projected sales data, production data, matters relating to mergers and acquisitions, and data which touch upon the topic of price. Protective Order paras. 1-2. The Protective Order specifically deems as not confidential "[d]ocuments relating to artifacts or other objects recovered from the Defendant Site . . . except to the extent specific information in a document discloses proprietary research and/or technology of Plaintiff or other confidential information" as defined therein. Id. para. 6. Moreover, to the extent practicable, such confidential information "shall be redacted" from a non-confidential version of the document. Id.

Contrary to the specific guidelines of the Protective Order, Odyssey has designated each and every document, photograph, or other record it has provided to Spain in this case as confidential. This position is supported by neither the purpose nor the language of the Protective Order. Odyssey's blanket designations cannot be reconciled with the explicit provisions of the order that "only documents containing trade secrets", etc., may be designated as confidential. With respect to photographs of the sites, for example, Odyssey has designated each and every image as confidential, even if the photograph simply shows objects exposed on the seabed or nothing other than the seabed.

Odyssey has also stamped as "confidential" the listings and descriptions of artifacts it has provided to Spain. Odyssey has done so in the face of the express provision of Paragraph 6 of

the Protective Order. This paragraph states that "[d]ocuments relating to artifacts or other objects recovered from the Defendant site shall not constitute confidential information except to the extent specific information in a document discloses proprietary research and/or technology of Plaintiff or other confidential information as described in Paragraph 2." Protective Order para. 6.

Odyssey appears to interpret the terms "trade secrets" or "proprietary research" to encompass essentially all of the information it possesses about the shipwrecks or the artifacts.[1] If this broad interpretation is correct, then purported salvors could easily circumvent their obligation to describe the res with reasonable particularity when filing an admiralty claim in rem. See Supplemental Rules of Admiralty C(2)(b). They simply would have to allege that information about the identity of the res, including information about the artifacts recovered, was gained by salvage operations that they considered to be a "trade secret." Similarly, they simply would have to argue that the information about the res was derived from research that is "proprietary" because it was conducted by them or someone working for them. Judicial protections of legitimate commercial information should not be abused in this manner, especially in shipwreck cases such as these. The Protective Order was issued "to facilitate the conduct of this case," not to cloak everything and anything about the shipwrecks and their artifacts in secrecy.

Odyssey's misuse of the Protective Order appears intended to frustrate the conduct of these cases, and certainly will do so if allowed to continue. As a result of Odyssey's blanket designations of any and all of the information it provided, virtually any filing relating to the shipwrecks and/or the artifacts would have to be filed under seal. Likewise, it is difficult to

---

[1] See Plaintiff's Memorandum of Law in Support of the Motion for Entry of a Protective Order at 3 (Dkt. **73**).

conceive of any hearing that would not have to be conducted in camera. Any presentation or discussion of evidence on matters as obviously non-confidential as the dates and origins of the coins Odyssey has retrieved, the dates and origins of cannons or other artifacts, or the physical characteristics of the shipwrecks would be placed under seal and discussed only in a sealed courtroom.

As the court is well aware, these cases present matters of great international public interest. Odyssey has trumpeted to the world that it has taken hundreds of thousands of coins and other artifacts from a site of "immense historical significance." Odyssey, Press Release, Odyssey's Latest Shipwreck Find Yields Over 500,000 Silver and Gold Coins at 1 (May 18, 2007), http://shipwreck.net/pr134.html (attached as Exhibit 1). Yet Odyssey now seeks to keep under seal any and all information about historically significant sites that clearly involve other nations.

The principle that judicial proceedings are public proceedings is well established. Blanket designations of materials submitted in civil cases as confidential are generally impermissible. See Wilson v. Am. Motors Corp., 759 F.2d 1568 (11th Cir. 1985). As the Eleventh Circuit has put it, "[o]nce a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." Brown v. Advantage Engineering, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992). The Protective Order reflects these principles by strictly limiting the information that can be designated as confidential and by requiring that any such information be redacted whenever possible into a nonconfidential copy of the document. Odyssey's designations go beyond the limits of the Protective Order and show that Odyssey made no effort to disaggregate the legitimately confidential from the non-confidential information in the documents provided.

Odyssey has abused the Protective Order by declaring each and every document, photograph, and videotape it has disclosed to Spain as confidential. Spain therefore moves, under Paragraph 8 of the Protective Order, to strike such designations with respect to the photographs, artifact lists, artifact descriptions, and certain other documents provided by Odyssey. Additionally, Spain respectfully asks this Court to order Odyssey to cover the costs Spain has incurred in connection with this motion. <u>See</u> Protective Order para. 10. Because all of the relevant materials have been designated as confidential, Spain's counsel does not describe them further in this motion. Counsel proposes to provide the materials to the Court at a hearing on this motion or by filing them under seal prior to such a hearing. As provided in Paragraph 8 of the Protective Order, Odyssey bears the burden of demonstrating that its designation of confidentiality is proper.[2] Spain respectfully submits that an examination of the challenged designations will confirm that Odyssey cannot meet this burden.

*   *   *

Respectfully submitted,

Dated: February 1, 2008

s/ James A. Goold

| | |
|---|---|
| James A. Goold | David C. Banker |
| District of Columbia Bar # 430315 | Florida Bar # 352977 |
| Covington & Burling LLP | Bush Ross, PA |
| 1201 Pennsylvania Ave., NW | 220 S. Franklin Street |
| Washington, DC 20004 | P.O. Box 3913 |
| Telephone: (202) 662-5507 | Tampa, Florida 33601-3913 |
| Fax: (202) 662-6291 | Telephone: (813) 224-9255 |
| E-mail: jgoold@cov.com | Fax: (813) 223-9255 |
| | E-mail: dbanker@bushross.com |

---

[2] Paragraph 5 also provides that documents which do not meet the Protective Order's strict standards may only be considered as confidential based on a showing of "extraordinary grounds." Protective Order para. 5.

## **Certificate of Service**

I hereby certify that I caused the foregoing Motion for an Order Declaring Certain Materials as Not Confidential to be served on Plaintiff's counsel, Allen von Spiegelfeld, Eric C. Thiel, and Melinda J. MacConnel via the Court's CM/ECF system on February 1, 2008.

                                                 s/ James A. Goold
                                                 James A. Goold
                                                 District of Columbia Bar # 430315
                                                 Covington & Burling LLP
                                                 1201 Pennsylvania Ave., NW
                                                 Washington, DC 20004
                                                 Telephone: (202) 662-5507
                                                 Fax: (202) 662-6291
                                                 E-mail: jgoold@cov.com