IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
IN ADMIRALTY

ODYSSEY MARINE EXPLORATION, INC.       :
                                        :
                    Plaintiff,          :   CIVIL ACTION
                                        :
             v.                         :
                                        :   Case No: 8:07-CV-00614-SDM-MAP
THE UNIDENTIFIED, SHIPWRECKED VESSEL,:
if any, its apparel, tackle, appurtenances and :
cargo located within a five mile radius of the :
center point coordinates provided to the Court :
under seal,                             :
                                        :
                    Defendant;          :
                    *in rem*            :
and                                     :
                                        :
The Kingdom of Spain,                   :
                                        :
                    Claimant.           :
_____/:

**PLAINTIFF'S RESPONSE TO KINGDOM OF SPAIN'S MOTION FOR AN
ORDER DECLARING CERTAIN MATERIALS AS NOT CONFIDENTIAL**

This Response is an identical filing being made in cases 8:07-CV-0614-SDM-MAP, 8:07-CV-0616-SDM-MAP, and 8:06-CV-1685-SDM-MAP.

Plaintiff, Odyssey Marine Exploration, Inc. ("Odyssey"), by and through its undersigned counsel, submits this Response to Kingdom of Spain's ("Spain's") Motion for an Order Declaring Certain Materials As Not Confidential (Dkt. 78), and in support thereof states as follows:

**MEMORANDUM OF LAW**

**I.     Particularity of Exact Materials Designated as Not Confidential**

Spain has not met the initial burden of describing with particularity on which items it wishes the Court to determine the removal of the confidentiality designation status.

Spain seeks to strike the confidential designations of, "photographs, artifact lists, artifact descriptions, and certain other documents provided by Odyssey" in Spain's Motion for an Order Declaring Certain Materials as Not Confidential. See Motion, (Dkt. 85 Pg. 6). Pursuant to Paragraph 8 of the Protective Oder Governing Disclosure of Certain Information (Dkt. 82) (the "Protective Order"), the Protective Order allows Spain to "apply to the Court for a determination as to whether [a confidentiality] designation is appropriate." Protective Order (Dkt. 82). The determination is particular to each and every document and information designated as confidential "if a party believes that a document or information designated or sought to be designated confidential by the producing party does not warrant such designation." See Protective Order para. 8.

In keeping with the directions of the Protective Order, Spain need not reveal confidential information to state with particularity items that Spain contests as confidential. Spain can simply state that it wishes to contest the confidentiality of all items in a general descriptive group, such as all photographs or all photomosaics. Odyssey will then demonstrate that such designation is proper by a showing of "good cause" for the confidentiality. Fed. R. Civ. Pro. R. 26(c). Odyssey cannot diligently show "good cause" as to the need of confidentiality without knowing exactly which items Spain objects to as being confidential. In stating in its Motion that Spain seeks to strike the confidential designations of, "photographs, artifact lists, artifact descriptions, and certain other documents provided by Odyssey," Odyssey must make an assumption as to

whether Spain wishes to contest all photographs, all artifact lists, and all artifact descriptions provided thus far.

Spain contends that Odyssey has adopted a blanket confidentiality approach to the materials given to Spain. Ironically, in seeking to "strike such [confidentiality] designations with respect to the photographs, artifact lists, artifact descriptions, and certain other documents provided by Odyssey," Spain is applying a blanket approach itself. Odyssey contends that it would be improper for the Court to grant Spain's Motion for an Order Declaring Certain Materials as Not Confidential, because Spain has not designated what items do not warrant the confidential status. Indeed, to uphold Spain's objection (as now formulated) would be tantamount to allowing Spain to challenge the very propriety of the Protective Order it had voluntarily entered into earlier.

Finally, Spain asserts that "its counsel conferred with Odyssey's counsel in a good faith effort to resolve the issues raised by this motion, but counsels were unable to reach an agreement." (See Motion, Dkt. 85.) This assertion is false. Had counsel for Spain conferred with Odyssey's counsel, counsel for Odyssey would have willingly discussed the confidential status of each document.

## II. Reasons to Maintain the Confidentiality of Items given to Spain

### A. Hearings *In Camera*

Spain asserts that the public has a right to access civil proceedings, and that a blanket confidential designation is generally impermissible. While this may generally be true, the public right to access is not absolute. "The discovery process, as a matter of legislative grace, is a statutorily created forum not traditionally open to the public." *Gilliam v. HBE Corp.*, 2000 U.S. Dist. LEXIS 21914 (D. Fla. 2000). Furthermore, the

unique nature of this case and the general need for confidentiality of evidence involved to assure the security of artifacts and of the Defendant Site would certainly suggest the necessity of an in camera inspection by the Court before a ruling as to each piece of discovery.

A party may protect or limit discovery by demonstrating that the information sought is a trade secret or confidential business information and that disclosure may be harmful. *Kaiser Aluminum & Chem. Corp. v. Phosphate Eng'g & Constr. Co.*, 153 F.R.D. 686 (M.D. Fla. 1994). A party who resists production of trade secrets in Florida usually does so under the state's statutory trade secret privilege, Fla. Stat. Ann. ch. § 90.506. Under Florida law, when the trade secret privilege is asserted as a basis for resisting production, the court must determine whether the information constitutes a trade secret. *Del Monte Fresh Produce Co. v. Dole Food Co.*, 148 F. Supp. 2d 1322, 1323, 1323-24 (D. Fla. 2001). This determination will usually require that the trial court conduct an in camera inspection of the materials in question to determine whether they contain trade secrets. *American Express Travel Related Servs., Inc.*, 761 So. 2d 1206 (Fla. 4th DCA 2000); Also see *Salick Health Care, Inc.*, 722 So. 2d 944 (Fla. 4th DCA 1998) (finding the trial court departed from the essential requirements of law when it compelled production of documents alleged to be proprietary and confidential trade secret information without first conducting an *in camera* hearing and inspection and failing to make specific findings of fact concerning the trade secret objections); *Uniroyal Goodrich Tire Co.*, 673 So. 2d 131, 132 (Fla. 4th DCA 1996). The party resisting discovery has the burden to show "good cause" for protecting discovery by showing that the information sought is a trade secret and that disclosure may be harmful. *Del Monte Fresh Produce Co. v. Dole Food*

