IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
IN ADMIRALTY

| | | |
|---|---|---|
| ODYSSEY MARINE EXPLORATION, INC. | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | Case No: 8:07-CV-00614-SDM-MAP |
| | : | |
| THE UNDERWATER SITE AND RELATED | : | |
| UNIDENTIFIED SHIPWRECK, if any, | : | |
| its apparel, tackle appurtenances, | : | |
| and cargo located within a five mile radius | : | |
| of the center point coordinates provided | : | |
| to the Court under seal, | : | |
| | : | |
| Defendant. | : | |
| *in rem* | : | |
| | : | |
| and | : | |
| | : | |
| The Kingdom of Spain, | : | |
| | : | |
| Claimant. | : | |
| _____/ | : | |

**PLAINTIFF'S MOTION TO CONDUCT MARCH 5 HEARING *IN CAMERA***

This Motion is an identical filing being made in cases 8:06-CV-01685-SDM-MAP, and 8:07-CV-00616-SDM-MAP.

**COMES NOW**, Plaintiff, Odyssey Marine Exploration, Inc., by and through its undersigned counsel, and respectfully moves this Honorable Court to hold the preliminary pretrial conference set by this Court for March 5, 2008, *in camera*, and that the record be

kept confidential in order to protect valuable property rights, trade secrets, and other confidential information from being made public.

It is anticipated that a significant portion of the preliminary pretrial conference will involve motions that have been filed that relate to production or non-production of what Odyssey Marine Exploration, Inc. ("Odyssey") considers to be privileged information, some of which involves trade secrets and all of which involves confidential information. Additionally, it is anticipated that there will be a discussion and dispute as to whether documents and items that have been marked as confidential by Odyssey are in fact entitled to confidential status. In order for the Court to determine whether the items are confidential, they will have to be disclosed to the Court which, if done in open court, would destroy the confidentiality of said items. It is also anticipated that there will be some discussion regarding the individual sites in information that has been provided to counsel for Spain in confidence which, if discussed in open court, would again destroy the confidentiality of the information.

The Middle District of Florida, in the case of United States v. McCorkle, 78 F.Supp.2d 1311, 1313 (M.D. Fla. 1999), has acknowledged that the parties to civil proceedings may be entitled to *in camera* and sealed transcripts under certain circumstances. In a civil case, the right of the public to have access to the proceedings is not a constitutional right but a common law right. The court cited Wilson v. American Motors Corp., 759 F.2d 1568, 1570 (11th Cir. 1985) for the proposition that

> "any denial of openness to civil proceedings must be narrowly tailored to serve a compelling government interest. Wilson, 759 F.2d at 1571."

The McCorkle court noted that, according to the case of United States v. Valenti, 987 F.2d 708 (11th Cir. 1993), the District Court may exercise its traditional authority and discretion to deny access to sealed transcripts and *in camera* materials where the Court finds that the denial of such access is necessary to preserve higher values. In the case of Del Monte Fresh Produce Company v. Dole Food Company, 148 F.Supp.2d 1322 (S.D. Fla. 2001), the Court was confronted with a situation where trade secrets had to be revealed by one of the parties and there was a question as to what could be revealed by the other party. The Court held that the determination of what would be open to disclosure had to be determined in an *in camera* proceeding. The reason is obvious since any discussion of the possibly confidential information in open court would destroy the confidentiality.

There are cases that indicate that an affidavit is required in order to obtain an *in camera* hearing based upon the confidentiality of information that will be disclosed. However, it is respectfully submitted that this issue has been previously discussed by the Court, and ample evidence has been presented as to why information that may be discussed at the March 5 preliminary pretrial conference may be confidential. Additionally, the protective order by the Court by its very nature envisions the possible need for *in camera* proceedings since the Court has set itself up as the ultimate arbiter of the confidentiality of information presented to opposing counsel.

WHEREFORE, it is respectfully requested that the March 5, 2008, preliminary pretrial conference be held *in camera* and that the transcript not be disclosed to the public.

**CERTIFICATE UNDER LOCAL RULE 3.01(g)**

Pursuant to Local Rule 3.01(g), undersigned counsel certifies that he has conferred with counsel for Claimant, The Kingdom of Spain, in a good faith effort to resolve the issues by this Motion, and counsel were unable to agree on the resolution of the same.

                                        Respectfully submitted,

                                        s/ Allen von Spiegelfeld
                                        Allen von Spiegelfeld – FBN 256803
                                        avonsp@fowlerwhite.com
                                        Eric C. Thiel – FBN 016267
                                        ethiel@fowlerwhite.com
                                        FOWLER WHITE BOGGS BANKER P.A.
                                        P.O. Box 1438
                                        Tampa, Florida  33601
                                        (813) 228-7411
                                        Facsimile:  (813) 229-8313

                                        s/ Melinda J. MacConnel
                                        Melinda J. MacConnel – FBN 871151
                                        Odyssey Marine Exploration, Inc.
                                        5215 West Laurel Street
                                        Tampa, FL  33607
                                        (813) 876-1776, ext. 2240
                                        Fax:  (813) 830-6609
                                        E-mail:  mmacconnel@shipwreck.net
                                        Attorneys for Plaintiff

# CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on February 19, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to James A. Goold, Covington & Burling LLP, 1201 Pennsylvania Ave., NW, Washington, DC 20004; and David C. Banker, Bush Ross P.A., 220 S. Franklin Street, P. O. Box 3913, Tampa, FL 33601, *Attorneys for Claimant, Kingdom of Spain.*

      s/ Allen von Spiegelfeld
      Allen von Spiegelfeld – FBN 256803
      avonsp@fowlerwhite.com
      Eric C. Thiel – FBN 016267
      ethiel@fowlerwhite.com
      FOWLER WHITE BOGGS BANKER P.A.
      P.O. Box 1438
      Tampa, Florida 33601
      (813) 228-7411
      Facsimile: (813) 229-8313


      s/ Melinda J. MacConnel
      Melinda J. MacConnel – FBN 871151
      Odyssey Marine Exploration, Inc.
      5215 West Laurel Street
      Tampa, FL 33607
      (813) 876-1776, ext. 2240
      Fax: (813) 830-6609
      E-mail: mmacconnel@shipwreck.net
      Attorneys for Plaintiff

#40023085