**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
IN ADMIRALTY**

ODYSSEY MARINE EXPLORATION, INC.,

    Plaintiff,

v.                                                                       Case No. 8:07-CV-00614-SDM-MAP

THE UNIDENTIFIED SHIPWRECKED
VESSEL, if any, its apparel, tackle,
appurtenances and cargo located
within a five mile radius of the center
point coordinates provided to the Court
under seal,

    Defendants,
    <u>in rem</u>

and

THE KINGDOM OF SPAIN,

    Claimant,
_____/

**Claimant Kingdom of Spain's Opposition to Plaintiff's
<u>Motion to Conduct March 5 Hearing *in Camera*</u>**

Claimant Kingdom of Spain ("Spain") hereby files its brief in opposition to Plaintiff

Odyssey Marine Exploration, Inc.'s ("Odyssey") Motion to Conduct March 5 Hearing *in Camera*

(Dkt. 81) (hereinafter "Pl.'s Motion"). This brief is an identical filing being made in cases 8:07-

CV-00614-SDM-MAP, 8:07-CV-00616-SDM-MAP, and 8:06-CV-01685-SDM-MAP.

**MEMORANDUM OF LAW**

In keeping with its penchant for secrecy in this case, Odyssey asks this Court to hold the

hearing scheduled for March 5, 2007 <u>in camera</u>. Spain opposes this new blanket request for

secrecy. (See Spain's Motion to Declare Certain Materials as Not Confidential (Dkt. 78) (opposing Odyssey's blanket designations of material as confidential).) As Spain's counsel suggested to Odyssey's counsel before Odyssey filed its motion, a middle approach would be appropriate under the circumstances of this case. Instead of the whole hearing, only those portions of the hearing in which it may be necessary for specific information designated as confidential to be discussed on the record should be sealed or otherwise concealed from the public.[1]

Notably, some of the cases relied on by Odyssey in its motion actually support Spain's contention that not all of the discussions during the March 5 hearing should be held in camera.[2] In United States v. McCorkle, 78 F. Supp. 2d 1311, 1313 (M.D. Fla. 1999), the Middle District of Florida noted that access to court transcripts and other materials may be denied when "necessary to preserve higher values" and when such denial is "narrowly tailored to serve that interest." Id.; see also United States v. Valenti, 987 F.2d 708, 713 (11th Cir. 1993). A "narrowly tailored" way of addressing Odyssey's concerns would be to hold in camera only those discussions which necessarily involve the disclosure of confidential information. Additionally, providing the purportedly confidential materials to the Court at the hearing for review from the

---

[1] Of course, those portions of the hearing transcript in which confidential information is discussed should also remain sealed.

[2] Odyssey's reliance on Del Monte Fresh Produce Co. v. Dole Food Co., 148 F. Supp. 2d 1322 (S.D. Fla. 2001) is inapposite. To the extent that the court in Del Monte concluded that "the determination of what would be open to disclosure had to be determined in an *in camera* proceeding," (Pl.'s Motion 3) — a fact that is not readily determinable from the opinion cited —, the Del Monte court may have been guided by the subject matter of that case, *i.e.*, the rights to the "genetic code" and to production procedures of pineapples produced by plaintiff Del Monte Fresh Produce Co., a direct competitor of defendant Dole Food Co. Indeed, plaintiff in Del Monte claimed that defendant unlawfully misappropriated these "trade secrets." (See Am. Compl. 6-7 (Mar. 2, 2001), in Del Monte Fresh Produce Co. v. Dole Food Co., No. 00-1171-CIV-GOLD.) Del Monte is therefore clearly distinguishable from this case.

bench without public disclosure (or under seal before the hearing) would be an effective, yet "narrowly tailored," way of addressing Odyssey's concerns. (See Spain's Motion to Declare Certain Materials as Not Confidential (Dkt. 78).)

By contrast, Odyssey's proposal is all but "narrowly tailored" to preserve its murky confidentiality interests. As an initial matter, there is a "strong common law presumption in favor of public access" to judicial proceedings, Wilson v. Am. Motors Corp., 759 F.2d 1568, 1571 (11th Cir. 1985), and Odyssey cannot overcome this presumption simply by asserting — in a conclusory fashion — that certain information that may be discussed in a hearing is "privileged," "confidential," or involves "trade secrets." (Pl.'s Motion 2; see also Odyssey's Response to Motion to Declare Certain Materials as Not Confidential (Dkt. 80); Odyssey's Response to Motion to Compel Compliance with Disclosure Order and for Other Relief (Dkt. 79).) Even assuming that closing the March 5 hearing is "necessary to preserve higher values," McCorkle, 78 F. Supp. 2d at 1313, it is unclear why inspection by the Court of the purportedly confidential materials during the hearing would not suffice to allay Odyssey's concerns. Moreover, it is unclear why it would not be adequate to close only those "portions" of the hearing in which purportedly confidential information is discussed. (See Pl.'s Motion 2.) Unfortunately, Odyssey declined to discuss these middle approaches and filed its motion instead.

For these reasons, Spain respectfully asks the Court to deny Odyssey's motion. The potential interests of Spain in the historical patrimony at issue in these proceedings are of great public concern in Spain and, as Odyssey has noted, have been the subject to intense international public interest. The public interest in these proceedings is safeguarded without prejudicing Odyssey's purported confidentiality interests by closing only those portions of the March 5

hearing which would necessarily involve the disclosure of confidential information. See Valenti, 987 F.2d at 714 (noting that portions of proceedings may be closed).

Respectfully submitted,

Dated: February 21, 2008

s/ James A. Goold_____

| | |
|---|---|
| James A. Goold | David C. Banker |
| District of Columbia Bar # 430315 | Florida Bar # 352977 |
| Covington & Burling LLP | Bush Ross, PA |
| 1201 Pennsylvania Ave., NW | 220 S. Franklin Street |
| Washington, DC 20004 | P.O. Box 3913 |
| Telephone: (202) 662-5507 | Tampa, Florida 33601-3913 |
| Fax: (202) 662-6291 | Telephone: (813) 224-9255 |
| E-mail: jgoold@cov.com | Fax: (813) 223-9255 |
| | E-mail: dbanker@bushross.com |

**Certificate of Service**

I hereby certify that I caused the foregoing Opposition to Plaintiff's Motion to Conduct March 5 Hearing *in Camera* to be served on Plaintiff's counsel, Allen von Spiegelfeld, Eric C. Thiel, and Melinda J. MacConnel via the Court's CM/ECF system on February 21, 2008.

        s/ James A. Goold_____
        James A. Goold
        District of Colombia Bar 430315
        Covington & Burling LLP
        1201 Pennsylvania Avenue, N.W.
        Washington, D.C. 20004
        Telephone: (202) 662-5507
        Fax: (202) 662-6291
        E-mail: jgoold@cov.com