IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Tampa Division
In Admiralty

ODYSSEY MARINE EXPLORATION, INC.

    Plaintiff,

v.

Case No: 8:07-CV-00614-SDM-MAP

THE UNDERWATER SITE AND RELATED
UNIDENTIFIED SHIPWRECK, if any,
its apparel, tackle appurtenances,
and cargo located within a five mile radius
of the center point coordinates provided
to the Court under seal,

    Defendant,
    *in rem*

and

The Kingdom of Spain,

    Claimant.

CIVIL ACTION

## AFFIDAVIT OF FREDERICK VAN DE WALLE IN RELATION TO ARTIFACTS STORED UNDER SEAL IN GIBRALTAR

This AFFIDAVIT is specific only to Case No. 8:07-CV-00614-SDM-MAP.

1. My full name is Frederick Van De Walle. I am competent to testify as to the matters covered in this affidavit.

2. I have personal knowledge regarding the information contained herein and hereby swear that the information is true and accurate to the best of my knowledge.

3. I am a certified conservator and have worked as an independent consultant for Odyssey Marine Exploration, Inc. ("Odyssey"), an American company incorporated under the laws of the state of Nevada with its principal place of business located in Tampa, Florida. My position requires an extensive knowledge of organic and inorganic shipwreck materials (or artifacts) and their chemical interaction with salt water over an extended period of time.

4. This affidavit is prepared in support Odyssey's objection to the request by the Kingdom of Spain to view artifacts from the Defendant Site which are being held in Gibraltar (the "subject artifacts").

5. The artifacts should not be disturbed in any way without proper conservation resources. Unsealing and exposing the subject artifacts without proper conservation resources and expertise would not only cause damage to the artifacts, but would also thwart the "first aid" conservation treatment done to date on the recovered artifacts.

6. Odyssey has in place a conservation plan for recovered artifacts. Basic 'first aid' conservation treatments are given to the recovered artifacts by the shipboard archaeologists, under the advice of Odyssey conservators. Artifacts are stored onboard the vessel and then when transport arrangements are made, the artifacts are carefully packed for transport in a controlled environment, taken off the ship and are either flown or shipped by sea to Odyssey's conservation lab in Tampa or another appropriate facility.

7. The subject artifacts were given the appropriate 'first aid' conservation onboard Odyssey's research vessel as they were recovered. The artifact assemblage of the tagged artifacts consists of organic and inorganic material. Normally, shipping of artifacts

takes place within a day or so after arrival in port. It was not expected that there would be any interference in their shipping, so unfortunately, the stabilization and packaging was only suitable for a limited timescale of a week to a month.

8. Interference from Spain has now resulted in the shipment being delayed in a bonded warehouse until further notice. Odyssey has inquired on numerous occasions as to the shipping status of the shipment as they are not, at a minimum, being kept in a cool, stable dark storage environment or being checked at regular intervals by a conservator or archaeologist to ensure that they remain in a stable condition until arrival at a conservation facility. In their present condition it is likely that the delay in shipment to a conservation facility will result in the deterioration of some of the artifacts and hence a potential loss of important archaeological and historical data.

9. The opening of the shipment by non-qualified individuals or without appropriate laboratory facilities would, in my opinion, only accelerate the deterioration and cause further irreversible damage. I highly recommend that the artifacts be shipped to Odyssey's conservation facility as soon as possible, as at present they are only packed and prepared for short-term storage according to current 'first aid' standards.

I CERTIFY THAT THE ABOVE IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE

_____
Frederick Van De Walle
Certified Conservator Consultant
of Odyssey Marine Exploration, Inc.


STATE OF FLORIDA        )
COUNTY OF HILLSBOROUGH  )

The foregoing instrument was acknowledged before me this __4TH__ day of March, 2008, by __FREDERICK VAN DE WALLE__. He/She is personally known by me.

_____
Notary Public

My Commission expires: _November 28, 2008_

BETSY W MARRERO
Comm# DD0374815
Expires 11/28/2008
Bonded thru (800)432-4254
Florida Notary Assn., Inc

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 4th, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to James A. Goold, Covington & Burling LLP, 1201 Pennsylvania Ave., NW, Washington, DC 20004; and David C. Banker, Bush Ross P.A., 220 S. Franklin Street, P. O. Box 3913, Tampa, FL 33601, *Attorneys for Claimant, Kingdom of Spain.*

Allen von Spiegelfeld – FBN 256803
avonsp@fowlerwhite.com
Eric C. Thiel  FBN 016267
ethiel@fowlerwhite.com
FOWLER WHITE BOGGS BANKER P.A.
P.O. Box 1438
Tampa, Florida 33601
(813) 228-7411
Facsimile: (813) 229-8313

_____  3/4/08
Melinda J. MacConnel – FBN 871151
Odyssey Marine Exploration, Inc.
5215 West Laurel Street
Tampa, FL 33607
(813) 876-1776, ext. 2240
Fax: (813) 830-6609
E-mail: mmacconnel@shipwreck.net

Attorneys for Plaintiff