UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ODYSSEY MARINE EXPLORATION, INC.,

        Plaintiff,

v.                                              CASE NO.: 8:07-cv-614-T-23MAP

THE UNIDENTIFIED SHIPWRECKED
VESSEL, if any, its apparel, tackle,
appurtenances and cargo located
within a five mile radius of the center
point coordinates provided to the Court
under seal,
        Defendant,
        *in rem*

and

THE KINGDOM OF SPAIN,

        Claimant.
_____/

## **ORDER**

This cause is before the Court on the Kingdom of Spain's Motion to Compel Compliance with the Court's Disclosure Order (doc. 77) and Motion for an Order Declaring Certain Materials as Not Confidential (doc. 78).[1]

*A. Motion to Compel Compliance with the Court's Disclosure Order*

In the Motion to Compel Compliance with the Court's Disclosure Order, Spain contends that Odyssey failed to comply with this Court's January 10, 2008, order by (1) failing to provide information material to the identification of the vessels; (2) providing incomplete listings and

---

[1] The parties have notified the Court in a March 7, 2008, letter that they have resolved most of the issues in the Supplemental Motion to Compel Compliance with Disclosure Order Relating to Photographs and Videotapes (doc. 86), and at the parties' suggestion, the Court will defer ruling on the motion while the parties attempt to resolve the remaining issues, which would render this motion moot.

descriptions of artifacts; and (3) demanding unworkable conditions on the inspection of artifacts. In that order, the Court directed Odyssey provide "any information material to the identification of the vessel or vessels." Spain maintains the Court meant to require Odyssey to produce the research that led Odyssey to the site as well as research linking the artifacts found to a particular vessel or vessels. The Court's intention was not that broad. The January 10, 2008, order attempted to narrow the issues in the three pending Odyssey cases[2] by requiring Odyssey to make preliminary disclosures of reliable information material to the identity of the vessels and thereby allow Spain to make an early determination of its interests (if any) in each case. This effort was generally successful. Based on Odyssey's disclosures that the vessel in 8:07-cv-616-T-23MAP is in all likelihood the *SS Ancona*, an Italian ship that sank in 1915, Spain may voluntarily dismiss its claim in that case. To the extent that Spain intends to continue to litigate the remaining two cases, the Court did not intend its January 10, 2008, order to provide Spain with open access to all of Odyssey's research files at this early stage of the litigation. However, in an effort to narrow the issues in this case, and in connection with Judge Merryday's order denying Spain's motion to dismiss "assuming satisfactory and prompt disclosure in accord with the orders of the magistrate judge, failing which the plaintiff's disclosure of the vessel's identity or best available hypothesis regarding identity will follow expeditiously by other means," the Court will issue interrogatories relating to the identity of the vessel in the two cases in which Spain filed its motion to compel compliance with the Court's disclosure order (8:06-cv-1685-T-23MAP and 8:07-cv-614-T-23MAP).[3]

---

[2] Case numbers 8:06-cv-1685-T-23MAP, 8:07-cv-614-T-23MAP, and 8:07-cv-616-T-23MAP involve different sites, and Spain has filed a claim in each case.

[3] The Eleventh Circuit has repeatedly reminded trial judges that they have the power and duty to define the issues, particularly in complex cases like this one. *See generally Johnson Enterprises of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998) ("As

(continued...)

With respect to the artifact lists, Odyssey stated in its March 7, 2008, letter to the Court that it has requested the shipping list for the artifacts held in Gibraltar and will provide this list to Spain. Regarding the other artifacts not held at Gibraltar, the Court finds that the listing and description that Odyssey has provided is sufficient for this stage of the litigation.

With respect to Spain's claim that it should not be required to execute the form "Mutual Nondisclosure Agreement" with the private storage facility prior to inspecting the artifacts retrieved to date, this Court agrees that no additional agreement should be required beyond the protective order that the Court has already entered, since the private storage facility is acting as Odyssey's agent. Accordingly, Spain's Motion to Compel Compliance with the Court's Disclosure Order is granted in part and denied in part, as stated above.

