UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN ADMIRALTY

| | |
|---|---|
| ODYSSEY MARINE EXPLORATION, INC. | |
| Plaintiff, | CIVIL ACTION |
| v. | |
| | Case No: 8:07-CV-00614-SDM-MAP |
| THE UNIDENTIFIED, SHIPWRECKED VESSEL, if any, its apparel, tackle, appurtenances and cargo located within a five mile radius of the center point coordinates provided to the Court under seal, | |
| Defendant; *in rem* | |
| and | |
| The Kingdom of Spain, | |
| Claimant. | |

## **PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

This Motion is an identical filing being made in cases 8:07-CV-00614-SDM-MAP, and 8:06-CV-01685-SDM-MAP.

**COMES NOW**, Plaintiff, Odyssey Marine Exploration, Inc. ("ODYSSEY"), by and through its undersigned counsel, and moves this Honorable Court to enter a protective order whereby certain information provided in answer to Court-ordered interrogatories shall be kept confidential and under seal, and to have an in camera hearing regarding the basis for this request, and in support thereof would state:

1. As the Court is well aware, this is a historic shipwreck salvage case that creates unique issues for the Court to decide.

2. Due to the nature of historic salvage, a certain amount of confidentiality is inherent in the process. There are a number of companies that would be more than happy to poach on another salvage company's site if they thought it was worthwhile, thus pillaging the site and, at the same time, compromising this Court's jurisdiction in the *res* that is the subject matter of this case.

3. It is the belief and opinion of ODYSSEY that some of the material set forth in the answers to interrogatories could be inflammatory and could initiate a treasure hunting free-for-all at the sites, which are very difficult to monitor and protect.

4. Furthermore, because ODYSSEY'S securities are publicly traded, ODYSSEY is subject to the relevant requirements of the U.S. securities laws and the regulations promulgated thereunder. Among other things, those laws and regulations prohibit ODYSSEY from making selective disclosure of material nonpublic information and could expose ODYSSEY to significant liability for any speculative information that ODYSSEY may disclose publicly regarding the possible identities of vessels which may be related to the subject sites. If this Court were to order public disclosure of the interrogatory responses, Odyssey would be required to file with the U.S. Securities and Exchange Commission (the "SEC") a report that sets forth any material nonpublic information required to be disclosed by the Court. That report would also contain cautionary language that the information contained in the responses is speculative in nature and was only disclosed pursuant to Court order.

5.      Considering the securities issues and, in order to preserve the site in its present archaeological state and to avoid poaching, as well as a salvage feeding frenzy, it is believed that it would be best to have an in camera hearing to discuss why the interrogatories should be kept under seal.

## MEMORANDUM OF LAW

Federal Rules of Civil Procedure 26(c)(1)(A) and (G) provide that a party from whom discovery is sought may move for protective order to protect the party from embarrassment, annoyance, oppression, undue burden or expense and loss of commercial information. The protective motion filed herewith is meant to protect trade secrets, confidential research, which if made public could cause serious financial harm to ODYSSEY and/or the site in question in this case. Federal Rule of Civil Procedure 26(c)(1)(G) was specifically written to give the Court guidance as to the type of discovery that should be protected. In the case of Covey Oil Co. v. Continental Oil Co., 340 F.2d 993, 999 (10th Cir. 1965), the Court recognized that oftentimes information which is required to be disclosed in order to have a full and fair hearing of the case will adversely affect the producing party. Under those circumstances, the Court should take steps to provide for the production of the information but protect it in a way so as to minimize the adverse effect on the producing party. Although this case has been overruled on other issues, the principal set forth above is still good law. In Coca-Cola Bottling Co. of Shreveport, Inc. v. Coca-Cola Co., 107 F.R.D. 288 (D. Del. 1985), the issue was the disclosure of Coca-Cola's secret formulas. The Court recognized that these formulas are trade secrets, however, the Court also recognized a need that the formulas be disclosed for the litigation. The conclusion of the Court was that Coca-Cola would have to

3

produce the requested information, however, only under restrictive and stringent protective orders that safeguarded the information from the general public. In the present case, ODYSSEY is asking for nothing more than was allowed by the District Court in Delaware regarding Coca-Cola.

The security of the subject wreck sites was said to be the primary concern by this Court at the November 26, 2007, Preliminary Pretrial Conference (Transcript page 61), and on March 5, 2008, this Court held a Preliminary Pretrial Conference in which this Court addressed the issues of confidentiality and the protection of information that could compromise the integrity of the wreck sites. (Transcript pages 23 and 45) In the March Pretrial Conference, this Court took note of *Columbus-America Discovery Group v. Atlantic Mut. Ins. Co.*, 203 F.3d 291, 303 (4th Cir. 2000), and its ruling that the pre-mature release of the inventory list from a shipwreck would substantially damage the ultimate value received for the antique gold. (Transcript page 45) In that case, the Fourth Circuit Court only unsealed and released very limited information which related to items in the hands of the Underwriters from their Settlement Agreement. *Columbus-America Discovery Group*, 203 F.3d at 303. Other Courts have also acknowledged the risks that could come from public disclosure of a Defendant shipwreck's location. See *Great Lakes Exploration Group LLC v. The Unidentified Wrecked and Abandoned Sailing Vessel*, 2006 U.S. Dist. LEXIS 84093 (W.D. Mich., Nov. 20, 2006); *Great Lakes Exploration Group LLC v. The Unidentified Wrecked and Abandoned Sailing Vessel*, 2006 U.S. Dist. LEXIS 58616 (W.D. Mich., Aug. 21, 2006).

Furthermore, although Odyssey has rightfully refrained from disclosing information which it considers to be speculative and inconclusive, the Court's Interrogatories now require Odyssey to divulge its leading hypotheses as to the identity of vessels which may be related to the subject sites. Section 10(b) of the Securities Exchange Act of 1934, as amended, and Rule 10b-5 promulgated thereunder, make it unlawful to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make any statement otherwise made not misleading. Because of the significant potential liability imposed by Section 5 and Rule 10b-5, public companies typically refrain from making speculative statements due to the inherent risk that they may ultimately be determined to be untrue or misleading. Should the Court order public disclosure of the interrogatory responses, Odyssey would request adequate time to prepare public notice qualifying the information released pursuant to SEC regulations.

In order to properly discuss these issues, it is necessary to have an in camera hearing. Only at an in camera hearing can all of the information that is sought to be held confidential be discussed without the matters becoming public record.

WHEREFORE, Odyssey Marine Exploration, Inc. respectfully requests this Honorable Court to hold an in camera hearing to discuss the necessity of maintaining the answers to Court-ordered interrogatories under seal.

**CERTIFICATE UNDER LOCAL RULE 3.01(g)**

Pursuant to Local Rule 3.01(g), undersigned counsel certifies that Ms. MacConnel has conferred with counsel for Claimant, The Kingdom of Spain, in a good faith effort to resolve the issues by this Motion, and counsel were unable to agree on the resolution of the same.

Respectfully submitted,

s/ Allen von Spiegelfeld
Allen von Spiegelfeld – FBN 256803
avonsp@fowlerwhite.com
Eric C. Thiel – FBN 016267
ethiel@fowlerwhite.com
FOWLER WHITE BOGGS BANKER P.A.
P.O. Box 1438
Tampa, Florida 33601
(813) 228-7411
Facsimile: (813) 229-8313

s/ Melinda J. MacConnel
Melinda J. MacConnel – FBN 871151
Odyssey Marine Exploration, Inc.
5215 West Laurel Street
Tampa, FL 33607
(813) 876-1776, ext. 2240
Fax: (813) 830-6609
E-mail: mmacconnel@shipwreck.net
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on April 11, 2008, a copy of the foregoing has been furnished by hand delivery to: James A. Goold, Covington & Burling LLP, 1201 Pennsylvania Ave., NW, Washington, DC 20004; and by U.S. Mail to David C. Banker, Bush Ross P.A., 220 S. Franklin Street, P. O. Box 3913, Tampa, FL 33601, *Attorneys for Claimant, Kingdom of Spain* and Frank D. Butler, Law Offices of Frank D. Butler, P.A., 10550 US Hwy 19 North, Pinellas Park, FL 33782, *Attorneys for Intervenor Plaintiff.*

      s/ Allen von Spiegelfeld
Allen von Spiegelfeld – FBN 256803
avonsp@fowlerwhite.com
Eric C. Thiel – FBN 016267
ethiel@fowlerwhite.com
FOWLER WHITE BOGGS BANKER P.A.
P.O. Box 1438
Tampa, Florida 33601
(813) 228-7411
Facsimile: (813) 229-8313


      s/ Melinda J. MacConnel
Melinda J. MacConnel – FBN 871151
Odyssey Marine Exploration, Inc.
5215 West Laurel Street
Tampa, FL 33607
(813) 876-1776, ext. 2240
Fax: (813) 830-6609
E-mail: mmacconnel@shipwreck.net
Attorneys for Plaintiff