IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
IN ADMIRALTY

ODYSSEY MARINE EXPLORATION, INC.,

      Plaintiff**,**

v.

THE UNIDENTIFIED, SHIPWRECKED
VESSEL, if any, its apparel, tackle,
appurtenances and cargo located
within a five mile radius of the center
point coordinates provided to the Court
under seal,

      Defendant,
      *in rem,*

and

THE KINGDOM OF SPAIN,

      Claimant.
_____/

CIVIL ACTION

Case No. 8:07-CV-00614-SDM-MAP

## EXPEDITED INITIAL RESPONSE OF CLAIMANT KINGDOM OF SPAIN TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

This response is an identical filing being made in case number 8:06-CV-01685-SDM-MAP.

Claimant The Kingdom of Spain ("Spain") submits this initial response to Plaintiff's April 11, 2008 Motion for Protective Order seeking a protective order for Odyssey's answers to interrogatories presented by the Court's March 12, 2008 Order. Plaintiff's motion seeks secrecy for its answers, contending that confidentiality is necessary based on precedents such as a

protective order for the Coca-Cola formula and SEC disclosure obligations allegedly requiring that any discussion by Plaintiff of the identity of the "Black Swan" be kept under seal. Counsel for Claimant was provided copies of Odyssey's answers during the evening of April 11 with a demand that the answers be treated as confidential "until such time as the court rules otherwise." Claimant's counsel has respected this request.

On Friday, April 11, at the same time that Odyssey made these representations to the Court and Claimant, Odyssey's Chief Executive Officer, Greg Stemm, was briefing El Pais, a leading Spanish newspaper, regarding Odyssey's purportedly confidential hypothesis for the identity of the "Black Swan". El Pais published its article and interview of Mr. Stemm on April 13, 2008. The article, as published on the El Pais website (English translation and Spanish original attached), includes the following:

> Mark Pizzo, the judge that is mediating the fight between Spain and Odyssey for the rights to the find, gave the company 30 days to reveal the identity of the ship or their most probable hypothesis. In declarations to this newspaper, Greg Stemm, the cofounder of the company, commented on Friday that he had given the judge various hypothesis, among them the *Mercedes*. Stemm did not specify which of them was the most probable, but off the record, that is the most plausible option for the investigators. Even so, Odyssey continues to affirm that indefinite numbers of contradictory proofs impede the exact identification of the ship.
>
> ***
>
> The keys to this battle involve the legal condition of the ship at that time. History gives credence to the fact that the *Mercedes* was a warship that participated in various battles. According to that classification as the State's ship, the Spanish Government would be able to claim it. There is jurisprudence to that respect in at least two cases, with the ships *La Galga de Andalucia* and *El Juno*, returned to Spain in 2000 after having been discovered by a marine salvage company also from the U.S.
>
> Odyssey thinks something else. It considers that the ship was realizing non-military tasks when it sunk. A simple particular ship loaded with the fortunes of thousands of merchants and their families. Those families are important because

they could give the story a radical turn. Better yet, their last names. If it is shown that the ship is the *Mercedes*, Odyssey could offer the descendants the possibility of claiming part of that fortune.

Claimant respectfully request that the Court compare the contents of the El Pais article to the interrogatory answers filed by Odyssey under seal in this case. Mr. Stemm's public statements about the content of Odyssey's supposedly confidential interrogatory answers contradict Odyssey's representations to the Court about Odyssey's alleged need for secrecy regarding virtually all proceedings concerning the shipwrecks. This comes, moreover, against a background of months of delay and wasted time and expense occasioned by claims by Odyssey that it could not identify the vessel and that any information relating to the vessel is supposedly of the utmost confidentiality.

James A. Goold, Lead Counsel for Spain, wishes to advise the Court that he is presently in the Tampa area with a Spanish delegation seeking to conduct an inspection of artifacts and can be available on short notice for a hearing, should the Court wish to have the parties, including Mr. Stemm, before it.

Spain requests that Odyssey's motion for protective order be summarily denied and that the Court grant such other and further relief deemed appropriate under these confounding circumstances.

By: /s James A. Goold
James A. Goold, Esquire
District of Columbia Bar No. 430315
Covington & Burling
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2401
Phone: (202) 662-5507
Fax: (202) 662-6291
Email: jgoold@cov.com

and

By: /s David C. Banker
David C. Banker, Esquire
Florida Bar No. 352977
BUSH ROSS, P.A.
P.O. Box 3913
Tampa, FL 33601-3913
Ph.: (813) 224-9255
Fax: (813) 223-9620
Email: dbanker@bushross.com
Attorneys for Claimant

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of April, 2008, I electronically filed the foregoing with the Clerk of the Court by using CM/ECF system which will send a notice of electronic filing to the following: **Allen von Spiegelfeld, Esquire,** Fowler White Boggs Banker P.A., P.O. Box 1438, Tampa, Florida 33601 and **Melinda J. MacConnel, Esquire,** Odyssey Marine Exploration, Inc., 5215 West Laurel Street, Tampa, Florida 33607, Attorneys for Plaintiff; and **Frank D. Butler, Esquire,** Law Offices of Frank D. Butler, P.A., 10550 US Hwy 19 North, Pinellas Park, Florida 32782, Attorney for Intervenor Plaintiff.

s/ David C. Banker

#518474v1