UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ODYSSEY MARINE EXPLORATION, INC.,

    Plaintiff,

v.    CASE NO.: 8:07-cv-614-T-23MAP

THE UNIDENTIFIED SHIPWRECKED
VESSEL, its apparel, tackle,
appurtenances and cargo located
within a five mile radius of the center
point coordinates provided to the Court
under seal,
    Defendant,
    *in rem*

and

THE KINGDOM OF SPAIN,

    Claimant.
_____/

## **ORDER**

Odyssey Marine Exploration, Inc. has filed identical motions for a protective order in the cases numbered 8:06-cv-1685-T-23MAP (doc. 105) and 8:07-cv-614-T-23MAP (doc. 99). In each case, this Court ordered Odyssey to answer interrogatories relating to the identity of the vessel associated with the site. Odyssey has filed its responses under seal, and in its motions for protective order, requests that the Court keep these documents confidential and under seal in the interest of site security and Odyssey's concerns about potential liability for disclosure of speculative information under securities laws and regulations. Spain, with good reason, objects to the motion.

The Court finds Odyssey's appeal for secrecy to be disingenuous and utterly without merit. The interrogatories for the most part express Odyssey's uncertainty about the identity of the vessels related to the sites it has located. Although Odyssey provided a vessel name in each case in

response to the interrogatory requiring Odyssey to state its "working hypothesis that the site relates to a particular vessel or one among several vessels," Odyssey has not treated these vessel names as closely guarded secrets. In 8:06-cv-1685-T-23MAP, Odyssey's interrogatory response states that "[c]ertain characteristics of the site . . . appear to correspond positively with the loss of the *Merchant Royall (British Merchant vessel Captained by John Limbrey and lost in 1641)*." However, Odyssey previously made public the possible association of the site with the Merchant Royal by filing as an exhibit to its answer to the intervening complaint a contract referring to Keith Bray's research on the Merchant Royal (8:06-cv-1685-T-23MAP, doc. 79-2).

Likewise, Odyssey has already released to the media the vessel name it provides in response to the "working hypothesis" interrogatory in 8:07-cv-614-T-23MAP. Odyssey states in its interrogatory response that "[o]ne vessel Odyssey has considered which may be related to the site is the '*Nuestra Senora de las Mercedes y las Animas*' . . ., a Spanish vessel which had been assigned to transport mail, private passengers and consignments of merchant goods and other cargoes at the time of its sinking in 1804." However, in its response to Odyssey's motion for protective order, Spain cites to an April 13, 2008, article that appeared in the Spanish newspaper El País, in which Odyssey's Chief Executive Officer, Greg Stemm, acknowledged that he had provided several hypotheses to this Court, among them the *Mercedes*. *See* doc. 100-2.

In sum, Odyssey's actions in releasing the vessel names contradict its claims that continued secrecy is necessary due to site security and Odyssey's responsibilities under securities laws and regulations. Particularly in light of Odyssey's professed uncertainty as to the identity of the vessel in its interrogatory responses, the Court finds it unlikely that the public release of the information would ignite a "treasure hunting free-for-all" as Odyssey claims. Speculation that these sites may

relate to the Merchant Royal and the Mercedes is already widespread.[1]  Dramatic appeals for continued secrecy for information that is not particularly secret would seem more likely to inflame a treasure hunting frenzy than the public release of the possible vessel names with Odyssey's qualifications that some information is "inconsistent" with these hypotheses and more research is required.  In sum, the Court finds that Odyssey has failed to demonstrate good cause for the protective order.  Accordingly, it is hereby

    ORDERED:

    1.    Odyssey's Motion for Protective Order (doc. 99) is DENIED.

    2.    The Clerk is directed to file Odyssey's April 11, 2008, answers to interrogatories in the public file.

    DONE AND ORDERED in Tampa, Florida on April 17, 2008.

*[signature]*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

cc: Counsel of Record

---

[1] *See, e.g.*, John Colapinto, *Secrets of the Deep*, The New Yorker, April 7, 2008, p. 44, 55.