IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
IN ADMIRALTY

| | | |
|---|---|---|
| ODYSSEY MARINE EXPLORATION, INC. | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | Case No: 8:07-CV-00614-SDM-MAP |
| | : | |
| THE UNIDENTIFIED SHIPWRECKED VESSEL, | : | |
| if any, its apparel, tackle, appurtenances and | : | |
| cargo located within a five mile radius of the | : | |
| center point coordinates provided to the Court | : | |
| under seal, | : | |
| | : | |
| Defendant; | : | |
| *in rem* | : | |
| | : | |
| and | : | |
| | : | |
| THE KINGDOM OF SPAIN, | : | |
| | : | |
| Claimant. | : | |
| _____/ | : | |

**CLAIMANT KINGDOM OF SPAIN'S MOTION TO COMPEL SERVICE BY
PLAINTIFF OF AN AFFIDAVIT FILED WITH THE COURT UNDER SEAL**

Claimant Kingdom of Spain ("Spain") hereby moves pursuant to Rules 1 and 5 of the Federal Rules of Civil Procedure for an Order directing Plaintiff Odyssey Marine Exploration, Inc. ("Odyssey") to serve on Spain's counsel an affidavit filed by Odyssey with the Court and for such sanctions as the Court may deem appropriate under the circumstances. Counsel for Spain certifies that repeated requests have been made of Odyssey's counsel for the document in question, an affidavit of Odyssey's Chief Executive Officer Greg Stemm filed under seal on January 10, 2008 (Dkt. S-2). Spain's counsel was not served with the affidavit at the time of filing and has not been provided a copy, despite requests made over a three-week period. Spain's counsel has been advised instead that Odyssey has not decided whether to authorize its

counsel to allow Spain's counsel to receive the sealed document(s). Spain respectfully submits that it should not be required to wait any longer for compliance with a basic obligation of Odyssey.

**Memorandum of Law**

On January 10, 2008, the same day an Initial Pretrial Conference was held, Odyssey filed under seal an affidavit of Mr. Stemm (Dkt. S-2) in support of Odyssey's Motion for Protective Order (Dkt. 72). Odyssey did not serve on Spain's counsel a copy of the affidavit at that time. In the wake of this Court's Order of April 17, 2008 (Dkt. 104), Spain's counsel has made repeated requests for copies of the affidavit beginning with a letter dated April 18, and followed by several e-mails and telephone calls. (Exhibit 1.) Odyssey's counsel has advised that he would need to obtain instructions from his client on whether a copy would be provided. Odyssey's counsel has now advised that his client considers the affidavit "of no value to [Spain's counsel]" and that his client still has not decided whether to provide the sealed document(s) to Spain's counsel.

The Court has advised the parties that cases in this Court are guided by Rule 1 of the Federal Rules of Civil Procedure. Rule 1 provides that the Federal Rules of Civil Procedure are to be "construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." For its part, Rule 5 requires service on opposing counsel of, among other things, "written motion[s]" and "any similar paper." "[T]he language 'similar paper' means that a number of documents not mentioned specifically in Rule 5, such as *affidavits supporting or opposing motions*, *must be served on each party's attorney* in the manner prescribed in Rule 5(b)." C. Alan Wright & Arthur R. Miller, 4B Federal Practice & Procedure § 1143 (2008) (emphasis added). Accordingly, Odyssey was required to serve the sealed document(s) on Spain's counsel and to rectify its failure to do so immediately. The integrity of

2

the litigation process is plainly compromised when a party takes the position that it can unilaterally decide whether and when it will provide opposing counsel with papers it has filed with the Court.

In its Order of April 17, 2008 (Dkt. 104), the Court admonished Plaintiff for its conduct regarding the filing under seal of its Answers to the Court's Interrogatories (Dkt. 105). The Court reinforced that admonition in a telephone conference conducted that day and warned that similar conduct would result in sanctions. The Court's warning appears to have fallen on deaf ears.

There should be no question that Plaintiff must serve on opposing counsel the papers it has filed with the Court, especially when it is called on to rectify a failure to do so. Because the subject matter of the affidavit appears to be the same as that which the Court addressed in its Order and telephone conference of April 17, 2008, disclosure and examination of the affidavit is also necessary to consider whether there has been a pattern of misleading representations to the Court regarding Odyssey's claims of confidentiality.[1] Spain accordingly moves for an Order directing immediate service by Plaintiff on opposing counsel of the affidavit by Mr. Stemm filed under seal on January 10, 2008 and respectfully requests that the Court consider appropriate sanctions.

Respectfully submitted on May 13, 2008 by:

---

[1] Claimant notes that the January 9, 2008 affidavit was not the first affidavit by Mr. Stemm which Plaintiff has filed with the Court in support of claims of confidentiality. On August 6, 2007, an affidavit by Mr. Stemm was also filed in support of an Motion for Protective Order by Odyssey (Dkt. 22-2). That affidavit claimed that Odyssey maintains a "strict nondisclosure policy which serves to assure that no information will be leaked, under strict penalties and consequences for anyone that violates this policy." (Dkt. 22-2, ¶ 8).

| | |
|---|---|
| s/ James A. Goold_____ | |
| James A. Goold | David C. Banker |
| District of Columbia Bar # 430315 | Florida Bar # 352977 |
| Covington & Burling LLP | Bush Ross, PA |
| 1201 Pennsylvania Ave., NW | 220 S. Franklin Street |
| Washington, DC 20004 | P.O. Box 3913 |
| Telephone: (202) 662-5507 | Tampa, Florida 33601-3913 |
| Fax: (202) 662-6291 | Telephone: (813) 224-9255 |
| E-mail: jgoold@cov.com | Fax: (813) 223-9255 |
| | E-mail: dbanker@bushross.com |

**Certificate of Service**

I hereby certify that on this 13th day of May 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following: Allen von Spiegelfeld, Esq., Fowler White Boogs Banker P.A., P.O. Box 1438, Tampa, Florida 33601 and Melinda J. MacConnel, Esq., Odyssey Marine Exploration, Inc., 5215 West Laurel Street, Tampa, Florida 33607, Attorneys for Plaintiff.

                                                  s/ James A. Goold