UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ODYSSEY MARINE EXPLORATION, INC.,

    Plaintiff,

v.    CASE NO.: 8:07-cv-614-T-23MAP

THE UNIDENTIFIED SHIPWRECKED
VESSEL, if any, its apparel, tackle,
appurtenances and cargo located
within a five mile radius of the center
point coordinates provided to the Court
under seal,

    Defendant,
    *in rem*

and

THE KINGDOM OF SPAIN,

    Claimant.
_____/

**ORDER**

    The Kingdom of Spain contends that the vessel which is the subject of this case is the Spanish Royal Navy Frigate Nuestra Señora de las Mercedes ("Mercedes"), and states its intention to file a dispositive motion asserting that the Mercedes is immune from any claims or arrest in the United States under, *inter alia*, the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1609 and 1611, and Article X of the Treaty of Friendship and General Relations Between the United States and Spain, 33 Stat. 2105.

    The parties have not yet briefed the issue, and the Court has not determined whether immunity under any of these authorities applies. Nonetheless, because Spain's assertion of sovereign immunity is a challenge to this Court's jurisdiction, the Court is duty-bound to determine this issue at the earliest possible stage in the case. *Guevara v. Republic of Peru*, 468

F.3d 1289, 1305 (11th Cir. 2006) ("A court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings."). Although it is not yet clear whether FSIA applies in this context, the Court finds that the approach courts take in FSIA cases – ordering discovery "circumspectly and only to verify allegations of specific facts crucial to an immunity determination" – is likewise appropriate here. *See Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 849 (5th Cir. 2000); *Howland v. Hertz Corp.*, 431 F.Supp.2d 1238, 1244 (M.D. Fla. 2006) ("[S]overeign immunity is an immunity from the burdens of becoming involved in any part of the litigation process, from pretrial wrangling to trial itself. . . . The Court . . . must balance 'between permitting discovery to substantiate exceptions to statutory foreign sovereign immunity and protecting a sovereign's or sovereign agency's legitimate claim to immunity from discovery.'").

Accordingly, the Court will defer setting discovery deadlines for sixty days to allow Spain to file a dispositive motion asserting sovereign immunity. Odyssey then will have sixty days to respond. If, in framing its response, Odyssey determines discovery is warranted relating to particular issues Spain raises in its motion, Odyssey may make a specific request for leave from the Court to conduct discovery on those issues. Accordingly, it is hereby

ORDERED:

    1. Counsel for Spain is directed to file a motion asserting immunity on or before August 11, 2008.

2. Counsel for Odyssey is directed to file a response on or before October 10, 2008.

DONE AND ORDERED in Tampa, Florida on June 11, 2008.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Steven D. Merryday
Counsel of Record