IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
IN ADMIRALTY

ODYSSEY MARINE EXPLORATION, INC.,

        Plaintiff,

v.                                          Case No. 8:07-CV-00614-SDM-MAP

THE UNIDENTIFIED SHIPWRECKED
VESSEL, if any, its apparel, tackle,
appurtenances and cargo located
within a five mile radius of the center
point coordinates provided to the Court
under seal,

        Defendant,
        *in rem*

and

THE KINGDOM OF SPAIN,

        Claimant,

_____/

**CLAIMANT KINGDOM OF SPAIN'S MOTION
TO REQUIRE ODYSSEY TO SHOW CAUSE WHY THE
<u>ARREST SHOULD NOT BE VACATED AND FOR OTHER RELIEF</u>**

Claimant Kingdom of Spain ("Spain") hereby moves pursuant to Rule E(4)(f) of

the Supplemental Rules for Certain Admiralty and Maritime Claims to require Odyssey

to show cause why the arrest issued in this case (Dkt. 5) should not be vacated and for

other relief. This motion is filed to supplement Spain's concurrent Motion to Dismiss or

for Summary Judgment as additional grounds for vacation of the arrest and dismissal of

Odyssey's Complaint.

## MEMORANDUM OF LAW

Supplemental Rule E(4)(f), titled "Procedure for Release From Arrest or Attachment," provides in relevant part that "[w]henever property is arrested or attached, any person claiming an interest in it shall be entitled to a prompt hearing at which the plaintiff shall be required to show why the arrest or attachment should not be vacated or other relief granted consistent with these rules." This rule "guarantee[s] to the shipowner a prompt post-seizure hearing at which he can attack the complaint, the arrest, the security demanded or any other alleged deficiency in the proceedings." Fed. R. Civ. P. Supp. R. E(4) (Advisory Comm. Note to 1985 Amendment).

Rule E(4)(f) thus requires Odyssey to show in opposition to this motion why the arrest of the Defendant in this case (Dkt. 5) should not be vacated. The Advisory Committee Note makes explicit what the "show cause" requirement in Rule E(4)(f) necessarily implies: in response to such a motion, "[t]he plaintiff has the burden of showing why the seizure should not be vacated." *Id.*; *see Sonito Shipping v. Sun United Maritime,* 478 F. Supp. 2d 532, 536 (S.D.N.Y. 2007) ("Rule E(4)(f) clearly places the burden on the plaintiff to show that an attachment was properly ordered . . . ."); *see also Aqua Stoli Shipping, Ltd. v. Gardner Smith Pty Ltd.,* 460 F. 3d 434, 445 (2d. Cir. 2006) ("[A] district court *must* vacate an attachment if the plaintiff fails to sustain his burden . . . .") (emphasis added).

As noted in Spain's Memorandum of Law in Support of Its Motion to Dismiss or for Summary Judgment,[1] Spain's showing that the *Mercedes* is a warship of the Royal Spanish Navy places the burden on Odyssey to show that an exception to sovereign immunity exists. Rule E(4)(f) reinforces that it is Odyssey's burden to show that the *Mercedes* is not subject to sovereign immunity and the arrest issued on Odyssey's *ex parte* motion (Dkt. 5) should not therefore be vacated. Additionally, Rule E(4)(f) places the burden on Odyssey to show that the arrest is proper even though Spain has not abandoned the *Mercedes* and has refused salvage, as discussed in Spain's Motion to Dismiss or for Summary Judgment. Rule E(4)(f) also places the burden on Odyssey to show that its Complaint should not be dismissed and the arrest should not be vacated for failure by Odyssey to comply with the high standard of conduct required of a salvage claimant, as is also set forth in Spain's Motion to Dismiss or for Summary Judgment. For the reasons shown in Spain's Motion to Dismiss or for Summary Judgment, Spain respectfully submits that Odyssey cannot meet its burden on these dispositive issues.

Furthermore, the Court has inherent authority to vacate the arrest and to dismiss Odyssey's *in rem* claims. "[A] district court has the inherent authority to vacate an attachment 'upon a showing of any improper practice' or a 'manifest want of equity on the part of plaintiff.'" *Proshipline Inc. v. Aspen Infrastructures Ltd.*, 533 F. Supp. 2d

---

[1] To avoid repetition, Spain incorporates by reference the Memorandum of Law, declarations and other materials submitted in support of its Motion to Dismiss or for Summary Judgment filed concurrently with this motion. Spain would also agree that this motion may be heard and decided in conjunction with that motion.

422, 429 (S.D.N.Y. 2008) (quoting *Blake Maritime v. Petrom*, No. 05-cv-8033, 2005 WL 2875335, at *5 (S.D.N.Y. Oct. 31, 2005) in citation).

In addition to the facts regarding Odyssey's conduct set forth in Spain's Motion to Dismiss or for Summary Judgment as grounds for dismissal of Odyssey's remaining claims in this case, the following additional matters relating to the arrest justify its being vacated:

- When it moved for the arrest, Odyssey represented to the Court that "[t]he Defendant Shipwrecked Vessel(s) is believed to be a sunken vessel." (Mot. for Order Directing Clerk to Issue Warrant of Arrest in Rem 2 (April 11, 2007) (Dkt. 3).) Yet, in response to interrogatories propounded by the Court, Odyssey stated that "the most outstanding characteristic of the site is that there is an actual absence of a vessel." (Answers to Ct. Interrogs. (April 17, 2008) (Dkt. 105).) Spain respectfully submits that the photographs and other evidence presented with its Motion to Dismiss or for Summary Judgment show that Odyssey's disingenuous April 2008 denial that a shipwreck is present at the site warrants vacating the arrest and other relief under Rule E(4)(f) and the inherent authority of the Court.

- When it moved for the arrest, Odyssey represented to the Court that it would turn over artifacts from the shipwreck to the U.S. Marshal "[o]nce the recovery of artifacts begins . . . ." (Motion for Order Directing Clerk to Issue Warrant of Arrest in Rem 2 (Dkt. 3).) Yet, the day before it made this representation, on April 10, 2007, Odyssey executed an Application for Export License in Gibraltar for a private-aircraft load of 203 gold and 10,800 silver coins, copper ingots, tin ingots, military items, and other items taken from the shipwreck (Ex. to Claimant's Mot. to Dismiss & for Other Relief (Sept. 19, 2007) (Dkt. 37-2).)

- The Application for Export License that Odyssey executed on April 10, 2007 in Gibraltar represented that "[t]he merchandise has been recovered pursuant to a federal arrest and resulting court order." (*Id.* at 4-5.) No such arrest or order existed: Odyssey had not even sought an arrest at the time.

For the reasons presented in this motion and in its Motion to Dismiss or for Summary Judgment, Spain respectfully submits that Odyssey cannot meet its burden of proof to sustain the arrest and its claims in this case. Spain accordingly moves pursuant to Rule E(4)(f) and the inherent authority of the Court to vacate the arrest, dismiss Odyssey's Complaint, terminate Odyssey's appointment as substitute custodian and direct release to the custody of Spain of all artifacts taken from the Defendant.

Respectfully submitted on September 22, 2008,

s/ James A. Goold

James A. Goold
District of Columbia Bar # 430315
Covington & Burling LLP
1201 Pennsylvania Ave., NW
Washington, DC 20004
Telephone: (202) 662-5507
Fax: (202) 662-6291
E-mail: jgoold@cov.com

David C. Banker
Florida Bar # 352977
Bush Ross, PA
220 S. Franklin Street
P.O. Box 3913
Tampa, Florida 33601-3913
Telephone: (813) 224-9255
Fax: (813) 223-9255
E-mail: dbanker@bushross.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused the foregoing Claimant Kingdom of Spain Motion To Require Odyssey To Show Cause Why The Arrest Should Not Be Vacated And For Other Relief to be served on counsel of record for Plaintiff Odyssey Marine Exploration and Conditional Claimant Republic of Peru via the Court's CM/ECF system this 22nd day of September, 2008.

s/ James A. Goold_____<br>
James A. Goold