IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

*IN ADMIRALTY*

ODYSSEY MARINE EXPLORATION, INC.

 Plaintiff, CIVIL ACTION

v.
 Case No. 8:07-CV-00614-SDM-MAP
THE UNIDENTIFIED, SHIPWRECKED
VESSEL, if any, its apparel, tackle,
appurtenances and cargo located within a
five mile radius of the center point co-
ordinates provided to the Court under seal,

 Defendant,
 *In Rem*

And

The Kingdom of Spain and the Republic of Peru,

 Claimants;

And

Gonzalo de Aliaga (the Count of San Juan de Lurigancho), Agustin de Aliaga (the current Marques de Zelada de la Fuente), Gonzalo Alvarez del Villar, Ignacio de Colmenares (the 11th Count of Polentinos), Alberto Emilio Thiessen, Enriqueta Pita Duthurburu, Flora Leonor Perales Calderon de Colmenares, Felipe Voyest, Adela Armida de Izcue Bazo, Carola Daireaux Kinsky, Eleonora Daireaux Kinsky, Matilde Daireaux Kinsky, Julio Vega Eurasquin, Inez Marquez Osorio, Javier de Goyeneche (the current Count of Guaqui and Marques de Villafuente)

 Claimants.
 /

**VERIFIED CLAIMS OF NAMED DESCENDANTS**

Pursuant to Supplemental Admiralty Rule C(6), Claimants, Gonzalo de Aliaga (the Count of San Juan de Lurigancho), Agustin de Aliaga (the current Marques de Zelada de la Fuente), Gonzalo Alvarez del Villar, Ignacio de Colmenares (the 11th Count of Polentinos), Alberto Emilio Thiessen, Enriqueta Pita Duthurburu, Flora Leonor Perales Calderon de Colmenares, Felipe Voyest, Adela Armida de Izcue Bazo, Carola Daireaux Kinsky, Eleonora Daireaux Kinsky, Matilde Daireaux Kinsky, Julio Vega Eurasquin, Inez Marquez Osorio, Javier de Goyeneche (the current Count of Guaqui and Marques de Villafuente) (collectively referred to herein as "Descendant Claimants") submit this Claim with respect to the contents, artifacts, and cargo that are or may become the subject of this proceeding, and in support thereof state as follows:

## BASIS FOR CLAIMS

1. The Descendant Claimants take notice of the *In Rem* salvage action filed by Plaintiff ODYSSEY MARINE EXPLORATION, INC. ("Odyssey") in this case. On information and belief, this admiralty proceeding may involve property owned by direct ancestors of each Claimant named herein and to which the Descendant Claimants have valid legal claim.

2. Plaintiff, Odyssey, has stated in its pleading that, "One vessel Odyssey has considered which may be related to the site is the *Nuestra Senora de las Mercedes* (the "Mercedes") a vessel transporting private passengers and consignments of merchant goods and other private cargoes. At the time of its sinking in 1804, it was reportedly sailing under the Spanish flag. (Plaintiff's Interrogatory response filed on April 17th, 2008).

3. Additionally, Claimant, Spain has declared:

"The vessel and its contents which are the subject of this case are the remains of the Spanish Royal Navy Frigate *Nuestra Senora de las Mercedes* ("Mercedes"), which exploded and sank in combat on October 5th, 1804 during the Battle of Cape St. Mary south of Portugal and west of Cadiz, Spain."

And

"In addition to ship fittings, appurtenances, and other characteristics of a Spanish Navy vessel, the artifacts include extensive quantities of other materials that are documented as having been on Mercedes."

And

"Coins taken by Odyssey from the site provide further definitive identification of the site as "Mercedes". (Spain's Interrogatory Responses filed on May 8th, 2008). (Dkt. 107)

4. If it is determined by the Court that the salvage artifacts and coins were being carried on the Mercedes and/or that any portion of the cargo recovered by Odyssey came from the Mercedes, the Descendant Claimants present to this Court a formal claim based upon the undisputed fact that a portion of the merchant goods and coins carried aboard the Mercedes are owned by the ancestors of the Descendant Claimants. Ownership of these items legally passed from the original private owners to the Descendant Claimants.

5. The Descendant Claimants maintain their interest in all of their property that may be the subject matter of this proceeding and have not abandoned such ownership interests, either expressly or by implication. All such rights in property, artifacts and other items sunken at sea are and have been reserved.

6. Furthermore, the Descendant Claimants have entered into negotiations with the Plaintiff/Salvor Odyssey to formalize an agreement whereby the Descendant Claimants will grant to Odyssey the right to salvage the remaining portions of their property. Regardless of the formal execution of such an Agreement, the Descendant Claimants are entitled to this Court's protection of their ownership interest minus an appropriate salvage award to Odyssey as salvor and as salvor-in-possession in this case.

7. Descendant Claimants Gonzalo Jorge de Aliaga (the Count of San Juan de Lurigancho), Jose Agustin de Aliaga (the current Marques de Zelada de la Fuente) and Gonzalo Alvarez del Villar are descendants of Sebastian de Aliaga (the Marques de Zelada de la Fuenta), the owner of 12,344 coins consigned and shipped aboard the Mercedes.

8. Descendant Claimants Jose Agustin de Aliaga (the current Marques de Zelada de la Fuente), Ignacio de Colmenares (the 11th Count of Polentinos) and Gonzalo Jorge de Aliaga (the Count of San Juan de Lurigancho) are descendants of the Marquez de Zelada de la Fuente, the owner of 1,800 coins consigned and shipped aboard the Mercedes.

9. Descendant Claimant Alberto Emilio Thiessen is a descendant of Damaso de Arias, the owner of 18,600 coins consigned and shipped aboard the Mercedes.

10. Descendant Claimant Enriqueta Pita Duthurburu is a descendant of Francisco Vasquez de Uzieda, the owner of 12,932 coins consigned and shipped aboard the Mercedes.

11. Descendant Claimant, Flora Leonor Perales Calderon de Colmenares is a descendent of Rafael Francisco Mendez y Verdejo the owner of 1,000 coins consigned and shipped aboard the Mercedes.

12. Gonzalo Alvarez del Villar and Felipe Voyest are descendants of Antonio Alvarez del Villar, the owner of 26,016 coins consigned and shipped aboard the Mercedes.

13. Adela Armida de Izcue Bazo is a descendant of Francisco Xavier de Izcue, the owner of 39,837 coins consigned and shipped aboard the Mercedes.

14. Carola Daireaux Kinsky, Eleanora Daireaux Kinsky, Matilde Daireaux Kinsky are the descendants of Diego de Alvear, the owner of 26,000 coins consigned and shipped aboard the Mercedes.

15. Julio Vega Erausquin is a descendant of Jose de Erausquin, the owner of 7,000 coins consigned and shipped aboard the Mercedes.

16. Ignacio de Colmenares (the 11th Count of Polentinos) and Inez Marquez Osorio are descendants of Conde de Polentinos (the 3rd Count of Polentinos), the owner of 1,500 coins consigned and shipped aboard the Mercedes.

17. Javier de Goyenecha (the current Count of Guaqui and Marques de Villafuente) is a descendant of Agustin de Querejazu, Aguerrevere y Lostra (the Count of Guaqui), and Juan Miguel de Lostra, the owners of

10,500, and 13,900, and 10,100 coins respectively that were consigned and shipped aboard the Mercedes.

18. Descendant claimants will file under separate cover a list of Cargo and owners of the cargo carried on board the Mercedes upon which the Descendant Claimants present to this Court a formal claim based upon the undisputed fact that a substantial portion of the merchant goods and coins carried on board the Mercedes are owned by the Descendant Claimants as the ownership of the items legally passed from the original private owners to the Descendant Claimants.

## CLAIM IN EQUITY

19. Noting that Courts sitting in admiralty jurisdiction also have jurisdiction in equity to adjudicate the rights of all claimants, and notwithstanding the foregoing, the Descendant Claimants further assert that their rights to the property belonging to their ancestors inure to their benefit under equity and all principles of justice.

## OBJECTION TO VERIFIED CLAIM OF SPAIN

20. The Descendant Claimants object to the Verified Claim submitted by the Kingdom of Spain herein as it attempts to interfere with and abolish the rights of the Descendant Claimants to property in which they have ownership rights by virtue of inheritance and/or other legal or equitable transfer as may apply.

21. The Descendant Claimants further object to any claim of Spain that the private property owned by the ancestors of Descendant Claimants to which possessory and legal rights have transferred to the Descendant Claimants are subject to "sovereign immunity" of Spain or any other foreign sovereign.

22. In order for Spain to avoid the claim of Descendant Claimants, Spain must (at an absolute minimum) assert a "colorable claim" to the privately owned items shipped aboard the Mercedes. Florida Dept. of State v. Treasure Salvors, 458 U.S. 670, 697 (1982).

23. In order for Spain to avoid the claim of Descendant Claimants, Spain must (at an absolute minimum) prove that it is or was in "actual possession" of the privately owned items shipped aboard the Mercedes. The Davis, 77 U.S. (10 Wall) 15, 21 (1869); Deep Sea Research v. The Brother Jonathan, 102 F. 3d 379 (9th Cir. 1996), affirmed in part, vacated in part; California v. Deep Sea Research, 521 U.S. 491, 507 (1998), Compania Espanola de Nevagacion Maritima, S.A. v. The Navemar, 303 U.S. 68, 75-76 (1938).

## JURISDICTION AND VENUE

24. The Descendant Claimants hereby submit to and accept the jurisdiction of this Court over the case, over them *in personum*, and over the property to which they have a valid claim and interest.

25. The Descendant Claimants furthermore object to the Motion to Dismiss or for Summary Judgment filed herein by Claimant, Kingdom of Spain, on

September 22, 2008. The Descendant Claimants shall file a separate Objection thereto.

**WHEREFORE**, Descendant Claimants respectfully request this Honorable Court to consider their claims submitted herein and to award them the property to which they demonstrate an ownership interest or in the alternative the value of that property minus a fair salvage award and other such relief in law or equity as this Court may deem appropriate.

Dated this _14_ day of November 2008.

Respectfully submitted,

HORAN, WALLACE & HIGGINS, LLP
608 Whitehead Street
Key West, Florida 33040
Telephone (305) 294-4585
Facsimile (305) 294-7822

DAVID PAUL HORAN
Fla. Bar 142474

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused the foregoing Verified Claim of Descendants to be served on counsel of record for Plaintiff Odyssey Marine Exploration, Inc., Conditional Claimant Republic of Peru, James A. Gould and David C. Banker for the Kingdom of Spain by filing with the Court via its CM/ECF system.

Respectfully submitted,

DAVID PAUL HORAN
For the Firm
Fla. Bar No. 142474
E-Mail: dph@horan-wallace.com