IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN ADMIRALTY

ODYSSEY MARINE EXPLORATION, INC.

                Plaintiff,                CIVIL ACTION

       v.

                                         Case No: 8:07-cv-00614-SDM-MAP

THE UNIDENTIFIED, SHIPWRECKED VESSEL,
If any, its apparel, tackle, appurtenances and
cargo located within a five mile radius of the
center point coordinates provided to the Court
under seal,

                Defendant,
                *in rem*
and

The Kingdom of Spain and The Republic of Peru,

                Claimants,

and

(Gonzalo de Aliaga (the Count of San Juan
de Lurigancho), Agustin de Aliaga (the current
Marques de Zelada de la Fuente), Gonzalo
Alvarez del Villar, Ignacio de Colmenares (the
11th Count of Polentinos), Alberto Emilio Thiessen,
Enriqueta Pita Duthurburu, Flora Leonor Perales
Calderon de Colmenares, Felipe Voyest, Adela
Armida de Izcue Bazo, Carola Daireaux Kinsky,
Eleonora Daireaux Kinsky, Matilde Daireaux Kinsky,
Julio Vega Eurasquin, Inez Marquez Osorio, Javier
de Goyeneche (the current Count of Guaqui and
Marques de Villafuente)

                Claimants.
_____/

# PLAINTIFF'S RESPONSE TO CLAIMANT KINGDOM OF SPAIN'S MOTION TO REQUIRE ODYSSEY TO SHOW CAUSE WHY THE ARREST SHOULD NOT BE VACATED AND OTHER RELIEF

COMES NOW the Plaintiff, Odyssey Marine Exploration, Inc., ("Odyssey"), by and through its undersigned counsel, and responds to Claimant Kingdom of Spain's ("Spain") Motion to Show Cause Why The Arrest Should Not be Vacated and for Other Relief (Dkt. 132). Odyssey hereby objects to Spain's Motion to Show Cause.

## MEMORANDUM OF LAW

Spain asserts in its various concurrent motions (Dkts. 131, 132) that the Defendant in this *in rem* proceeding is in fact the *Mercedes* and continues to refer to the Defendant in terms which imply that there is in fact a vessel present on the site captioned above. Odyssey has presented contradictory evidence in its Response to Spain's Motion to Dismiss or for Summary Judgment (Dkt. 131) as to both the nature of the Defendant site and the sovereign status of the *Mercedes*. The Response is filed concurrently with this Objection and is incorporated herein by reference.

Although, as the Kingdom of Spain has asserted, the burden is on the arresting party to show that the arrest was justified, that does not mean that Odyssey has to prove their case at this time. *Linea Naviera de Cabotaje, C.A. v. Mar Caribe de Navegacion, C.A.*, 169F.Supp.2d 1341 (M.D. Fla. 2001). All that Odyssey has to establish is that there was "reasonable grounds" to issue the warrant of arrest. *20th Century Fox Film Corp. v. M.V. Ship Agencies, Inc.*, 992 F.Supp. 1423, 1427 (M.D. Fla. 1997). There is no dispute that this is an admiralty salvage action. As such, the arrest of the salvage site and artifacts is appropriate. *California v. Deep Sea Research*, 523 U.S. 491, 118 S.Ct. 1464, 149 L.Ed.2d

626 (1998). Once it is shown that there were reasonable grounds for the arrest, it is incumbent upon the Court to deny the motion to vacate. In *PDS Gaming Corp. v. M/V OCEAN JEWELL OF ST. PETERSBURG, et al.*, 2007 WL 2988798 (C.A. 11 (Fla.)), the appellate court admonished the district court for going beyond determining that the plaintiff was entitled to obtain a warrant for arrest. Clearly, the pleadings in this case show that Odyssey was entitled to a warrant for arrest.

It has not been established that Spain has a valid claim, on any level, regarding the Defendant in this matter, much less complete ownership and possession. In *20th Century Fox Film Corp. v. M.V. Ship Agencies*, 992 F. Supp. 1423, 1428 (M.D. Fla. 1997) the court concluded that where ownership could not be determined at the early stage of proceedings, there were both reasonable grounds and probable cause for the issuance of the attachment. *Id.* ("At this juncture, without the amplification provided by discovery and proof, the evidence of ownership is conflicting; however, there is sufficient evidence in the record to uphold the validity of the attachment.")

Likewise, the evidence before this court is conflicting and inconclusive as to the identity, ownership or even physical nature of the Defendant. A Supplemental Rule E(4)(f) hearing "is not intended to resolve definitively the dispute between the parties, but only to make a preliminary determination whether there were reasonable grounds for issuing the arrest warrant." *Salazar v. Atlantic Sun*, 881 F.2d 73, 79 (3rd Cir. 1989); *see also Linea Naveira De Cabotaje, C.A. v. Mar Caribe De Navegacion, C.A.*, 169 F.Supp.2d 1341, 1358 (M.D. Fla. 2001). As all pleadings and evidence presented in this case clearly reveal, there were certainly reasonable grounds for this Court to grant the issuance of the Warrant of

Arrest, and a reasonable factual basis for this case to proceed still exists. To the extent that Spain seeks to resolve disputed facts under Supplemental Rule E(4)(f), Spain's motion should be denied.

Although Spain has again, and separately, moved to dismiss the *in rem* claims against the Defendant *res* (Dkt. 131), Spain continues its challenge to this Court's issuance of the warrant of arrest (Dkt. 37 p. 10, Dkt. 132). To the extent Spain seeks to vacate the arrest pursuant to Supplemental Rule E(4)(f), Spain's motion should be denied as Spain has already sought this relief on similar grounds to no avail. This Court has previously reviewed the evidence presented by the parties and has upheld the validity of the warrant for arrest (Dkts. 37, 53 and 62; Order at Dkt. 91). Supplemental Rule E(4)(f) does not define or describe the nature of the hearing that it provides for, leaving it to the discretion of the court. *See Salazar*, 881 F.2d at 79.

The cases that Spain cites in its motion (Dkt. 132) are attachment cases brought under Supplemental Rule B. The Arrest in this case has been brought under Supplemental Rule C and is an *in rem* action as opposed to a Supplemental Rule B action *in personam*. Similar requirements, as to process and notice, are in both rules.

In *Aqua Stoli Shipping, Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 447 (2d. Cir. 2006), a case cited by Spain in its motion, the circuit court found, in reversing the district court's ruling which vacated the attachment at issue, "[i]t was sufficient that to sustain the attachment that Aqua Stoli had satisfied the requirements of Rule B." It follows that in order to sustain the arrest in the matter before this Court; Odyssey would need only to show that it

had satisfied the arrest requirements of Supplemental Rule C, which is to demonstrate probable cause that a maritime lien exists.

Odyssey has clearly met its burden to establish a maritime lien – either for salvage or as a petitory action for ownership under the law of finds -- in the Amended Verified Complaint (Dkt. 25). This Honorable Court upheld this evaluation with its order (Dkt. 91) denying Spain's previous motion to dismiss Odyssey's Verified Complaint and to vacate the warrant of arrest on similar grounds (Dkt. 53). While the Court certainly has the discretion to consider new evidence or facts discovered subsequent to the arrest; despite the assertions and allegations of Spain, there has been no change in the material facts upon which Odyssey based its Verified Complaint and demonstrated to this Court's satisfaction both initially and in review that there is probable cause that a maritime lien exists. The law is clear that a salvage claim gives rise to a maritime lien that may be enforced through an *in rem* proceeding. *See also Treasure Salvors, Inc. v. Unidentified Wrecked and Abandoned Sailing Vessel*, 640 F.2d 560, 567 (5th Cir. 1981). The same applies for petitory actions, under Supplemental Rule D, where ownership is sought. *See Roberts v. Echternach*, 302 F.2d 370, 373 (5th Cir. 1962).

Spain's allegations regarding issues of sovereign immunity -- which rely both on the identity of a vessel that does not exist at the Defendant site and Spain's assertions as to the sovereign immunity of the *Mercedes* -- are refutable, and adjudication of these issues is beyond the scope of Supplemental Rule E(4)(f). *See Salazar*, 881 F.2d at 79. To the extent that Spain seeks to adjudicate disputed facts under Supplemental Rule E(4)(f), Spain's motion should be denied.

There has been no seizure of any vessel or other property in the actual possession, use or control of Spain. Odyssey, pursuant to admiralty law and rule, has properly sought and effectuated the jurisdiction of this court to adjudicate ownership rights and/or the disposition of a salvage lien on materials Odyssey located and recovered from the ocean floor outside the territorial waters or contiguous zone of any nation. Odyssey's properly executed arrest has deprived no one of the use, possession or enjoyment of the materials found on the sea floor. Thus to the extent that Spain seeks to alleviate some deprivation under Supplemental Rule E(4)(f), Spain's motion should be denied. The *Aqua Stoli* case, upon which Spain relies in support of its motion, commented to a great extent regarding the development of Rule E(4)(f). Notably the court observed, "The Advisory Committee's notes explain only that subsection (4)(f) was promulgated in order to provide the **post-deprivation** hearing required by Due Process..." *Aqua Stoli*, 460 F.3d at 440) (emphasis added).

In yet another attempt to vilify Odyssey, Spain asserts in its motion that Odyssey's actions in the timeframe of the filing of the Complaint and immediately thereafter are somehow disingenuous at best, and illegal at worst. In fact, when Odyssey located the Black Swan site it was believed that a vessel would be found. To protect the site, Odyssey immediately filed the Verified Complaint which explained the vulnerability of the site (Dkt. 1). Once the evaluation of the preliminary site survey was completed and no cohesive vessel remains were identified from the data collected, Odyssey amended its Admiralty Complaint on August 6, 2007, to reflect same, naming the Defendant as "The Unidentified Shipwrecked Vessel, **if any**,..." (Dkts. 21, 25) (Emphasis added). This was well before the April 2008 date cited by Spain as Odyssey's first "denial" that a vessel is present at the site.

Furthermore, Spain alleges wrongdoing on the part of Odyssey based on the timing of the transport of recovered materials from Gibraltar. In fact, an artifact is required to present to this Court for symbolic arrest. Moreover, there is no legal requirement that an arrest be in place before any recovery occurs, and Odyssey began preparing the documents required to obtain the arrest immediately upon the discovery of the site. In order to properly conserve the artifacts, and with the best interests of the site and the artifacts in mind, Odyssey transported them to a specialized facility that has the expertise to conserve such materials. This facility is located within the physical jurisdiction of this Court.

All materials recovered from the site at issue were brought into the jurisdiction of this Court. Odyssey sought the jurisdiction of this Court on April 9, 2007, to establish a salvage lien, and has abided by the rules and laws thereof, including bringing the subject materials into the physical jurisdiction of this court. The purpose of an admiralty arrest is to secure a maritime lien, not to perfect one. In terms of salvage, a maritime lien exists at the point of such service. *See The Sabine,* 101 U.S. 384, 386 (U.S. 1880). ("Salvors, under the maritime law, have a lien upon the property saved, which enables them to maintain a suit in rem against the ship or cargo, or both where both are saved in whole or in part.")

The very time-frames and documents that Spain use to allege that Odyssey's conduct is somehow grounds for the dismissal of Odyssey's claims actually demonstrate that Odyssey has followed the letter of local, U.S., and international laws and has made special efforts

regarding the protection and preservation of the artifacts recovered. In every respect Odyssey has and continues to act legally and responsibly.[1]

Finally, Spain requests that all artifacts be released to the custody of Spain by virtue of its motion largely based on Supplemental Rule E. Supplemental Rule E (5) provides only for the "release" of property, not the disposition thereof. Spain did not own, did not possess, and did not have use of the *res* in question at the time of the arrest. Thus, the property cannot be "released" or returned to Spain because Spain did not have it to begin with, and to the extent that Spain's motion seeks to direct the disposition of the *res,* Spain's motion should be denied.

WHEREFORE; Odyssey respectfully requests this Court to enter an Order denying Spain's Motion to Require Odyssey to Show Cause Why the Arrest Should Not be Vacated and for Other Relief in its entirety, and any other relief this Court deems appropriate.

---

[1] Spain further asserts that Odyssey falsified its Application for an Export License. In fact, the Application itself is Dkt. 37-2 p. 1. The alleged misrepresentation to which Spain's motion refers does not appear on the Application itself, the reference is to a standard Proforma Invoice form and is nothing more than an oversight in failing to remove language from the form that did not apply. Also, whether or not an arrest warrant had been issued at the time of export is irrelevant to the legality of the Export License or the export of the artifacts.

Respectfully submitted,

_____
Allen von Spiegelfeld — FBN 256803
avonsp@bankerlopez.com
Eric C. Thiel — FBN 016267
ethiel@banker1opez.com
BANKER LOPEZ GASSLER P.A.
501 E. Kennedy Blvd.
Suite 1500
Tampa, Florida 33602
(813) 221-1500
Facsimile: (813) 222-3066

and

Melinda J. MacConnel — FBN 871151
Odyssey Marine Exploration, Inc.
5215 West Laurel Street
Tampa, FL 33607
(813) 876-1776, ext. 2240
Fax: (813) 830-6609
E-mail: mmacconnel@shipwreck.net

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 17, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will serve a copy of the foregoing on all counsel of record.

Respectfully submitted,

_____
Allen von Spiegelfeld — FBN 256803
avonsp@bankerlopez.com
Eric C. Thiel — FBN 016267
ethiel@bankerlopez.com
BANKER LOPEZ GASSLER P.A.
501 E. Kennedy Blvd.
Suite 1500
Tampa, Florida 33602
(813) 221-1500
Facsimile: (813) 222-3066

and

Melinda J. MacConnel — FBN 871151
Odyssey Marine Exploration, Inc.
5215 West Laurel Street
Tampa, FL 33607
(813) 876-1776, ext. 2240
Fax: (813) 830-6609
E-mail: mmacconnel@shipwreck.net

Attorneys for Plaintiff