UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
IN ADMIRALTY

ODYSSEY MARINE EXPLORATION, INC.  :
:
            Plaintiff,    : CIVIL ACTION
:
v.                                   :
: Case No: 8:07-CV-00614-SDM-MAP
THE UNIDENTIFIED, SHIPWRECKED VESSEL,:
if any, its apparel, tackle, appurtenances and   :
cargo located within a five mile radius of the   :
center point coordinates provided to the Court  :
under seal,                               :
:
            Defendant;    :
            *in rem*        :
and                                        :
:
The Kingdom of Spain and the Republic of Peru,  :
:
            Claimants,   :
and                                        :
:
(Gonzalo de Aliaga (the Count of San Juan     :
de Lurigancho), et. al.                       :
:
            Claimants.   :
_____/ :

**PLAINTIFF, ODYSSEY MARINE EXPLORATION, INC.'S OBJECTION
TO CLAIMANT, KINGDOM OF SPAIN'S, MOTION FOR LEAVE
TO FILE A RESPONSE TO THE OPPOSITION OF PLANTIFF ODYSSEY
MARINE EXPLORAITON TO SPAIN'S MOTION TO DISMISS OR FOR
SUMMARY JUDGMENT**

COMES NOW the Plaintiff, ODYSSEY MARINE EXPLORATION, INC. (**Odyssey**), and files this Objection to Claimant, KINGDOM OF SPAIN (Spain's), Motion for Leave to File a Response to the Opposition of Plaintiff Odyssey Marine Exploration to

Spain's Motion to Dismiss or for Summary Judgment (Dkt. 144), and in support thereof states as follows:

1. On September 22, 2008, Spain filed a Motion to Dismiss (Dkt. 131) this case based upon the Foreign Sovereign Immunities Act (FSIA) and related law. The Motion consisted of Exhibits and attachments totaling over 800 pages. Spain had previously been ordered by the Court to file the motion on or before August 11, 2008 (Dkt. 114). Spain requested an extension of time to file the Motion (Dkt. 117), and Odyssey agreed.

2. On November 17, 2008, Odyssey timely filed it Response to the Motion (Dkt. 138). Odyssey's Response specifically addressed and refuted the factual and legal issues presented in Spain's Motion.

3. The Response, along with the Response filed by Claimant, REPUBLIC OF PERU (Peru), and the Objection to the Motion filed by the Descendant Claimants in this case, have presented the Court with a clear indication that disputed facts exist which prevent dismissal or summary judgment in this case.

4. Spain now wants to inundate the Court with more <u>disputed</u> facts, which in no way would warrant a summary judgment or a dismissal. The only basis for a reply would be if Odyssey had raised new or novel legal theories, but that is not even asserted by Spain in its motion to file a reply. In fact, Spain has not even requested leave to reply to any legal issues.

### **MEMORANDUM OF LAW**

Neither the Federal Rules nor the local rules of procedure provide for leave to file a Reply brief in support of a Motion to Dismiss. Further, Local Rule 3.01(c) specifically requires the Court's leave to file any Reply, which indicates that Replies are generally not

permitted and should be accepted only in extraordinary circumstances. In this case, there are no novel factual or legal assertions which are raised in either Odyssey's Response or in Peru's Response. Spain has adequately (if not accurately) argued its factual assertions to the Court and has presented its legal analysis of the issues involved.

The standard for review of a Motion to Dismiss based upon the FSIA and for a Motion for Summary Judgment is clear. Neither motion may be granted when there are genuine issues of material fact in dispute. *See Lawrence v. Dunbar*, 919 F.2d 1525 (11th Cir. Fla. 1990), *Williamson v. Tucker*, 645 F2d 404 (5th Cir. 1981), *cert. denied*, 454 U.S. 897; *Shotz v. City of Plantation, Fla.* 344 F.3d 1161 (11th Cir. 2003). Spain's request to file a reply does not address these issues; in fact, they want to create more disputed facts.

Spain's request to file a Reply is merely an attempt to stall the case and delay adjudication. Spain's claim in this case was filed on May 31, 2007 (Dkt. 13). Since then, Odyssey has produced everything requested by Spain regarding the Defendant Site and has cooperated with Spain including allowing extra time for its Motion to Dismiss. Allowing Spain an additional 60 days to file a Reply (which will only further demonstrate the existence of genuine issues of material fact already present in the instant case and which prevent dismissal or summary judgment) is not warranted. See *Horizons Condo. Ass'n v. QBE Ins. Corp., 2007 U.S. Dist. LEXIS 6091 (D. Fla. 2007)*.

If the Court is inclined to grant Spain leave to file a Reply, it is respectfully submitted that a page limit of 10 pages and a time limit of 20 days are much more reasonable restrictions than those requested by Spain.

Should the Court grant Spain leave to file a Reply to Claimant, Peru's Response, Odyssey respectfully request the same consideration and will restrict the Reply to the page and time limits imposed by the Court.

WHEREFORE, Odyssey respectfully requests this Court to deny Spain's Motion for Leave to File a Response to the Opposition of Plaintiff Odyssey Marine Exploration to Spain's Motion to Dismiss or for Summary Judgment. In the alternative, if the Court grants Spain's Motion, Odyssey requests the Court restrict the page and time limit to 10 pages and 20 days, and grant Odyssey the same leave to file a Reply to Peru's Response.

Respectfully submitted,

Dated: Nov. 21, 2008

Allen von Spiegelfeld – FBN 256803
avonsp@bankerlopez.com
Eric C. Thiel – FBN 016267
ethiel@bankerlopez.com
Banker Lopez Gassler P.A.
501 E. Kennedy Blvd.
Suite 1500
Tampa, FL 33602
(813) 221-1500
Facsimile: (813) 222-3066

and

Melinda J. MacConnel – FBN 871151
Odyssey Marine Exploration, Inc.
5215 West Laurel Street
Tampa, FL 33607
(813) 876-1776, ext. 2240
Fax: (813) 830-6609
E-mail: mmacconnel@shipwreck.net
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 21, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to James A. Goold, Covington & Burling LLP, 1201 Pennsylvania Ave., NW, Washington, DC 20004; and David C. Banker, Bush Ross P.A., 220 S. Franklin Street, P. O. Box 3913, Tampa, FL 33601, *Attorneys for Claimant, Kingdom of Spain;* and Timothy P. Shusta, Phelps Dunbar LLP, 100 S. Ashley Drive, Suite 1900, Tampa, FL 33602-5315; and Mark Maney, South Tower, Penzoil Place, 711 Louisiana, Suite 3100, Houston, TX 77002, *Attorneys for the Republic of Peru.*, and David Paul Horan, Horan, Wallace & Higgins, LLP, 608 Whitehead Street, Key West, FL 33040, *Attorney for Descendant Claimants.*

Allen von Spiegelfeld – FBN 256803
avonsp@bankerlopez.com
Eric C. Thiel – FBN 016267
ethiel@bankerlopez.com
Banker Lopez Gassler P.A.
501 E. Kennedy Blvd.
Suite 1500
Tampa, FL 33602
(813) 221-1500
Facsimile: (813) 222-3066

and

Melinda J. MacConnel – FBN 871151
Odyssey Marine Exploration, Inc.
5215 West Laurel Street
Tampa, FL 33607
(813) 876-1776, ext. 2240
Fax: (813) 830-6609
E-mail: mmacconnel@shipwreck.net

Attorneys for Plaintiff