UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
IN ADMIRALTY

ODYSSEY MARINE EXPLORATION, INC. :
:
        Plaintiff,   : CIVIL ACTION
:
v. :
: Case No: 8:07-CV-00614-SDM-MAP
THE UNIDENTIFIED, SHIPWRECKED VESSEL,:
if any, its apparel, tackle, appurtenances and :
cargo located within a five mile radius of the :
center point coordinates provided to the Court :
under seal, :
:
        Defendant; :
        *in rem* :
and :
:
The Kingdom of Spain and the Republic of Peru, :
:
        Claimants, :
and :
:
Gonzalo de Aliaga (the Count of San Juan :
de Lurigancho), et al., Santiago de Alvear, et al. and :
Elsa D. Whitlock f/k/a Elsa Dorca Ruiz, :
:
        Claimants. :
_____/ :

**OPPOSED MOTION OF PLAINTIFF, ODYSSEY MARINE EXPLORATION, INC.
FOR LEAVE TO RESPOND TO THE REPLY MEMORANDUM OF CLAIMANT,
KINGDOM OF SPAIN, SUPPORTING SPAIN'S MOTION TO DISMISS OR FOR
<u>SUMMARY JUDGMENT</u>**

COMES NOW Plaintiff, Odyssey Marine Exploration, Inc. ("Odyssey"), by and

through undersigned counsel, and pursuant to Local Rules 3.01(c) and (d), hereby

respectfully moves the Court for leave to file a brief response of no more than 10 pages in

1

response to the Kingdom of Spain's ("Spain") Reply Memorandum to Plaintiff Odyssey's Response to Spain's Motion to Dismiss or for Summary Judgment (Dkt 163) and in support thereof states as follows:

1. Spain's Reply Memorandum includes supporting declarations and/or reports totaling approximately 600 pages. It introduces new allegations of fact, which Odyssey believes are necessary and in the interests of justice to address. Odyssey shall limit its response to novel relevant issues which have been raised including the following.

2. In its pleading, Spain implies for the first time that Spain compensated individuals who suffered losses as a result of the demise of the *Mercedes*. Although it attaches a Notice of an intent to compensate, in fact, no compensation was ever made by Spain. This can be demonstrated as such by Odyssey.

3. If, in fact, Spain declared its intent to compensate private owners of property, such a declaration would demonstrate that Spain did not consider the private property aboard the *Mercedes* to be its own, sovereign immune property, as it argues now. Documentation relied upon by Spain also suggests that Spain considered the *Mercedes*, upon its demise, to be the property of England. Odyssey can further summarize the archival documents and actual historical records which contradict Spain's current position on this issue.

4. Spain mischaracterizes cases cited throughout its memorandum. For example, the cases cited on page 15 as supporting FSIA protection in cases relating to commercial vessels do not apply to this case as they turn on issues of *in personam* jurisdiction, not *in rem* jurisdiction, and without a single exception, they do not involve property recovered from an alleged shipwreck site. Odyssey can easily distinguish each case cited.

5. The U.S. Supreme Court in *The Santissima Trinidad*, 20 U.S. 283, 354 (U.S. 1822), not yet cited by either party, stated, "... whatever may be the exemption of the public ship herself, and of her armament and munitions of war, the prize property which she brings into our ports is liable to the jurisdiction of our Courts..." Odyssey can summarize the facts of the case and the applicability to the instant case.

WHEREFORE, Plaintiff Odyssey respectfully requests this Court to permit it to file a reply of no more than 10 pages, within 10 days of the order granting leave, to respond to factual and legal matters Odyssey believes it necessary to controvert in the interests of justice and for due consideration by the Court of all the claims before it.

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 3.01(g), undersigned counsel certifies that he has conferred with counsel for the Kingdom of Spain in a good faith effort to resolve the issues raised by this motion. Claimant Kingdom of Spain is opposed to the motion

Respectfully submitted,

Dated: 1/30/09

Allen von Spiegelfeld – FBN 256803
avonsp@bankerlopez.com
Eric C. Thiel – FBN 016267
ethiel@bankerlopez.com
Banker Lopez Gassler P.A.
501 E. Kennedy Blvd.
Suite 1500
Tampa, FL 33602
(813) 221-1500
Facsimile: (813) 222-3066

and

Melinda J. MacConnel – FBN 871151
Odyssey Marine Exploration, Inc.
5215 West Laurel Street
Tampa, FL 33607
(813) 876-1776, ext. 2240
Fax: (813) 830-6609
E-mail: mmacconnel@shipwreck.net
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 30th, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to James A. Goold, Covington & Burling LLP, 1201 Pennsylvania Ave., NW, Washington, DC 20004; and David C. Banker, Bush Ross P.A., 220 S. Franklin Street, P. O. Box 3913, Tampa, FL 33601, *Attorneys for Claimant, Kingdom of Spain;* and Timothy P. Shusta, Phelps Dunbar LLP, 100 S. Ashley Drive, Suite 1900, Tampa, FL 33602-5315; and Mark Maney, South Tower, Penzoil Place, 711 Louisiana, Suite 3100, Houston, TX 77002, *Attorneys for Claimant, Republic of Peru*; David Paul Horan, Horan, Wallace & Higgins, LLP, 608 Whitehead Street, Key West, FL 33040, *Attorney for Descendant Claimants*; John J McLaughlin, Wagner, Vaughan & McLaughlin, P.A., 601 Bayshore Blvd., Ste. 910, Tampa, FL 33606, *Attorney for Descendant Claimants*; and Marlow V. White, Lewis & White, P.L.C., P.O. Box 1050, Tallahassee, FL 32302, *Attorney for Claimant, Elsa D. Whitlock.*

Allen von Spiegelfeld – FBN 256803
avonsp@bankerlopez.com
Eric C. Thiel – FBN 016267
ethiel@bankerlopez.com
Banker Lopez Gassler P.A.
501 E. Kennedy Blvd.
Suite 1500
Tampa, FL 33602
(813) 221-1500
Facsimile: (813) 222-3066

and

Melinda J. MacConnel – FBN 871151
Odyssey Marine Exploration, Inc.
5215 West Laurel Street
Tampa, FL 33607
(813) 876-1776, ext. 2240
Fax: (813) 830-6609
E-mail: mmacconnel@shipwreck.net

Attorneys for Plaintiff