IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN ADMIRALTY

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLOR.
TAMPA, FLORIDA

ODYSSEY MARINE EXPLORATION, INC.

    Plaintiff                          CIVIL ACTION

vs.

                                     Case No. 8:07-CV-00614-SDM-MAP

THE UNIDENTIFIED, SHIPWRECKED
VESSEL, its apparel, tackle
appurtenances and cargo located within
center point coordinates:
provided to the Court under seal,
in rem

    Defendant
    In Rem

And

The Kingdom of Spain and the Republic of Peru,

    Claimants

And

Gonzalo de Aliaga (the Count of San Juan de Lurigancho),
Agustin de Aliaga (the current Marques de Zelada de la Fuente),
Gonzalo Alvarez del Villar, Ignacio de Colmenares (the 11th Count
Of Polentinos), Alberto Emilio Thiessen, Enriqueta Pita Duthurburu,
Flora Leonor Perales Calderon de Colmenares, Felipe Voyest, Adela
Armida de Izcue Bazo, Carola Daireux Kinsky, Eleonora Daireux Kinsky,
Matilde Daireux Kinsky, Julio Vega Eurasquin, Inez Marquez Osorio,
Javier de Goyeneche (the current Count of Guaqui and Marques de Villafuente)

    Claimants

And

(continued)

Jose Antonio Rodriguez Menendez aka Joseph Anthony Rodriguez

Claimant
_____/

## Verified Claim of Named Descendant of Non-Possessory Lien-holder

Jose Antonio Rodriguez Menendez aka Joseph Anthony Rodriguez (henceforth, "Menendez") is a naturalized U.S. citizen who was born in Cuba of Asturian-descent. Menendez is a longtime resident of the State of Florida.

Pursuant to this court's ruling of January 20, 2009, ordering all claimants in this matter to step forward and present their claims within ten days (as calculated by Federal Rules of Civil Procedure), and pursuant to Supplemental Admiralty Rule C (6), Menendez submits this Claim with respect to the contents, artififacts, and cargo that are or may become the subject of this proceeding, and in support thereof states as follows:

### BASIS FOR CLAIM

1. Menendez takes notice of the In Rem salvage action filed by Plaintiff, Odyssey Marine Exploration, Inc. (OME) in this case. On information and belief, this admiralty proceeding may involve property subject to a non-possessory lien established by Menendez's ancestor, Pedro Menendez de Aviles, Alonse de la Campa (PMA)—Adelantado and first Governor of Florida, Knight of the Order of Santiago, and Capitan General (Admiral) of the Spanish Navy with jurisdiction

over La Florida (Florida), Carrera de Indias (Caribbean), Poniente (Southwest coast of Spain), and Canal de Flandes (English Channel).

2. Plaintiff, OME, has stated in its pleading that, "One vessel Odyssey has considered which may be related to the site is the Nuestra Senora de las Mercedes (the "Mercedes")" a vessel transporting private passengers and consignments of merchant goods and other private cargoes. At the time of its sinking in 1804, it was reportedly sailing under the Spanish flag. (Plaintiff's interrogatory response filed on April 17th, 2008).

3. Additionally, Claimant, Spain has declared: "The vessel and its contents which are the subject of this case are the remains of the Spanish Royal Navy Frigate Nuestra Senora de las Mercedes ("Mercedes"), which exploded and sank in combat on October 5th, 1804 during the Battle of Cape St. Mary south of Portugal and west of Cadiz, Spain". [Menendez note: The location described is within "Poniente"—see #1, above.]

4. If it is determined by the court that the salvage artifacts and coins were being carried on the Mercedes and/or any State Ship of the Kingdom of Spain, or if it is determined by the court that the salvaged artifacts and coins originated or were found on lands or seas under the jurisdiction of the Kingdom of Spain, on or subsequent to March 20, 1565, Menendez presents to this court a formal claim based upon the stipulation that "one fifteenth part of all the income, mines of gold and silver, precious stones, pearls and products which We shall have from the said lands and provinces..." shall belong to PMA and his "heirs and successors" in perpetuity (See #5, below: Florida Statutes 689.225 Statutory rule against

perpetuities.-- 5) EXCLUSIONS FROM STATUTORY RULE AGAINST PERPETUITIES.) Citation taken from Asiento (contract) between Pedro Menendez de Aviles, Alonso de la Campa and Felipe II, King of Spain, March 20, 1565. Additionally, the Will and Testament of PMA, completed and signed in San Lucar de Barrameda, Spain, January 7,1574, establishes requirements which Menendez has satisfied thus rendering him as "heir" to the benefits of the aforementioned, Asiento.

5. As noted, Menendez believes that the Asiento and Will, acting together as a trust, satisfy two exceptions to Florida's statutory, Rule Against Perpetuities. As a result, the normal three hundred sixty (360) year term limit of a Florida trust is bypassed and a term of "perpetuity" applies.

> Florida Statutes 689.225 Statutory rule against perpetuities.--
>
> (1) SHORT TITLE.--This section may be cited as the "Florida Uniform Statutory Rule Against Perpetuities."
>
> 5) EXCLUSIONS FROM STATUTORY RULE AGAINST PERPETUITIES.--Subsection (2) does not apply to:
>
> (e) A nonvested property interest held by a charity, government, or governmental agency or subdivision, if the nonvested property interest is preceded by an interest held by another charity, government, or governmental agency or subdivision;
>
> (f) A nonvested property interest in, or a power of appointment with respect to, a trust or other property arrangement forming part of a pension, profit-sharing, stock bonus, health, disability, death benefit, income deferral, or other current or deferred benefit plan for one or more employees, independent contractors, or their beneficiaries or spouses, to which contributions are made for the purpose of distributing to or for the benefit of the participants, or their beneficiaries or spouses, the property, income, or principal in the trust or other property arrangement, except a nonvested property interest or a power of appointment that is created by an election of a participant or a beneficiary or spouse;

Felipe II, King of Spain, was the Government of Spain which granted privilege and interest in non-vested interest to a Division of Government: Pedro Menendez de Aviles—who was Governor, Capitan-General (Admiral), military contractor ("Adelantado") and nobleman (permanent member of Spanish regime).

As military contractor ("Adelantado"), Pedro Menendez de Aviles was "independent contractor" of exception: "(f)". Thus, term of PMA trust is perpuity --NOT 360 years.

6. Menendez will file under separate cover a Memorandum elaborating upon his legal argument and detailing genealogic evidence supporting his claim of descent from the family of Pedro Menendez de Aviles, Alonso de la Campa.

## CLAIM IN EQUITY

7. Noting that courts sitting in admiralty jurisdiction also have jurisdiction in equity to adjudicate the rights of all claimants, and notwithstanding the foregoing, Menendez further asserts that rights to properties subject to the Asiento/Will lien inure to his benefit under equity and all principles of justice.

## OBJECTION TO VERIFIED CLAIM OF SPAIN

8. Menendez objects to the Verified Claim submitted by the Kingdom of Spain herein as it attempts to interfere with and abolish the rights of Menendez to property in which Menendez has lien-holding rights by virtue of contract, inheritance and/or other legal or equitable transfer as may apply.

9. Menendez further objects to any potential claim of Spain that the proportionate ownership (1/15 or 6.7%) of any salvage find in this matter would be subject to "sovereign immunity" of Spain or any other domestic or foreign sovereign.

## JURISDICTION AND VENUE

10. Menendez hereby submits to and accepts the jurisdiction of this court over the case, over Menendez in personum, and over the property to which Menendez has a valid lien-holding claim and interest.

11. Menendez furthermore objects to the Motion to Dismiss or for Summary Judgment filed herein by Claimant, Kingdom of Spain, on September 22, 2008.

## CONCLUSION

WHEREFORE, Menendez respectfully requests this Honorable Court to consider his claim submitted herein (and to be supported by a Memorandum to follow) and to award Menendez the ownership share in the properties subject to this matter and subject to the Asiento/Will lien and other such relief in law or equity as this Court may deem appropriate.

### Certificate of Service

I hereby certify, on January 31, 2009, that I caused the attached documents to be served up on the attorneys of record for the parties listed below, by Federal Express delivery to:

| | | |
|---|---|---|
| Allen von Spiegelfeld<br>Fowler, White, Boggs, Banker, P.A.<br>501 E. Kennedy Blvd.- Ste. 1700<br>P.O. Box 1438<br>Tampa, FL 33601-1438<br>Fax: (813) 229-8313<br><br>Attorneys for Plaintiffs | AND | James A. Goold, Esq.<br>Covington & Burling, LLP<br>1201 Pennsylvania Avenue, NW<br>Washington, D.C. 20004<br>Fax: (202) 662-6291<br>Email: jgoold@cov.com<br>Attorneys for Kingdom of Spain |

Melinda J. MacConnel—FBN 871151
Odyssey Marine Exploration, Inc.
5215 West Laurel Street
Tampa, FL 33607
(813) 876-1776, ext. 2240
Fax: (813) 830-6609
Email: mmacconnel@shipwreck.net
Attorneys for Plaintiff

David C. Banker
Florida Bar 352977
Bush Ross, PA
1801 North Highland Avenue
Tampa, Florida 33602-2656
(813) 244-9255
(813) 223-9620

Mark Maney (Trial Counsel)
Texas State Bar No. 12898200
South Tower, Pennzoil Place
711 Louisiana, Suite 3100
Houston, Texas 77002
Tel (713) 654-8001
Fax (713) 654-8818
mmaney@maneylaw.com
Attorneys for the Republic of Peru

And

Timothy P. Shusta
FBN: 442305
Phelps Dunbar LLP
100 S. Ashley Drive
Suite 1900
Tampa, FL  33602-5315
Tel. (813) 472-7550
Fax (813) 472-7570
Shustat@phelps.com
Attorneys for the Republic of Peru


David Paul Horan
FL Bar 142474
Horan, Wallace, and Higgins, LLP
608 Whitehead Street
Key West, FL  33040
Tel. (305) 294-4585
Fax (305) 294-7822
Attorney of Named Descendants

_____
Joseph A. Rodriguez
Pro Se/ Unrepresented Party

4611 South University Drive
Davie, FL 33328-3817
Tel. (954) 804-4115
Email: Expertdoctor@aol.com