IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

*IN ADMIRALTY*

ODYSSEY MARINE EXPLORATION, INC.

       Plaintiff, CIVIL ACTION

v.

                                   Case No. 8:07-CV-00614-SDM-MAP

THE UNIDENTIFIED, SHIPWRECKED
VESSEL,

       Defendant,
       *In Rem*
And

The Kingdom of Spain and the Republic of Peru,

       Claimants;
And

Gonzalo de Aliaga (the Count of San Juan de Lurigancho),
Agustin de Aliaga (the current Marques de Zelada de la
Fuente), Gonzalo Alvarez del Villar, Ignacio de
Colmenares (the 11th Count of Polentinos), Alberto Emilio
Thiessen, Enriqueta Pita Duthurburu, Flora Leonor Perales
Calderon de Colmenares, Felipe Voysest, Adela Armida de
Izcue Bazo, Carola Daireaux Kinsky, Eleonora Daireaux
Kinsky, Matilde Daireaux Kinsky, Julio Vega Erausquin,
Inez Marquez Osorio, Javier de Goyeneche (the current
Count of Guaqui and Marques de Villafuente), Juan Mariano
de Goyeneche y Silvela (the current Marques of Casa Davila),

       Claimants.

Santiago de Alvear, et al.

       Claimants,
And

Elsa D. Whitlock f/k/a Elsa Dorca Ruiz,

       Claimant                /

dockets.Justia.com

# DESCENDANT CLAIMANTS' RESPONSE TO KINGDOM OF SPAIN'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

Pursuant to the Supplemental Rules for Admiralty and Maritime Claims and the Court's Order of January 20th, 2009, there are fifteen (15) named "Descendant Claimants" represented by the undersigned firm, and another two (2) named "Descendant Claimants" represented by other firms. There is one named "pro se/unrepresented party" who appeared on January 31st, 2009 seeming to claim title to 1/15 of everything owned by the Kingdom of Spain.

In the Kingdom of Spain's "Reply Memorandum", Spain addresses Odyssey's response to Spain's Motion to Dismiss/Summary Judgment. It should be noted that Spain was not responding to pleadings filed by the Descendant Claimants; however, in Spain's "Reply Memorandum", Spain seems to be attempting to claim that the owners of the commercial cargo aboard the vessel (the Descendant Claimants) had an "opportunity" to be compensated for their loss. It is interesting (and somewhat amazing that at this late date) that Spain seems to imply that the commercial cargo being carried by the *Mercedes* was individually owned by the families on board as opposed to being an indistinguishable part of a sovereign immune vessel.

At trial, the Descendant Claimants will present documentary evidence that their heirs (and others) presented claims to the United Kingdom for compensation of the loss suffered from the explosion of the *Mercedes*. With the possibility of one exception, the claims were rejected by Great Britain. For nearly fifty (50) years, Spain sought compensation from Great Britain for the civil property losses; however, all claims presented to Great Britain were refused.

2

Although Spain may have had an "intent" to compensate the families and the owners of the civil cargo, the claims of "intent" occurred while Spain was collapsing due to civil unrest and revolution. Simply put, the Kingdom of Spain was incapable of actually processing, much less paying any civilian claims. It may have been good from a "public relations" standpoint; however, the fact that numerous "Notices" of intent to compensate occurred over a fifty year period. This, in itself, demonstrates that very few, if any, claims were ever satisfactorily resolved.

In 1808-1809, Napoleon overthrew the Bourbon Monarchy. Historical documentation seems to bare out the fact that Great Britain advanced over a Million pesos to the Spanish Provisional Government. In 1809-1810, the Spanish Provisional Government asked Great Britain whether the funds that had been advanced were to compensate private parties for the losses sustained in the *Mercedes* disaster. Britain's response was an unequivocal "No". As to Spain's inference in its Reply Memorandum, Spain advances no argument that evidence exists that shows that any claims were presented or that any promises to pay were ever issued, much less redeemed.

The last traces of Spain seeking any outstanding claims on behalf of the owners of the private cargo lost aboard the *Mercedes* may be an 1869 Spanish Law that mentions compensation for the families suffering losses. This, however, was at a time that Spain sought and received Ten Million Pound Sterling from Great Britain in order to operate the Spanish Government. During this period, Spain was not in a position to devote any attention, much less funds, to compensation for a loss that had been incurred over sixty (60) years before. Spain can offer no list of people who were paid, nor any information about the foundation of individual claims which may have been paid.

The Descendant Claimants respectfully request that they be adjudicated the owners of specific portions of the privately owned cargo and that the Court decree their entitlement, less a salvage award to Odyssey Marine. In addition, the Descendant Claimants request that the Court continue jurisdiction over the parties and the ongoing salvage so that Odyssey and the Descendant Claimants can effectuate a salvage contract for the cargo that remains to be salvaged.

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 3.01, undersigned counsel certifies that he has conferred with Counsel for the Kingdom of Spain in a good faith effort to resolve issues raised in this Response. Kingdom of Spain opposes the Descendant Claimants filing of this Response.

Dated this 10th day of February 2009.

Respectfully submitted,

HORAN, WALLACE & HIGGINS, LLP
608 Whitehead Street
Key West, Florida 33040
Telephone (305) 294-4585
Facsimile (305) 294-7822

_____
DAVID PAUL HORAN
Fla. Bar 142474
E-Mail: dph@horan-wallace.com

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused the foregoing Verified Claim of Descendants to be served on counsel of record:

Jeffrey Andersen, Esq.
David Banker, Esq.
Keith Skorewicz, Esq.
Buss Ross, P.A.
P.O. Box 3913
Tampa, FL 33601-3913
Attorneys for Kingdom of Spain

James Goold, Esq.
Covington & Burling, LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-3913
Attorneys for Kingdom of Spain

K. Russell LaMotte, Esq.
Beveridge & Diamond, PC
1350 1st St. NW, Suite 700
Washington, DC 20005-3311
Attorneys for Odyssey Marine

Melinda J. MacConnell, Esq.
O'Brien Bower, P.A.
511 W. Bay St. Suite 330
Tampa, Fl 33606-3533
Attorneys for Odyssey Marine

Eric C. Thiel, Esq.
Allen K. von Spiegelfeld, Esq.
Banker Lopez Gassler, P.A.
501 E. Kennedy Blvd., Suite 1500
Tampa, FL 33602
Attorneys for Odyssey Marine

Mark Maney, Esq.
Maney Firm
711 Louisiana, Suite 3100
Houston, TX 77002-2711
Attorneys for Republic of Peru

Timothy Shusta, Esq.
Phelps Dunbar, LLP
100 S. Ashley Dr., Suite 1900
Tampa, FL 33602-5315
Attorneys for Republic of Peru

John McLaughlin, Esq.
Wagner, Vaughan & McLaughlin, PA
601 Bayshore Blvd., Suite 910
Tampa, FL 33606
Attorney for Claimants
Santiago de Alvear, et al.

Marlow V. White, Esq.
Lewis & White, PLC
P.O. Box 1050
Tallahassee, Florida 32302
Attorneys for Claimant
Elsa D. Whitlock

by filing with the Court via its CM/ECF system this 10 day of February 2009.

Respectfully submitted,

DAVID PAUL HORAN
For the Firm