UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
IN ADMIRALTY

ODYSSEY MARINE EXPLORATION, INC.              :
                                              :
                    Plaintiff,                :  CIVIL ACTION
                                              :
          v.                                  :
                                              :  Case No: 8:07-CV-00614-SDM-MAP
THE UNIDENTIFIED, SHIPWRECKED VESSEL,:
if any, its apparel, tackle, appurtenances and :
cargo located within a five mile radius of the :
center point coordinates provided to the Court :
under seal,                                   :
                                              :
                    Defendant;                :
                    *in rem*                   :
and                                           :
                                              :
The Kingdom of Spain, the Republic of Peru,   :
Gonzalo de Aliaga (the Count of San Juan      :
de Lurigancho) et al., Santiago de Alvear et al., :
Elsa D. Whitlock, Joseph Anthony Rodriguez and :
Dr. Jaime Durand Palacios,                    :
                                              :
                    Claimants.                :
_____ / :

**PLAINTIFF, ODYSSEY MARINE EXPLORATION, INC.'S RESPONSE TO
VERIFIED CLAIM OF SANTIAGO DE ALVEAR ET AL.**

COMES NOW Plaintiff, Odyssey Marine Exploration, Inc. ("Odyssey"), pursuant to

Fed. R. Civ. P. 8 (b), and files this, its Response to Claimant, Santiago de Alvear et al.'s

Amended Verified Claim (Dkt. 164) which was filed on January 27, 2009, pursuant to

Supplemental Rule C (6), and states as follows:

<u>BACKGROUND</u>

1

1.     On April 9, 2007, Odyssey filed its original Complaint describing the Defendant Site and stating therein that Odyssey had not discovered evidence of a vessel at the site (Dkt. 1, p. 3).

2.     On April 30, 2007, in accordance with Supplemental Rule C (4) and Local Admiralty Rule 7.01(g), Odyssey published the Notice of Arrest and filed the affidavit of publication on May 7, 2007 (Dkt. 10).

3.     On May 31, 2007, the Kingdom of Spain filed a Verified Claim indicating its belief, despite the absence of evidence of any vessel at the site, that the Defendant was in fact a Spanish ship and/or property (Dkt. 13).

4.     On August 7, 2007, Odyssey filed an Amended Complaint, based on further examination of the Defendant Site, and identified the Defendant Site as "The Unidentified Shipwrecked Vessel, if any…" (Dkt. 25).

5.     On May 8, 2008, the Kingdom of Spain filed its answer to court interrogatories stating it had positively identified the Defendant Site as the *Nuestra Senora de las Mercedes* (Dkt. 107).

## RESPONSE TO VERIFIED CLAIM OF SANTIAGO DE ALVEAR ET AL.

6.     On January 27, 2009, Santiago de Alvear et al., a group of 6 persons ("Named Descendant Claimants"), filed an Amended Verified Claim in this case (Dkt. 164) claiming that they are descendants of Diego de Alvear y Ponce de Leon who owned 50,000 coins which were carried aboard the *Mercedes* (Dkt. 164, p. 2).

7.     Odyssey denies that the Defendant Site or items recovered therefrom have been positively identified as being associated with the *Mercedes* or any specific vessel.

8. Odyssey contests the Named Descendant Claimants' assertion that there has been no abandonment of right or interest in the Defendant Site or items recovered therefrom.

9. Odyssey denies that the Named Descendant Claimants have demonstrated a valid legal interest in the Defendant Site or in any property which has been recovered from the site and brought into this Court's jurisdiction.

10. Odyssey demands strict proof of the Named Descendant Claimants' legal ownership interest claimed.

11. Upon strict proof and adjudication by the Court, Odyssey would recognize an ownership interest of the Named Descendant Claimants. Such interest, however, would be subject to maritime lien and an appropriate salvage award to Odyssey. *See The Sabine,* 101 U.S. 384 (1879).

12. The Named Descendant Claimants, in their Verified claim, concede that if they are able to prove a valid ownership interest in the subject property, Odyssey would be entitled to a salvage award (Dkt. 164, p. 3). *Also see Mason v. The BLAIREAU*, 6 U.S. (2 Cranch) 240, 268 (1804) ("This is unquestionably a case of great merit, and a very liberal salvage ought to be allowed.") (Marshall, C.J.).

13. Upon the Court's request, Odyssey can provide evidence of the labor, skill, energy, capital outlay and risk involved with the recovery as well as the archaeological preservation, onsite photography, the value of the technology and equipment used and the value of the property recovered in order to demonstrate that Odyssey is, indeed, entitled to a very liberal salvage award in this case should any party, including the Named Descendant Claimants, prove an ownership interest in property recovered. *See The BLACKWALL,* 77

U.S. 1, 14 (1869); *Columbus-America Discovery Group v. Atlantic Mutual Insurance Company,* 974 F.2d 450, 468 (4th Cir. Va. 1992); 56 F.3d 556, 571-574 (4th Cir. Va. 1995); 974 F.2d 450, 468 (4th Cir. Va. 1992); *Deep Sea Research, Inc. v. The BROTHER JONATHAN,* 883 F. Supp. 1343, 1362 (N.D. Cal. 1995), aff'd, 102 F.3d 379 (9th Cir. 1996), aff'd, 118 S.Ct. 1464 (1998).

Dated: Feb. 27, 2009

Respectfully submitted,

Allen von Spiegelfeld – FBN 256803
avonsp@bankerlopez.com
Eric C. Thiel – FBN 016267
ethiel@bankerlopez.com
Banker Lopez Gassler P.A.
501 E. Kennedy Blvd.
Suite 1500
Tampa, FL 33602
(813) 221-1500
Facsimile: (813) 222-3066

and

Melinda J. MacConnel – FBN 871151
Odyssey Marine Exploration, Inc.
5215 West Laurel Street
Tampa, FL 33607
(813) 876-1776, ext. 2240
Fax: (813) 830-6609
E-mail: mmacconnel@shipwreck.net

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 17, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to James A. Goold, Covington & Burling LLP, 1201 Pennsylvania Ave., NW, Washington, DC 20004; and David C. Banker, Bush Ross P.A., 220 S. Franklin Street, P. O. Box 3913, Tampa, FL 33601, *Attorneys for Claimant, Kingdom of Spain;* and Timothy P. Shusta, Phelps Dunbar LLP, 100 S. Ashley Drive, Suite 1900, Tampa, FL 33602-5315; and Mark Maney, South Tower, Penzoil Place, 711 Louisiana, Suite 3100, Houston, TX 77002, *Attorneys for Claimant, Republic of Peru*; David Paul Horan, Horan, Wallace & Higgins, LLP, 608 Whitehead Street, Key West, FL 33040, *Attorney for Descendant Claimants*; John J McLaughlin, Wagner, Vaughan & McLaughlin, P.A., 601 Bayshore Blvd., Ste. 910, Tampa , FL 33606, *Attorney for Descendant Claimants*; Marlow V. White, Lewis & White, P.L.C., P.O. Box 1050, Tallahassee, FL 32302, *Attorney for Claimant, Elsa D. Whitlock;* Guy E. Burnette, Jr., 3020 N. Shannon Lakes Dr. Tallahassee, FL 32309, *Attorney for Claimant, Dr. Jaime Durand Palacios*, and by email to Joseph A. Rodriguez, *Pro Se/Unrepresented Party,* Email: expertdoctor@aol.com.

Allen von Spiegelfeld – FBN 256803
avonsp@bankerlopez.com
Eric C. Thiel – FBN 016267
ethiel@bankerlopez.com
Banker Lopez Gassler P.A.
501 E. Kennedy Blvd.
Suite 1500
Tampa, FL 33602
(813) 221-1500
Facsimile: (813) 222-3066

and

Melinda J. MacConnel – FBN 871151
Odyssey Marine Exploration, Inc.
5215 West Laurel Street
Tampa, FL 33607
(813) 876-1776, ext. 2240
Fax: (813) 830-6609
E-mail: mmacconnel@shipwreck.net

Attorneys for Plaintiff