UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
IN ADMIRALTY

ODYSSEY MARINE EXPLORATION, INC.           :
                                           :
            Plaintiff,                     :  CIVIL ACTION
                                           :
      v.                                   :
                                           :  Case No: 8:07-CV-00614-SDM-MAP
THE UNIDENTIFIED, SHIPWRECKED VESSEL,:
if any, its apparel, tackle, appurtenances and :
cargo located within a five mile radius of the :
center point coordinates provided to the Court :
under seal,                                :
                                           :
            Defendant;                     :
            *in rem*                       :
and                                        :
                                           :
The Kingdom of Spain, the Republic of Peru,:
Gonzalo de Aliaga (the Count of San Juan   :
de Lurigancho) et al., Santiago de Alvear et al., :
Elsa D. Whitlock, Joseph Anthony Rodriguez and :
Dr. Jaime Durand Palacios,                 :
                                           :
            Claimants.                     :
_____/ :

**PLAINTIFF ODYSSEY MARINE EXPLORATION, INC.'S OBJECTION
TO CLAIMANT JOSEPH ANTHONY RODRIGUEZ'S
<u>MOTION FOR CONTINUANCE</u>**

COMES NOW the Plaintiff, ODYSSEY MARINE EXPLORATION, INC.

(Odyssey), by and through their undersigned counsel, and files this Objection to Claimant,

JOSEPH ANTHONY RODRIGUEZ'S (Rodriguez), Motion for Continuance (Dkt. 190) and

in support thereof states as follows:

1

1. On April 9, 2007, Odyssey filed its original Complaint against the Defendant *res* in this case describing the Defendant Site and giving a general location (Dkt. 1).

2. On April 30, 2007, in accordance with Supplemental Rule C(4) and Local Admiralty Rule 7.01(g), Odyssey published the Notice of Arrest and filed the affidavit of publication on May 7, 2007 (Dkt. 10).

3. On May 31, 2007, the Kingdom of Spain filed a Verified Claim indicating its belief, despite the absence of evidence of any vessel at the site, that the Defendant was in fact a Spanish ship and/or property (Dkt. 13).

4. On January 15, 2009, Odyssey filed a Renewed Motion to Set a Deadline for Claims (Dkt. 158) renewing its Motion to Set a Deadline for Claims (Dkt. 128) filed on September 17, 2008.

5. On January 20, 2009, the Court Granted Odyssey's Motion to Set a Deadline for Claims and set the deadline for 10 days from the date of the order (Dkt. 160).

6. On February 2, 2009, one day prior to the deadline, Rodriguez filed a Verified Claim in this case (Dkt. 175) claiming that he is a direct descendant of Pedro Menendez de Aviles, Alonse de la Campa, who by virtue of a contract or agreement executed in 1565 is allegedly entitled to "one fifteenth part of all income, mines of gold and silver, precious stones, pearls, and products which We [sic] shall have from the said lands and provinces…" (Dkt. 175, p. 3).

7. On March 23, 2009, Rodriguez filed a Motion for Continuance (Dkt. 190) alleging that he requires an unspecified amount of time to provide evidence to support his Verified Claim and to reply to Odyssey's Response to his Verified Claim (Dkt. 184).

8. Rodriguez did not consult with Odyssey's counsel, or to Plaintiff's knowledge, counsel for any other party hereto, prior to the filing of his Motion for Continuance.

9. This case has been before the Court for nearly two years. Claimant, Kingdom of Spain alleged in its Verified Claim filed on May 31, 2007 (Dkt. 13), and has widely publicized since, that the Black Swan represents the property of Spain, from which allegation Rodriguez purports to derive his ownership interest. Rodriguez has had nearly two years to collect any evidence supporting his claim and has apparently failed to do so.

10. There is no scheduled hearing, trial or other proceeding in this case to which a continuance could be applied.

11. Rodriguez has failed to state any grounds, cause or basis, in rule or law, for the relief requested.

## MEMORANDUM OF LAW

Notwithstanding the fact that there is no scheduled proceeding in this case on which to grant a continuance, Local Rule 3.09(a) states in part, "... a continuance may be allowed by order of the Court for good cause shown." Rodriguez has made no such showing of good cause, or any other basis in rule or law, on which to support a Motion for Continuance.

The Affidavits which Rodriguez supplies in support of his Motion for Continuance do not, by even the most liberal read, establish any reasonable grounds on which the Court could base the requested relief, nor do the Affidavits describe any reasonable cause for the Court to do so. Quite the opposite, they describe a rather tangled branch of a "family tree" that finds its only roots in family lore and hearsay.

This case is a Track Two case which was commenced on April 9, 2007. While the scheduling order is currently held in abeyance pending the Court's ruling on Claimant Kingdom of Spain's Motion to Dismiss or for Summary Judgment filed on September 22, 2008 (*See* Transcript January 8, 2009, pp. 14, 15), such scheduling order has been entered (Dkt. 29). Local Rule 3.05(c)(2)(E) states: "It is the goal of the Court that a trial will be conducted in all Track Two Cases within two years after the filing of the complaint, and that most such cases will be tried within one year after the filing of the complaint. A motion to amend any pleading or a motion for continuance of any pretrial conference, hearing, or trial is distinctly disfavored after entry of the Case Management and Scheduling Order."

Rodriguez did not comply with Local Rule 3.01(g) which states in part: "...the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement (1) certifying that the moving counsel has conferred with opposing counsel and (2) stating whether counsel agree on the resolution of the motion."

Rodriguez is not a defendant in this case, and, in fact, voluntarily entered this case in an apparently rather spurious manner, given the timing of his claim. He now wishes to delay the progress of this nearly two year old case in order to find some evidence to support that claim. Rodriguez's claim has been filed and duly noted. There is nothing which would prevent him from producing supporting evidence. Rodriguez's apparent current inability to support what appears to be a vacuous claim, however, is certainly not good cause to further delay this proceeding.

WHEREFORE, Plaintiff, Odyssey, respectfully requests this Honorable Court deny Rodriguez's Motion for Continuance (Dkt. 190).

Dated April 3, 2009

Respectfully Submitted,

Allen von Spiegelfeld – FBN 256803
avonsp@bankerlopez.com
Eric C. Thiel – FBN 016267
ethiel@bankerlopez.com
Banker Lopez Gassler P.A.
501 E. Kennedy Blvd.
Suite 1500
Tampa, FL 33602
(813) 221-1500
Facsimile: (813) 222-3066

and

Melinda J. MacConnel – FBN 871151
Odyssey Marine Exploration, Inc.
5215 West Laurel Street
Tampa, FL 33607
(813) 876-1776, ext. 2240
Fax: (813) 830-6609
E-mail: mmacconnel@shipwreck.net

Attorneys for Plaintiff

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 3rd, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to James A. Goold, Covington & Burling LLP, 1201 Pennsylvania Ave., NW, Washington, DC 20004 and David C. Banker, Bush Ross P.A., 1801 North Highland Avenue, Tampa, FL 33602-2656, *Attorneys for Claimant, Kingdom of Spain;* Timothy P. Shusta, Phelps Dunbar LLP, 100 S. Ashley Drive, Suite 1900, Tampa, FL 33602-5315 and Mark Maney, South Tower, Penzoil Place, 711 Louisiana, Suite 3100, Houston, TX 77002, *Attorneys for Claimant, Republic of Peru;* David Paul Horan, Horan, Wallace & Higgins, LLP, 608 Whitehead Street, Key West, FL 33040, *Attorney for Descendant Claimants;* John J McLaughlin, Wagner, Vaughan & McLaughlin, P.A., 601 Bayshore Blvd., Ste. 910, Tampa , FL 33606, *Attorney for Descendant Claimants;* Marlow V. White, Lewis & White, P.L.C., P.O. Box 1050, Tallahassee, FL 32302, *Attorney for Claimant, Elsa D. Whitlock;* Guy E. Burnette, Jr., 3020 N. Shannon Lakes Dr. Tallahassee, FL 32309, *Attorney for Claimant, Dr. Jaime Durand Palacios,* and by email to Joseph A. Rodriguez, *Pro Se/Unrepresented Party,* Email: expertdoctor@aol.com.

Allen von Spiegelfeld – FBN 256803
avonsp@bankerlopez.com
Eric C. Thiel – FBN 016267
ethiel@bankerlopez.com
Banker Lopez Gassler P.A.
501 E. Kennedy Blvd.
Suite 1500
Tampa, FL 33602
(813) 221-1500
Facsimile: (813) 222-3066

and

Melinda J. MacConnel – FBN 871151
Odyssey Marine Exploration, Inc.
5215 West Laurel Street
Tampa, FL 33607
(813) 876-1776, ext. 2240
Fax: (813) 830-6609
E-mail: mmacconnel@shipwreck.net

Attorneys for Plaintiff