UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
IN ADMIRALTY

ODYSSEY MARINE EXPLORATION, INC.,

    Plaintiff,

v.                                              Case No. 8:07-CV-00614-SDM-MAP

THE UNIDENTIFIED, SHIPWRECKED VESSEL,
If any, its apparel, tackle, appurtenances and cargo
located within a five mile radius of the center point
coordinates provided to the Court under seal, *in rem*

    Defendant,

and

The Kingdom of Spain and the Republic of Peru,

    Claimants.

_____/

### The Republic of Peru's Motion for Reconsideration of the Order Denying Peru's Motion for Leave to File a Sur-Reply in Opposition to <u>Spain's Motion to Dismiss or for Summary Judgment</u>

The Republic of Peru moves for reconsideration of the order denying the Republic's motion for leave to file a sur-reply in opposition to the Kingdom of Spain's motion to dismiss or for summary judgment.

*Introduction*

The Republic of Peru recognizes that it is an unusual step to appeal an order that appears as ministerial as a denial of leave to file a sur-reply, but this is an unusual situation.

This Court's order denies Peru the right to respond ***at all*** to Spain's principal opposition on the merits to Peru's claim, a claim which raises issues of immense importance

to Peru and to international law.

Allowing Spain's merits-based opposition to stand uncontested is not only unfair to Peru it damages this Court's ability to address the issues before it, because Spain's reply/opposition is premised on factual and legal predicates that are untrue and contrary to United States law and policy.

For the reasons set forth below, this Court should accept Peru's reply and consider its content carefully.

1. ***Peru's Sur-Reply is actually a first-level opposition to a motion to dismiss by Spain.***

Peru originally responded to Spain's motion on sovereign immunity, explaining that, as between Spain and Peru, there was no immunity.

Spain was granted leave to "reply" to Peru's opposition (as was Odyssey).

Spain, however, decided not to contest Peru's immunity argument. Instead, Spain attacked the merits of Peru's claim to the treasure, claiming (with no support) that Peru's claim had no basis in international law.

Peru has the right to contest this challenge to the merits of its claim. Spain's reply is not really a reply, but a motion to dismiss Peru's claim on the merits. If the motion for leave to file is not granted, Spain will effectively be allowed to manipulate the rules, by converting a reply into a motion to dismiss in order to avoid any opposition to the misnamed motion to dismiss.

2. ***Spain's contest to the merits of Peru's claims should not go uncontested.***

As stated in the proposed sur-reply, which under the Local Rules Peru is not allowed to attach, Spain's reply/opposition is predicated on statements of "facts," stated as

indisputable history, that are "offensive" to the Republic of Peru and "unacceptable" under the policy of the United States and pursuant to International Law.

The Republic of Peru does not lightly characterize statements of another sovereign "offensive" and "unacceptable." The sur-reply required multiple levels of approval within the Peruvian government, which in turn required translations to allow for the careful review required before it was proffered to this Court. This Court's order nullifies that careful work and consideration.

Under the principles of international comity, the Republic of Peru requests that Spain's statements not be allowed to stand uncontested.

3. ***Peru should be allowed to present evidence in opposition to Spain's un-based and incorrect statements of international law.***

Peru's sur-reply also contains the affidavit of Ambassador John Norton Moore, one of the preeminent United States scholars on admiralty and international law. Ambassador Moore supports Peru's claim and provides valuable insight into the unique legal questions presented by Peru's claims under the United Nations Convention on the Law of the Sea and on the international law on succession of states.

In contrast, Spain's reply/opposition contains no support, by affidavit or otherwise, of its claim that Peru has no basis to claim treasure that originated in its mountains, mines, mints, and people and that never reached the territory of modern Spain.

Pursuant to Rule 44.1, this Court should consider the affidavit of Ambassador Moore. It should also do so to better understand the important issues at stake.

4. ***In this context, Local Rule 3.01(d) violates Peru's due process rights.***

Local Rule 3.01(d) prohibits a defendant from attaching a reply or evidence it contains as part of a motion for leave. Therefore, under the Local Rules, if Peru's claim to its historical patrimony is rejected, on appeal, Peru would not be able to refer to its evidence or arguments.

In other words, the record would be devoid of any of Peru's arguments or evidence in support of its claim to its historical patrimony and on an issue of immense importance to Peru and to the international community.

For these reasons, Peru respectfully requests that the Court grant leave to file its sur-reply and the evidence from Ambassador Moore it contains.

Dated: April 30, 2009

    Respectfully Submitted,

/s/ Mark Maney
Mark Maney (Trial Counsel)
Texas State Bar No. 12898200
Burford & Maney pc
700 Louisiana, Suite 4600
Houston, Texas 77002
713.237.1111
713.222.1475 (fax)
mmaney@burfordmaney.com
Attorneys for the Republic of Peru

and

_s/ Timothy P. Shusta_____
Timothy P. Shusta
FBN: 442305
Phelps Dunbar LLP
100 S. Ashley Drive
Suite 1900
Tampa, FL 33602-5315
813-472-7550
813-472-7570 Fax
shustat@phelps.com
Attorneys for the Republic of Peru

## Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing document was electronically filed with the Clerk of Court via CM/ECF system on April 30, 2009, which will generate and transmit Notices of Electronic Filing generated by the CM/ECF system, and was sent via e-mail to Joseph A. Rodriguez-Menendez this April 7, 2009.

    /s/ Timothy P. Shusta\_\_\_
Timothy P. Shusta