UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
In Admiralty

ODYSSEY MARINE EXPLORATION, INC.,

        Plaintiff,

vs.                                   CASE NO. 8:07-CV-00614-SDM-MAP

THE UNIDENTIFIED SHIPWRECKED
VESSEL, if any, its apparel, tackle,
appurtenances and cargo, etc.,

        Defendant,
        *in rem*
and

THE KINGDOM OF SPAIN, et al.,

        Claimants,
_____/

## CARGO CLAIMANTS WHITLOCK AND DURAND REQUEST FOR CLARIFICATIONS OF SEPTEMBER 18 ORDER TO ALLOW REPLY IN SUPPORT OF OBJECTIONS TO MAGISTRATE'S REPORT

    1. This Court's Order of September 18, 2009 (Doc. 244) granted Plaintiff's motion (Doc. 242) to allow filing of a Reply by the Plaintiff in Support of Objections to Report. Plaintiff's motion also requested leave on behalf of all individual claimants to file reply briefs. The Court's order did not specify whether individual claimants could file replies. Claimants Whitlock and Durand request clarification that they can also file a reply not to exceed 10 pages.

    2. There are special reasons why cargo claimants should be allowed to file a reply:

    (a) Claimants Whitlock and Durand maintain that the only *res* over which this Court has actual, not merely constructive, possession and admiralty jurisdiction is the 594,000 coins to which cargo claimants assert an interest.

(b) This is a salvage case which involves only cargo. The vessel, its hull, rigging, appurtenances, or gear have not been salvaged and saved and no admiralty claim is presently being asserted other than to the saved cargo now within this Court's jurisdiction. In salvage cases involving only cargo, the claim is against the cargo not the vessel or the vessel's owner and the owner of the vessel cannot bar salvage rights of cargo owners. "If the service is rendered to cargo alone – as the rescue of goods floating upon the sea [here resting on the bottom of the sea] – then cargo solely must make good the award." *India v. International Marine Development Corp.*, 451 F.2d 763, 766 (5th Cir. 1971) citing Norris, The Law of Salvage, p. 331 (1st ed. 1958), and Benedict on Admiralty, §205, p. 16-1.

(c) Although Odyssey questions whether the coins were from the MERCEDES, the cargo claimants would have no claim unless the Court finds in fact that the coins were from the MERCEDES whose manifest shows that over 900,000 coins were aboard and, of them, 600,000 were privately owned by private shippers. The recovery site did not contain the 300,000 coins that also would have been aboard, if the recovered coins were from the MERCEDES, and their location is unknown and is not a matter before this Court.

(d) Claimants Whitlock and Durand objected to the Magistrate Report and, among other things, contend under *California v. Deep Sea Research,* 523 U.S. 491 (1998), that the in *rem* action against the salvaged and recovered coins was not an action against the Kingdom of Spain that would invoke immunity claims under FSIA. The Magistrate's Report recommends Odyssey's admiralty case be dismissed for lack of jurisdiction under the FSIA but then directs the coins, which Whitlock and Durand claim, be given to claimant Spain notwithstanding that Spain was not in possession and never was shown or found to own any of the recovered coins, and indeed never owned any of the privately owned shipped coins. If there is no subject matter

jurisdiction, the Court should not have jurisdiction to take the coins in possession of Odyssey, claimed by cargo claimants, and award them to Spain.

## LOCAL RULE 3.01(g) STATEMENT

I HEREBY CERTIFY that I, Marlow White, have attempted to confer with opposing counsel but opposing counsel, representing the Kingdom of Spain, was unavailable for a conference before filing this motion.  In keeping with Rule 3.01(g), I have made an email request to opposing counsel with respect to this motion and have attempted contact by telephone.  I will assiduously renew efforts to contact opposing counsel after filing and will supplement the motion promptly with a statement certifying whether or to what extent the parties have resolved the issue(s) presented in the motion; but, do note that the Kingdom of Spain opposed Odyssey Marine's motion for leave to file a reply in support of its opposition to the Magistrate's Report.

WHEREFORE, the Claimants Whitlock and Durand request that the Court allow them to file a Reply not exceeding 10 pages on or before October 16, 2009, in support of their Objections to the Magistrate's Report.

| | |
|---|---|
| /s/ Guy E. Burnette, Jr. | /s/ Marlow V. White |
| Guy Ellington Burnette , Jr. | Marlow V. White |
| Florida Bar No. 236578 | Florida Bar No. 275417 |
| GUY E. BURNETTE, JR., P. A. | LEWIS & WHITE, P.L.C. |
| 3020 N Shannon Lakes Dr | P.O. Box 1050 |
| Tallahassee, Florida 32309 | Tallahassee, Florida 32302 |
| Vox: 850/668-7900 | Vox: (850) 425-5000 |
| Fax: 850/668-7972 | Fax:  (850) 425-5004 |
| Email: geb@gburnette.com | Email: mvw@lewisandwhite.com |
| ATTORNEYS FOR CLAIMANT | ATTORNEYS FOR CLAIMANT |
| DR. JAIME DURAND PALACIOS | ELSA D. WHITLOCK |

OF COUNSEL

William VanDercreek  
Texas Bar Member 20442000  
Email: wvcreek_tlh@msn.com  
9441 LBJ Freeway, Suite 350  
Dallas, Texas 75243  
Telephone: (214) 361-4005

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy hereof was electronically filed with the Clerk of the Court via the CM/ECF system on this 22nd day of September, 2009, we electronically filed this document with the Clerk of the Court by using the CM/ECF system which will generate and transmit Notices of Electronic Filing to all parties except Jose Antonio Rodriguez-Menendez, who is being served by United States Mail at 4611 South University Drive, Davie, FL 33328-3817, this same day.

/s/ Guy E. Burnette, Jr.  
Guy Ellington Burnette , Jr  
Florida Bar No. 236578

/s/ Marlow V. White  
Marlow V. White  
Florida Bar No. 275417