UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
IN ADMIRALTY

ODYSSEY MARINE EXPLORATION, INC.,

        Plaintiff,

        v.                                                                         Case No: 8:07-cv-614-T-23MAP

THE UNIDENTIFIED, SHIPWRECKED
VESSEL, if any, its apparel, tackle,
appurtenances and cargo located within a five
mile radius of the center point coordinates
provided to the Court under seal,

        Defendant;
        *in rem*

and

THE KINGDOM OF SPAIN *et al.*,

        Claimants.
_____/

**PLAINTIFF ODYSSEY MARINE EXPLORATION, INC.'S
MOTION FOR LEAVE TO FILE THE DECLARATION OF
J. ASHLEY ROACH, JAGC, USN (RET.), IN RESPONSE TO THE
STATEMENT OF INTEREST AND BRIEF OF THE UNITED STATES AS
AMICUS CURIAE IN SUPPORT OF THE KINGDOM OF SPAIN (DOC. 247)**

In accordance with the Court's September 18, 2009, Order (the "September 18th Order") (Doc. 244), on September 29, 2009, the Statement of Interest and Brief of the United States as Amicus Curiae in Support of the Kingdom of Spain was filed (the "U.S. Brief") (Doc. 247). Pursuant to Local Rule 3.01(c) and (d), plaintiff Odyssey Marine Exploration,

1

Inc. ("Odyssey), respectfully moves for leave to file the declaration of Captain J. Ashley Roach, JAGC, USN (Ret.), along with its response to the U.S. Brief.[1]

The U.S. Brief advocates a result in favor of Spain on Spain's motion to dismiss or, in the alternative, for summary judgment based on asserted lack of subjection matter jurisdiction. That position directly conflicts with the interests of Odyssey and of all other claimants in this case except Spain. Importantly, the position advocated in the U.S. Brief is directly inconsistent with positions previously adopted by the Executive Branch, including positions adopted with respect to statutes and international agreements discussed in the U.S. Brief and, more broadly, with respect to U.S. Naval operations. Those inconsistencies are the precise reason why Odyssey seeks to introduce in this matter Captain Roach's declaration. That declaration will rebut positions advocated in the U.S. Brief by highlighting the inconsistencies.[2]

As a member of the U.S. Navy and later the U.S. State Department, Captain Roach was primarily or substantially involved in drafting relevant statutes discussed in the U.S. Brief and in formulating official U.S. positions regarding the interpretation of those statutes and many of the international agreements cited in the U.S. Brief. Thus, Captain Roach is intimately familiar (and, in part, responsible for) the Executive Branch's position with respect to the formulation of statutes and international agreement for which the U.S. Brief now advocates a different interpretation.

---

[1]  The September 18th Order granted Odyssey leave to file a response to the U.S. Brief.

[2]  Odyssey identified the existence of this evidence in its response to the U.S.'s motion for leave to filed the U.S. Brief. (*See* Doc. 241 at 8 ("In its response, Odyssey would . . . offer evidence from a former member of the U.S. Department of State . . . .").)

Although the Court precluded the United States from filing declarations in support of its position because they would represent evidence not available to the Magistrate Judge for consideration prior to the Report and Recommendation (Doc. 244 at 2), the circumstances surrounding the introduction of Captain Roach's declaration are materially distinguishable. By targeting the positions of the United States, Captain Roach's declaration addresses positions which were not asserted until recently – well after the Report and Recommendation – and thus could not previously have been rebutted by Odyssey (including with evidence).

For these reasons, Odyssey respectfully requests leave to file the declaration of Captain Roach, which will not be more than 10 pages, at the time it files its response to the U.S. Brief.

## LOCAL RULE 3.01(G) CERTIFICATION

Odyssey has conferred with counsel for the United States and for Spain, and both the United States and Spain object to the relief requested in this motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 1, 2009, I electronically filed this document with the Clerk of the Court by using the CM/ECF system and that a true and correct copy was mailed to non-CM/ECF participant Joseph A. Rodriguez, *pro se*, 4611 South University Drive, Davie, FL 33328-3817.

Respectfully submitted,

s/ Gianluca Morello
Carl R. Nelson, FBN 0280186
cnelson@fowlerwhite.com
Gianluca Morello, FBN 034997
gianluca.morello@fowlerwhite.com
FOWLER WHITE BOGGS P.A.
501 E. Kennedy Blvd., Suite 1700
Tampa, FL 33602
Phone: (813) 228-7411
Fax No: (813) 229-8313

Melinda J. MacConnel, FBN 871151
mmacconnel@shipwreck.net
Odyssey Marine Exploration, Inc.
5215 West Laurel Street
Tampa, FL 33607
Phone: (813) 876-1776, ext. 2240
Fax No.: (813) 830-6609

Attorneys for Plaintiff Odyssey Marine Exploration, Inc.