UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
IN ADMIRALTY

ODYSSEY MARINE EXPLORATION, INC.,

    Plaintiff,

v.                                                    Case No. 8:07-cv-614-T-23MAP

THE UNIDENTIFIED, SHIPWRECKED
VESSEL, if any, its apparel, tackle,
appurtenances and cargo located within a five
mile radius of the center point coordinates
provided to the Court under seal,

    Defendant,
    *in rem*

and

THE KINGDOM OF SPAIN et. al.,

    Claimant.
_____/

### KINGDOM OF SPAIN OPPOSITION TO MOTION OF FORMER AND CURRENT MEMBERS OF CONGRESS FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF

The Kingdom of Spain ("Spain") hereby opposes the Motion of Former and Current Members of Congress For Leave To File Amicus Brief (Doc. 255) ("Motion").

In its Order of October 6, 2009 (Doc. 232), the Court ruled that "Absent extraordinary circumstance, no further paper will be received in response to the report and recommendation."

The Motion ignores that Order and seeks leave to make a filing in opposition to Spain's Response to Objections to the June 3, 2009 Report and Recommendation (Doc. 236) and the United States' Statement of Interest (Doc. 247). *See* Mot. at ¶¶ 2-3 (referring to "positions"

taken in Docs. 236 and 247). However, the Motion makes no showing, nor even an attempt at a showing, of what the Court's October 6, 2009 Order expressly requires.

The motion is also ill-founded for the same reasons that Spain respectfully presented in its Opposition to Odyssey's Motion For Leave to File Declaration In Support of Odyssey's Opposition To U.S. Statement of Interest (Doc. 251): submissions for litigation purposes purporting to present post-enactment views of individual members of Congress on how a Court should construe a statute are disfavored and are not to be relied on for purposes of statutory construction or determining Congress's intent, even if the proffer is by a drafter of the statute. *See Friedman v. U.S.*, 364 F. Supp. 484, 488 (D. Ga. 1973); *Epstein v. Resor*, 296 F. Supp. 214, 216 (D.C. Cal. 1969). The Motion seeks to do just that with respect to the Sunken Military Craft Act, but it provides no indication that the unnamed would-be *amici* even had any role in the drafting or passage of the Act. Congress acts as a body and the Motion's recitation that the unnamed proposed *amici* are "on record as being concerned about matters of homeland security, environmental protection and the preservation of this nation's maritime heritage" (Mot. at ¶ 2) does not constitute any extraordinary circumstance within the Court's October 6, 2009 Order.

The case the Motion cites, *Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363, 387 n.25 (2000), *aff'g* 181 F.3d 38 (1st Cir. 1999), is inapposite and provides no basis for this case to become a forum for a legislative debate. *See id.* at 363 ("[t]he issue is whether the Burma law of the Commonwealth of Massachusetts ... is invalid under the Supremacy Clause"). The Supreme Court in *Crosby* did not defer to individual members of Congress' post-enactment views with regard to any statute at issue in that case. Motion at 2. Rather, the *amicus* filing in *Crosby* that the Motion cites -- filed by then-current (not former) members of Congress -- concerned a different statute dealing with South African trade restrictions. In response, the Supreme Court

expressly stated it had "never ruled" on the South African trade statute, and it "d[id] not tell [it] much about the validity" of the Burma-related state law at issue in the case before the Court. *Crosby*, 530 U.S. at 388.

With its September 9, 2009 Opposition to the United States's Motion For Leave To File Statement & *Amicus Curiae* Brief (Doc. 240), moreover, Odyssey submitted a letter by four Members of Congress, making it clear that Odyssey has embarked on a lobbying campaign in response to the June 3, 2009 Report and Recommendation and the United States Government's application of the Sunken Military Craft Act. (10 U.S.C. § 113 note.) If Odyssey is right, and the United States and Spain are wrong about what the plain language of the Act means, or Congress decides that the Act it passed is not what it intended, Congress can amend that Act. But this Court has a case before it, and the responsibility and authority to review the June 3, 2009 Report and Recommendation and determine if the Objections that have been submitted have any merit. Any further argument Odyssey wishes to make to try to show such error can be presented in its reply to the United States and its response to Spain due on October 16, 2009.

Spain therefore submits that the motion should be denied.

Respectfully submitted on October 9, 2009,

s/ James A. Goold
James A. Goold
District of Columbia Bar #430315
Covington & Burling LLP
1201 Pennsylvania Ave. NW
Washington, DC  20004
Telephone: (202) 662-5507
Fax: (202) 662-6291
E-mail: jgoold@cov.com

David C. Banker
Florida Bar #352977
Bush Ross, PA
220 S. Franklin St.
Tampa, FL  33601-3913
Telephone: (813) 224-9255
Fax: (813) 223-9255
E-mail: dbanker@bushross.com

## CERTIFICATE OF SERVICE

I hereby certify that I caused the Kingdom of Spain Opposition Motion of Former and Current Members of Congress For Leave To File *Amicus Curiae* Brief to be served on all counsel of record by causing it to be filed with the Court's CM/EMF system which will send a notice of electronic filing to all counsel of record.

                                                s/ James A. Goold
                                                James A. Goold
District of Columbia Bar #430315
Covington & Burling LLP
1201 Pennsylvania Ave. NW
Washington, DC 20004
Telephone: (202) 662-5507
Fax: (202) 662-6291
E-mail: jgoold@cov.com

October 9, 2009