IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

*IN ADMIRALTY*

ODYSSEY MARINE EXPLORATION, INC.

      Plaintiff,                                CIVIL ACTION

v.

                                  Case No. 8:07-CV-00614-SDM-MAP

THE UNIDENTIFIED, SHIPWRECKED
VESSEL,

      Defendant,
      *In Rem*

And

The Kingdom of Spain and the Republic of Peru,

      Claimants;

And

Gonzalo de Aliaga (the Count of San Juan de Lurigancho), Agustin de Aliaga (the current Marques de Zelada de la Fuente), Gonzalo Alvarez del Villar, Ignacio de Colmenares (the 11th Count of Polentinos), Alberto Emilio Thiessen, Enriqueta Pita Duthurburu, Flora Leonor Perales Calderon de Colmenares, Felipe Voysest, Adela Armida de Izcue Bazo, Carola Daireaux Kinsky, Eleonora Daireaux Kinsky, Matilde Daireaux Kinsky, Julio Vega Erausquin, Inez Marquez Osorio, Javier de Goyeneche (the current Count of Guaqui and Marques de Villafuente), Juan Mariano de Goyeneche y Silvela (the current Marques of Casa Davila),

      Claimants.

Santiago de Alvear, et al.

      Claimants,
And

Elsa D. Whitlock f/k/a Elsa Dorca Ruiz,

      Claimant                    /

CLAIMANTS Gonzalo de Aliaga (the Count of San Juan de Lurigancho), Agustin de Aliaga (the current Marques de Zelada de la Fuente), Gonzalo Alvarez del Villar, Ignacio de Colmenares (the 11th Count of Polentinos), Alberto Emilio Thiessen, Enriqueta Pita Duthurburu, Flora Leonor Perales Calderon de Colmenares, Felipe Voysest, Adela Armida de Izcue Bazo, Carola Daireaux Kinsky, Eleonora Daireaux Kinsky, Matilde Daireaux Kinsky, Julio Vega Erausquin, Inez Marquez Osorio, Javier de Goyeneche (the current Count of Guaqui and Marques de Villafuente), Juan Mariano de Goyeneche y Silvela (the current Marques of Casa Davila), RESPONSE TO UNITED STATES' STATEMENT OF INTEREST AND AMICUS CURIAE BRIEF [D.E. 247]

The Claimants, Gonzalo de Aliaga (the Count of San Juan de Lurigancho), Agustin de Aliaga (the current Marques de Zelada de la Fuente), Gonzalo Alvarez del Villar, Ignacio de Colmenares (the 11th Count of Polentinos), Alberto Emilio Thiessen, Enriqueta Pita Duthurburu, Flora Leonor Perales Calderon de Colmenares, Felipe Voysest, Adela Armida de Izcue Bazo, Carola Daireaux Kinsky, Eleonora Daireaux Kinsky, Matilde Daireaux Kinsky, Julio Vega Erausquin, Inez Marquez Osorio, Javier de Goyeneche (the current Count of Guaqui and Marques de Villafuente), Juan Mariano de Goyeneche y Silvela (the current Marques of Casa Davila), (hereinafter Descendant Claimants) are the owners of the vast majority of the salvaged private cargo. Whether Spain or Peru owned the vessel is immaterial to the ownership of the private cargo. Approximately 25% of the cargo of gold and silver coins being transported from Montevideo, Uruguay to Cadiz, Spain has no bearing on whether the descendant claimants own their percentage of the commercial cargo.

A case remarkably on point with recent actions by the United States is China National Chemical Import Export Corp. v. M/V Lago Hualaihue, 504 F.Supp. 684 (D.C. MD. 1981). The issue, as here, was whether the sovereign owner of the vessel could claim immunity from jurisdiction of the United States Courts under the Foreign Sovereign Immunities Act 28 U.S.C. §1602. et. seq. The China Chemical case dealt

2

particularly with §1605(b), dealing with maritime claims against foreign states. In this case and in China Chemical, the foreign sovereign's (Chile and Spain) argue that the maritime liens asserted by the Plaintiffs were not . . . "based upon a commercial activity of a foreign state". . . within the meaning of that term as used in 28 USC §1605(b). i.d. at 686.

After going through the Legislative History of the 1976 FSIA as was done in the Descendant claimant's objection to Magistrate's Report and Recommendation [D.E.   }, the China Chemical court observed that:

> Today, when a foreign state wishes to assert immunity, it will often request the Department of State to make a formal suggestion of immunity to the Court. Although the State Department espouses the restrictive principle of immunity, the foreign state may attempt to bring diplomatic influences to bear upon the State Department's determination. A principal purpose of this bill is to transfer the determination of sovereign immunity from the executive branch to the judicial branch, thereby reducing the foreign policy implications of immunity determinations and assuring litigants that these often crucial decisions are made on purely legal grounds and under procedures that insure due process. The Department of State would be freed from pressures from foreign governments to recognize their immunity resulting from an unwillingness of the Department to support that immunity. As was brought out in the hearings on the bill, U.S. immunity practice would conform to the practice in virtually every other country where sovereign immunity decisions are made exclusively by the Courts and not by a foreign affairs agency. (emphasis supplied) i.d. 687.

Sounds familiar doesn't it? A partner in Covington & Burling LLP agrees to represent Spain after former Attorney General Janet Reno finds out she can't. See Sea Hunt, Inc. v. Unidentified Vessel or Vessels, 182 F.R.D. 206 (E.D. Va. 1998), 22 F. Supp 2d 521 (E.D. Va. 1998). A former partner of Covington Burling LLP, Attorney General, Eric Holder, now attempts to come to Spain's rescue! Diplomatic and political influences and foreign policy implications abound, but under the FSIA it is up this Court to make the sovereign

immunity determination, not a politically connected mega law firm that seems to control our foreign affairs agencies.

In both China Chemical and in this case, there was no good faith argument over the fact that the sovereign vessels were engaged in the carriage of goods at sea, "a regular course of commercial conduct" as that term is used in §1603(d), §1605(a) and §1605(b). i.d. at 688. In the present case, there can be no good faith argument by Spain that the commercial cargo or the women and children "belonged" to Spain. The commercial cargo belonged to the Aliaga's, the Colmenares', the Osorio's, the Goyeneche's and the Alvear's and the other owners of the private shipments.

The "commercial activity exception" to the FSIA was generated more litigation than any other aspect of the Act. The Legislative History of the Act shows that Congress considered it "unwise" to give "precise" standards in the Statute. The House Report clearly made the exceptions in §§1605-1607 ambiguous, placing a heavy burden on United States Courts by giving them "a great deal of latitude in determining what is a 'commercial activity' for purposes of this bill. It has seemed unwise to attempt an excessively precise definition of this term . . ." House Report, supra note 32, at 16, 1976 (U.S.C.C.A.N. at 6615. Explaining the "heavy burden" placed on the Courts, the Department of State explained:

> We realize that we probably could not draft legislation which would satisfactorily delineate that line of demarcation between commercial and governmental. We therefore thought it was the better part of valor to recognize our inability to do that definitively and to leave it to the courts with very modest guidance. Hearings on H.R. 11315 Before Subcomm. On Administrative Law and Governmental Relations of the House Committee on the Judiciary, 94th Cong., 2 Sess. 25 (1976) (Testimony of Monroe Leigh, Legal Adviser, Department of State).

What should be abundantly clear is that the shipment of gold and silver coins belonging to the individuals contracting for their transport to Cadiz, Spain was a commercial activity. The women and children being transported were private citizens unrelated to Captain and crew, again a purely commercial activity.

## CONCLUSION

BLACK'S LAW DICTIONARY, NINTH EDITION:

> *Jure Gestionis:* [Latin "by way of doing business"]. A nations acts that are essentially commercial or private, in contrast to its public or governmental acts. Under the Foreign Sovereign Immunities Act, a foreign country's immunity is limited to claims involving its public acts. The statutory immunity does not extend to claims arising from the private or commercial acts of a foreign state.

Considering all the legal, political, diplomatic and foreign policy ramifications of confirming sovereign ownership of what remains of the ship and awarding the percentage of the cargo of gold and silver coins that was <u>not</u> privately shipped is an outcome that the Descendant Claimants can live with and Spain will have to live with.

Dated this _____ day of October 2009.

Respectfully submitted,

HORAN, WALLACE & HIGGINS, LLP
608 Whitehead Street
Key West, Florida 33040
Telephone (305) 294-4585
Facsimile (305) 294-7822

*/s/ David Paul Horan*
DAVID PAUL HORAN
For the Firm
Fla. Bar No. 142474
E-Mail: dph@horan-wallace.com

5

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have electronically filed the foregoing document with the Clerk of the Court using CM/EDF. I further certify that the foregoing document was served on the _____ day of October 2009 on counsel of record in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing:

Jeffrey Andersen, Esq.
David Banker, Esq.
Keith Skorewicz, Esq.
Buss Ross, P.A.
P.O. Box 3913
Tampa, FL 33601-3913
Attorneys for Kingdom of Spain

James Goold, Esq.
Covington & Burling, LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-3913
Attorneys for Kingdom of Spain

K. Russell LaMotte, Esq.
Beveridge & Diamond, PC
1350 1st St. NW, Suite 700
Washington, DC 20005-3311
Attorneys for Odyssey Marine

Melinda J. MacConnell, Esq.
O'Brien Bower, P.A.
511 W. Bay St. Suite 330
Tampa, Fl 33606-3533
Attorneys for Odyssey Marine

Eric C. Thiel, Esq.
Allen K. von Spiegelfeld, Esq.
Banker Lopez Gassler, P.A.
501 E. Kennedy Blvd., Suite 1500
Tampa, FL 33602
Attorneys for Odyssey Marine

Mark Maney, Esq.
Maney Firm
711 Louisiana, Suite 3100
Houston, TX 77002-2711
Attorneys for Republic of Peru

Timothy Shusta, Esq.
Phelps Dunbar, LLP
100 S. Ashley Dr., Suite 1900
Tampa, FL 33602-5315
Attorneys for Republic of Peru

John McLaughlin, Esq.
Wagner, Vaughan & McLaughlin, PA
601 Bayshore Blvd., Suite 910
Tampa, FL 33606
Attorney for Claimants
Santiago de Alvear, et al.

Marlow V. White, Esq.
Lewis & White, PLC
P.O. Box 1050
Tallahassee, Florida 32302
Attorneys for Claimant Elsa D. Whitlock