FILED

09 NOV 20 AM 8:40

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN ADMIRALTY

ODYSSEY MARINE EXPLORATION, INC.

    Plaintiff                                                        CIVIL ACTION

vs.

                                                   Case No. 8:07-CV-00614-SDM-MAP

THE UNIDENTIFIED, SHIPWRECKED
VESSEL, its apparel, tackle
appurtenances and cargo located within
center point coordinates:
provided to the Court under seal,
in rem

    Defendant
    In Rem

And

The Kingdom of Spain and the Republic of Peru,

    Claimants

And

Named Descendants

    Claimants

*and* Jose Antonio Rodriguez Menendez aka Joseph Anthony Rodriguez

    Claimant                                                      /

<u>MOTION TO COMPEL KINGDOM OF SPAIN AND ITS LEGAL COUNSEL TO
SERVE JOSE ANTONIO RODRIGUEZ MENENDEZ ("MENENDEZ") WITH</u>

## PLEADINGS AND EXHIBITS AND PRAYER TO GRANT MENENDEZ OTHER RELIEF [opposed by Kingdom of Spain]

### SUMMARY

1. Kingdom of Spain consistently failed to provide Menendez with material pleadings in this case as required by Federal and Florida Rules of Civil Procedure and by Local Rules of U.S. District Court for the Middle District of Florida.

2. In Bad Faith, Kingdom of Spain's legal counsel failed to remedy this deficiency in a manner compliant with Federal and Florida Rules of Civil Procedure and with Local Rules of U.S. District Court for the Middle District of Florida once deficiency was called to the attention of legal counsel of Spain by Menendez.

3. Menendez's right to Procedural Due Process has been violated and Menendez was wronged by Kingdom of Spain and its legal counsel as a result of their violation of 42 USC section 1985.

4. Menendez motions this Court to compel Kingdom of Spain and its legal counsel to provide Menendez with service of all material pleadings as required and in the manner required by the afore-mentioned court rules. Menendez respectfully requests that this Court consider asserting *in personam* and *in rem* jurisdiction over Kingdom of Spain based upon said Bad Faith violations and upon this Court's Inherent Powers.

### FACTS

5. Menendez, a Pro Se/ unrepresented Claimant, entered this case on February 2, 2009 by filing document no. 175—a Verified Claim.

6. Kingdom of Spain has conducted five filings, consisting of one or more documents per filing, since February 2, 2009. Document nos. 236, 237, 243, 251, and 256.

7. Menendez's records indicate that Kingdom of Spain has never provided Menendez with service of pleadings nor any other documents filed by Spain.

8. Kingdom of Spain's certificates of service generally state:

   "...served on all counsel of record by causing it to be filed with the Court's CM/EMF system which will send a notice of electronic filing to all counsel of record."

9. Menendez is a Pro Se filer and has not been authorized by this Court to conduct CM/ECF filings. As a result, Menendez is not listed in this Court as an authorized electronic CM/EMF filer.

   Administrative Procedures for Electronic Filing in Civil and Criminal Cases
   III (C) Pro Se Filer:

   "Unless authorized to file electronically, a pro se filer shall file any pleading and other paper in paper format. The Clerk will scan and file these papers electronically and will also maintain a paper file of such documents. If authorized by the assigned Judge, a party proceeding pro se may file electronically. If authorized to file electronically, the pro se filer must follow these procedures...

   DONE AND ORDERED this 28th day of February, 2007.
   =Signed=
   Patricia C. Fawcett
   Chief United States District Judge"

   Consequently, Kingdom of Spain's electronic notices of filing never reached Menendez in the timely and simple manner that Kingdom of Spain serviced other parties and their legal counsel.

10. Menendez has provided this Court, Kingdom of Spain, and all other parties with service of paper pleadings and exhibits via Fedex carrier or U.S. Mail. On one occasion, service was also provided via facsimile *and* U.S. Mail.

11. This Court and other parties (except for Kingdom of Spain) have served orders, pleadings, and other documents on Menendez via U.S. Mail.

12. On November 15, 2009, Menendez transmitted an email to Kingdom of Spain's legal counsel. See exhibit 111A.

13. On November 16, 2009, Kingdom of Spain's legal counsel replied. See exhibit 112A.

14. Kingdom of Spain does not deny its failure to serve pleadings on Menendez yet it is Kingdom of Spain's punctuating statement which raises the greatest concern:

    "I therefore suggest you make use of these procedures and would object to your proposed motion."

    As a remedy, Kingdom of Spain's proposal appears to evade Federal and Florida Rules of Civil Procedure, Local Rules and a Local Administrative Order yet Kingdom of Spain and its legal counsel must obey Court rules and provide service of pleadings to *all* parties in this matter.

15. In *Barnes v. Dalton*, the U.S. 11th Circuit Court of Appeals might interpret Kingdom of Spain's email proposal as an example of "Bad Faith" (*Sammy D. BARNES, et tal. v. John H. DALTON, et tal.*, case No. 97-3140):

    "The district court granted summary judgment for the defendant on both the plaintiffs' individual and class claims. Following the entry of judgment for the defendant, he moved to sanction plaintiffs' counsel, Mark Evan Frederick and Sadie Stewart, under 28 U.S.C. section 1927 and the court's inherent power... The court noted that it was not clear whether it could award expert witness fees as a sanction under 28 U.S.C. section 1927, but that it could do so under its inherent power if plaintiffs' counsel had acted in bad faith. The court found that the following constituted bad faith conduct:

    ...(2) the repeated failure to perfect service upon the defendant coupled with the filing and pursuit of a motion for default in spite of the knowledge that service had not been perfected;
    (3) repeatedly filing a complaint which did not comply with local rule 23.1;..."

We review a district court's decision to impose sanctions under its inherent power for an abuse of discretion. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 55, 111 S.Ct. 2123, 2138, 115 L.Ed.2d 27 (1991). The key to unlocking a court's inherent power is a finding of bad faith. *See In re Mroz*, 65 F.3d 1567, 1575 (11th Cir.1995). '... A party also demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order.' *Primus Automotive Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir.1997)...
Our review of the record convinces us that Frederick handled this case in an unprofessional manner. It is clear that throughout his involvement in this case, Frederick frequently failed to follow the local and federal rules." [Excerpts selected by Menendez]

16. This Bad Faith on the part of Kingdom of Spain and its legal counsel is unwarranted because Menendez has made an earnest effort to comply with his obligation to provide service of pleadings to Kingdom of Spain and to treat Kingdom of Spain and its legal counsel with the respect and courtesy that they merit.

## RULES/ORDERS

17. USMDFL Administrative Order:

    See #9, above, under "Facts".

18. Local Rules for U.S. District Court for the Middle District of Florida:

    RULE 1.07 PREPARATION, SERVICE AND RETURN OF PROCESS; SERVICE OF PLEADINGS SUBSEQUENT TO ORIGINAL COMPLAINT

    (c) Service of a pleading or paper subsequent to the original complaint may be made by transmitting it by facsimile to the attorney's or party's office with a cover sheet containing the sender's name, firm, address, telephone number, and facsimile number, and the number of pages transmitted. When service is made by facsimile, a copy shall also be served by any other method.

19. Federal Rules of Civil Procedure:

    Rule 5. Serving and Filing Pleadings and Other Papers

    (a) SERVICE: WHEN REQUIRED.

*In General.* Unless these rules provide otherwise, each of the following papers must be served on every party:

an order stating that service is required;
a pleading filed after the original complaint, unless the court orders otherwise under Rule 5(c) because there are numerous defendants;
a discovery paper required to be served on a party, unless the court orders otherwise;
a written motion, except one that may be heard ex parte; and
a written notice, appearance, demand, or offer of judgment, or any similar paper.

(b) SERVICE: HOW MADE.

*Service in General.* A paper is served under this rule by:

handing it to the person;
leaving it:
at the person's office with a clerk or other person in charge or, if no one is in charge, in a conspicuous place in the office; or
if the person has no office or the office is closed, at the person's dwelling or usual place of abode with someone of suitable age and discretion who resides there;
mailing it to the person's last known address — in which event service is complete upon mailing;
leaving it with the court clerk if the person has no known address;
sending it by electronic means if the person consented in writing — in which event service is complete upon transmission, but is not effective if the serving party learns that it did not reach the person to be served; or
delivering it by any other means that the person consented to in writing — in which event service is complete when the person making service delivers it to the agency designated to make delivery.

*Using Court Facilities.* If a local rule so authorizes, a party may use the court's transmission facilities to make service under Rule 5(b)(2)(E).

20. Florida Rules of Civil Procedure:

RULE 1.080. SERVICE OF PLEADINGS AND PAPERS

Service; When Required. Unless the court otherwise orders, every pleading subsequent to the initial pleading and every other paper filed in the action, except applications for witness subpoena, shall be served on each party. No service need be made on parties against whom a default has been entered, except that pleadings asserting new or additional claims against them shall be served in the manner provided for service of summons.

Service; How Made. When service is required or permitted to be made upon a party represented by an attorney, service shall be made upon the attorney unless service upon the party is ordered by the court. Service on the attorney or party shall be made by delivering a copy or mailing it to the attorney or the party at the last known address or, if no address is known, by leaving it with the clerk of the court. Service by mail shall be complete upon mailing. Delivery of a copy within this rule shall be complete upon: (1) handing it to the attorney or to the party, (2) leaving it at the attorney's or party's office with a clerk or other person in charge thereof, (3) if there is no one in charge, leaving it in a conspicuous place therein, (4) if the office is closed or the person to be served has no office, leaving it at the person's usual place of abode with some person of his or her family above 15 years of age and informing such person of the contents, or (5) transmitting it by facsimile to the attorney's or party's office with a cover sheet containing the sender's name, firm, address, telephone number, and facsimile number, and the number of pages transmitted. When service is made by facsimile, a copy shall also be served by any other method permitted by this rule. Facsimile service occurs when transmission is complete. Service by delivery after 5:00 p.m. shall be deemed to have been made on the next day that is not a Saturday, Sunday, or legal holiday.
(g) Service by Clerk. If a party who is not represented by an attorney files a paper that does not

show service of a copy on other parties, the clerk shall serve a copy of it on other parties as provided in subdivision (b).

21. Florida Bar Ethics Code

    4 RULES OF PROFESSIONAL CONDUCT
    4-4 TRANSACTIONS WITH PERSONS OTHER THAN CLIENTS
    RULE 4-4.4 RESPECT FOR RIGHTS OF THIRD PERSONS

    (a) In representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person or knowingly use methods of obtaining evidence that violate the legal rights of such a person.

22. Kingdom of Spain and its legal counsel, an Officer-of-the-Court, have violated Menendez's Procedural Due Process rights which are normally safeguarded by strict compliance with court rules.

    TITLE 42 § 1985. Conspiracy to interfere with civil rights

    (2) Obstructing justice;

    ...if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;

    (3) Depriving persons of rights or privileges

    If two or more persons in any State or Territory conspire...for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or persons within such State or Territory the equal protection of the laws; ...in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

23. Federal Rule of Civil Procedure:

Rule 41. Dismissal of Actions

(b) Involuntary Dismissal; Effect.
If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule — except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 — operates as an adjudication on the merits.

Yet, Kingdom of Spain is not a "Plaintiff" and Menendez does *not* seek involuntary dismissal, i.e. a *terminal sanction*, of this matter. Instead, Menendez seeks *in personam* jurisdiction (based on his ancestral contract with Felipe II, King of Spain) and *in rem* jurisdiction (based on the maritime lien character of said contract) over the Kingdom of Spain.

24. *Sanford J. Strauss v. Rite Aid Corp.*, 8 U.S.C. §1324b Proceeding;

   OCAHO Case No. 94B00130:

   "C. Complainant's Failure to Serve Documents on the Opposing Party

   Notwithstanding Complainant's failure to meet IRCA's statute of limitations requirement, I would dismiss his claim for continuously failing to certify service of filings upon Respondent in the face of repeated judicial warnings regarding the consequences of said failure. OCAHO rules of procedure require that all pleadings 'delivered or mailed for filing to the Administrative Law Judge assigned to the case . . . shall be accompanied by a certification indicating service to all parties of record.' 28 C.F.R. § 68.6(a).
   Three of my previous orders in this case have cautioned the parties that any filing not containing a truthful certification of service upon the opposing party will be rejected and possibly deemed a basis for a judgment by default for failure to adhere to the order of the judge. Despite repeated warnings, Complainant failed to certify service of any of his pleadings. Therefore, were this complaint not untimely, I would enter a default judgment in favor of Respondent due to Complainant's failure to adhere to my previous admonishments. See *Brooks v. Watts Window World*, 3 OCAHO 570, at 3 (1993)...

   **SO ORDERED.** Dated and entered this 19th day of December, 1994.
   MARVIN H. MORSE;Administrative Law Judge"

## Conclusion

25. Menendez respectfully motions this Court to compel Kingdom of Spain and its legal counsel to provide Menendez with service of all material pleadings as required and in the manner required by the afore-mentioned court rules.

26. Menendez prays that this Court establish *in personam* and *in rem* jurisdiction over Kingdom of Spain based upon Kingdom of Spain's Bad Faith violations and upon this Court's Inherent Powers.

## Certificate of Conferring with Other Parties

Pursuant to Local Rule of the U.S. District Court for the Middle District of Florida, Menendez proposed this Motion to Compel to legal counsel of other parties. Only the Kingdom of Spain objected.

## Certificate of Service

I hereby certify, on November 19, 2009, that I caused the attached documents to be served upon the Court:

    Clerk of Court
    Sam M. Gibbons U.S. Courthouse
    801 N. Florida Avenue
    Tampa, FL  33602

and upon attorneys of record for the parties listed below, by Fedex Carrier to:

| | | |
|---|---|---|
| Allen von Spiegelfeld/ | | |
| Eric C. Thiel/Carl Richard Nelson | | |
| Fowler, White, Boggs, Banker, P.A. | AND | James A. Goold, Esq. |
| 501 E. Kennedy Blvd.- Ste. 1700 | | Covington & Burling, LLP |
| P.O. Box 1438 | | 1201 Pennsylvania Avenue, NW |
| Tampa, FL  33601-1438 | | Washington, D.C.  20004 |
| Fax: (813) 229-8313 | | Fax: (202) 662-6291 |
| | | Email: jgoold@cov.com |
| Attorneys for Plaintiff (Odyssey Marine) | | Attorneys for Kingdom of Spain |

Melinda J. MacConnel—FBN 871151
Odyssey Marine Exploration, Inc.
5215 West Laurel Street
Tampa, FL 33607
(813) 876-1776, ext. 2240
Fax: (813) 830-6609
Email: mmacconnel@shipwreck.net

Attorneys for Plaintiff

Gianluca Morello, Esq.
Wiand Guerra King, PL
3000 Bayport Drive
Suite 600
Tampa, FL 33607
(813) 347-5100
Fax (813) 347-5155

Attorneys for Plaintiff

John D. Kimball, Esq.
Blank Rome LLP
405 Lexington Avenue
New York, NY 10174
(212) 885-5259
Fax: (917) 332-3730
Email: jkimball@blankrome.com

Attorneys for Plaintiff

K. Russell LaMotte
Beveridge & Diamond, PC
Suite 700
1350 1 St. NW
Washington, DC 20005-3311
Tel. (202) 789-6080
Fax (202) 789-6190
Email: rlamotte@bdlaw.com

Attorneys for Plaintiff

> David C. Banker/
> Jeffrey Carter Andersen/
> Keith Dennis Skorewicz
> Florida Bar 352977

Bush Ross, PA  
1801 North Highland Avenue  
Tampa, Florida 33602-2656  
(813) 244-9255  
(813) 223-9620  
Kingdom of Spain

Mark Maney (Trial Counsel)  
Texas State Bar No. 12898200  
South Tower, Pennzoil Place  
711 Louisiana, Suite 3100  
Houston, Texas 77002  
Tel (713) 654-8001  
Fax (713) 654-8818  
mmaney@maneylaw.com  
Attorneys for the Republic of Peru

And

Timothy P. Shusta  
FBN: 442305  
Phelps Dunbar LLP  
100 S. Ashley Drive  
Suite 1900  
Tampa, FL 33602-5315  
Tel. (813) 472-7550  
Fax (813) 472-7570  
Shustat@phelps.com  
Attorneys for the Republic of Peru

Marlowe V. White, Jr.  
Lewis & White, PLC  
222W. Georgia St.  
P.O. Box 1050 Tallahassee, FL 32302  
Tel. (850) 425-5000  
Fax (850) 425-5004  
Email: lawlaw@polaris.net  
Attorney of Elsa Dorca Whitlock

David Paul Horan  
FL Bar 142474  
Horan, Wallace, and Higgins, LLP  
608 Whitehead Street  
Key West, FL 33040  
Tel. (305) 294-4585  
Fax (305) 294-7822  
Attorney of Named Descendants

John J. McLaughlin
Wagner, Vaughan & McLaughlin, P.A.
601 Bayshore Blvd., Suite 910
Tampa, FL 33606
Tel. (813) 225-4000
Fax (813) 225-4010
Attorney of Santiago & Emilio Alvear,
Maria Eugenia, Agustina, & Ignacio Solveyra,
And Elsa Dorca Whitlock

Guy Ellington Burnette, Jr.
Guy E. Burnette, Jr., P.A.
3020 N. Shannon Lakes DR
Tallahassee, FL 32309
Tel. (850) 668-7900
Fax (850) 668-7972
Email: geb@gburnette.com
Attorney of Dr. Jaime Durand Palacios

U.S. Department of Justice
Attn: Barbara B. O'Malley
1425 New York Ave., NW
Washington, DC 20044
(202) 616-4081
Fax (202) 616-4159
Barbara.o'malley@usdoj.gov
Attorneys for United States of
America

R. Jeffrey Stull, Esq.
606 South Boulevard
Tampa, FL 33606
(813) 251-3914
Fax (813) 251-3914
jeff@stullpa.com
Attorney for Present and Past
U.S. Congressmen

Respectfully submitted,

_____
Joseph A. Rodriguez

aka
Jose Antonio Rodriguez Menendez
Pro Se/ Unrepresented Party

4611 South University Drive
Davie, FL 33328-3817
Tel. (954) 804-4115
Email: Expertdoctor@aol.com