*Co.*, @ 1323. Odyssey willingly accepts the burden to show "good cause" for protecting confidential information

The Protective Order mandates the maintaining of confidential trade secrets in paragraph 2 and 6. See, Protective Order paras. 6, 8. Additionally, certain discoverable but confidential items produced to Spain have their own independent economic value, which is contingent upon their not being readily available to the public. An *in camera* proceeding would be necessary to adequately evaluate Odyssey's designation as confidential.

### B. Artifact List, Pictures, and Video Tapes

The distribution and dissemination of intellectual property including photos and video from any Odyssey shipwreck or site is carefully controlled, as this is a key component of Odyssey's business. No photos or videos have been released to the public from any of the three sites that are currently under the Court's jurisdiction. To have photos or video leak out via the internet or other means would have severe financial repercussions to Odyssey that could reach millions of dollars over the marketing lifecycle of a project. These items are confidential because they embody "proprietary research," or "projected sales data" as those exclusions are referenced in the Protective Order.

The artifact lists provided to Spain by Odyssey are confidential because -- for Spain's convenience -- Odyssey included in the artifact lists photographs which are confidential. Again, had counsel for Spain conferred with counsel for Odyssey, Spain's Motion may have been unnecessary, and Odyssey could have produced an artifact list without photographs or descriptions which go to the value of the items. Material, other than the artifact lists, provided to date has all been photographs or videotapes compiled

by Odyssey which Odyssey expects will eventually be available for licensing. Details of the value of these materials can be provided to the Court if necessary.

All video and photographs taken by Odyssey and their crews or employees are under copyright by Odyssey Marine Exploration and cannot be used without permission. Odyssey is careful to protect its copyright to all intellectual property. By allowing Spain to release photos and video of the sites which Odyssey Marine Exploration has spent million of dollars filming and photographing would cause significant financial harm to Odyssey.

### C.  Details and Description of Items Recovered

As stated, Odyssey has provided Spain with a detailed list of artifacts recovered from the Defendant Site that are in the company's possession. Furthermore, Odyssey has offered Spain the opportunity to view each and every artifact and/or coin. The details and descriptions of these items, however, necessarily go to their value. As such, this information is confidential. The photographs of the artifacts and/or coins are intellectual property trade secrets, held by Odyssey, as discussed above. A trade secret is information that derives independent economic value, actual or potential. A combination of information can qualify as trade secrets, and does not automatically preclude protection, even if some or all components are well-known. *Penalty Kick Mgmt. v. Coca Cola Co.*, 318 F.3d 1284, 1292 (11th Cir. 2003).

Odyssey respectfully requests this Court to deny Spain's Motion for an Order Declaring Certain Materials as Not Confidential because the materials Spain is contending are not stated with specificity. In the alternative, Odyssey requests this Court

hold an in camera proceeding to determine the status of particular items to which Spain objects as being deemed confidential.

In good faith, Odyssey represents to the Court that although counsel for Spain has not conferred with Odyssey regarding the substance of its Motion, Odyssey will attempt to resolve the issue of confidentiality of specific discovery with counsel for Spain, prior to bringing the issue before the Court.

Respectfully submitted,

Dated: February 8, 2008

s/ Allen von Spiegelfeld
Allen von Spiegelfeld – FBN 256803
avonsp@fowlerwhite.com
Eric C. Thiel – FBN 016267
ethiel@fowlerwhite.com
FOWLER WHITE BOGGS BANKER P.A.
P.O. Box 1438
Tampa, Florida 33601
(813) 228-7411
Facsimile: (813) 229-8313


s/ Melinda J. MacConnel
Melinda J. MacConnel – FBN 871151
Odyssey Marine Exploration, Inc.
5215 West Laurel Street
Tampa, FL 33607
(813) 876-1776, ext. 2240
Fax: (813) 830-6609
E-mail: mmacconnel@shipwreck.net

Attorneys for Plaintiff

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 8, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to James A. Goold, Covington & Burling LLP, 1201 Pennsylvania Ave., NW, Washington, DC 20004; and David C. Banker, Bush Ross P.A., 220 S. Franklin Street, P. O. Box 3913, Tampa, FL 33601, *Attorneys for Claimant, Kingdom of Spain.*

 

s/ Allen von Spiegelfeld
Allen von Spiegelfeld – FBN 256803
avonsp@fowlerwhite.com
Eric C. Thiel – FBN 016267
ethiel@fowlerwhite.com
FOWLER WHITE BOGGS BANKER P.A.
P.O. Box 1438
Tampa, Florida 33601
(813) 228-7411
Facsimile: (813) 229-8313


s/ Melinda J. MacConnel
Melinda J. MacConnel – FBN 871151
Odyssey Marine Exploration, Inc.
5215 West Laurel Street
Tampa, FL 33607
(813) 876-1776, ext. 2240
Fax: (813) 830-6609
E-mail: mmacconnel@shipwreck.net

Attorneys for Plaintiff