B. *Motion for an Order Declaring Certain Materials as Not Confidential*

In its Motion for an Order Declaring Certain Materials as Not Confidential, Spain claims that certain items produced by Odyssey were inappropriately designated confidential: artifact summaries and photographs in all three cases (exhibits A1, A2, and A3); site plans of the vessel in 8:06-cv-1685-T-23MAP (exhibits B1 and B2), photographs of artifacts on the seabed from 8:07-cv-614-T-23MAP (exhibit C), photomosaics in all three cases (exhibits D1, D2, and D3) (exhibit D3 also includes a ship diagram); and preliminary site assessments in all three cases (exhibits E1, E2, and E3).

The protective order this Court entered on Jan. 10, 2008 (doc. 76) provides that "only documents containing trade secrets, special formulas, proprietary research and/or technology, company security matters, financial data, projected sales data, production data, matters relating to

---

[3](...continued)
we have previously stated, and state once again, district courts have the power and the duty to define the issues at the earliest stages of litigation.").

mergers and acquisitions, and data which touch upon the topic of price may be designated as confidential." *See* Protective Order, paragraph 2. The protective order specifically provides that "documents relating to artifacts or other objects recovered from the Defendant Site shall not constitute confidential information except to the extent specific information in a document discloses proprietary research and/or technology of the Plaintiff or other confidential information described in Paragraph 2." *See* Protective Order, paragraph 6.

Despite this language, Odyssey contends that the artifact listings and photographs should remain confidential because Odyssey generates revenue from the sale of artifact images and documentation and would suffer financial harm if the information were publicly released, and because information gained from the review of the lists and photographs might lead other salvors to the site and could jeopardize site security. The Court finds these arguments unpersuasive because Odyssey agreed to the protective order that specifically states that documents relating to artifacts are not confidential. To the extent Odyssey seeks to protect its interest in selling the photographs, these concerns can be addressed with the use of watermarks or other markings that would make the images not marketable. Accordingly, the Court finds that the artifact summaries and photographs are not properly designated confidential.

However, in the interest of protecting the security of the site, the Court finds that the preliminary site assessments, the site plans, the photographs of the sea bed, and the photomosaics should remain confidential at this stage in the litigation.

Accordingly, it is ORDERED that:

1. Spain's Motion to Compel Compliance with the Court's Disclosure Order (doc. 77) is GRANTED in part and DENIED in part.

2. Spain's Motion for an Order Declaring Certain Materials as Not Confidential (doc. 78)

4

is GRANTED in part and DENIED in part.

3. The Clerk is directed to return to Spain the items filed by Spain under seal as attachments to its Motion for Leave to File Under Seal (doc. 84).

4. Within 30 days, Odyssey or its attorney shall answer in writing the following interrogatories, and shall serve the answers upon every other party and file them with the Clerk of Court:

> Interrogatory #1
>
> State the identity of the vessel relating to the site.
>
> Interrogatory #2
>
> If you are not certain of the identity of the vessel relating to the site, state your good faith belief as to the identity of the vessel.
>
> Interrogatory #3
>
> State your working hypothesis that the site relates to a particular vessel or one among several vessels.
>
> Interrogatory #4
>
> If you are unable to provide the name of a particular vessel or vessels in response to the first three interrogatories, state which vessel you thought you had located to justify the expenditure of corporate funds in exploring the site and recovering artifacts.

6. Ten days after receiving Odyssey's responses, Spain or its attorney shall answer in writing the following interrogatories, and shall serve the answers upon every other party, and file them with the Clerk of Court:

> Interrogatory #1
>
> Describe what evidence supports a Spanish claim to the vessel or artifacts.

Interrogatory #2

From Spain's viewpoint, what vessel is most likely associated with the site?

DONE and ORDERED at Tampa, Florida on March 12, 2008.

_____
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE